1

HONORABLE BARBARA J. ROTHSTEIN

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| MARLI BROWN and LACEY SMITH, | Case No. 2:22-cv-00668-BJR |
| Plaintiffs, | DEFENDANT ALASKA AIRLINES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT |
| v. | |
| ALASKA AIRLINES, INC., and ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO, | |
| Defendants. | |

9

10

11

12

13

14

15

16    NOW COME Defendant Alaska Airlines, Inc. ("Alaska" or "Defendant"), by and through

17   their attorneys, Seyfarth Shaw LLP, answer Plaintiff's Complaint and set forth Affirmative

18   Defenses as follows:

19                                    **INTRODUCTION**

20   **COMPLAINT ¶1:**

21          Plaintiffs Marli Brown and Lacey Smith were exemplary flight attendants for Alaska

22   Airlines.  Yet when their faith compelled them independently to ask a question about the

23   Airline's support for federal legislation that would remove protections for religious employees

24   and women in the workplace, Alaska Airlines fired them.  To make matters worse, their Union

25   not only failed to vigorously represent and defend Marti and Lacey against the Airline's religious

26

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

discrimination but also discriminated against them because of their religious beliefs and actively undermined their ability to assert their federal and state protections against such discrimination.

**ANSWER TO ¶1:** Alaska denies that Plaintiffs were exemplary flight attendants. The remaining allegations in Paragraph 1 state Plaintiffs' characterization of the action and legal conclusions, to which no response is required. To the extent a response is required, Alaska denies the remaining allegations in Paragraph 1.

**COMPLAINT ¶2:**

On February 25, 2021, Alaska Airlines posted an article about its support for the Equality Act to an internal employee message board and solicited employee comments. The Equality Act is proposed legislation that would add "sexual orientation and gender identity" as protected classes to a variety of federal statutes and would curtail the applicability of the Religious Freedom Restoration Act.

**ANSWER TO ¶2:** Alaska admits on February 25, 2021 it posted an article about its support for the Equality Act on the Company's intranet. Alaska denies that the post solicited employee comments. The remaining allegations in Paragraph 2 state Plaintiffs' characterization of the action and legal conclusions, to which no response is required. To the extent a response is required, Alaska denies the remaining allegations in Paragraph 2.

**COMPLAINT ¶3:**

In response, Marli and Lacey felt compelled by their Christian faith to post one comment each, asking about the impact of the Equality Act on civil rights for religion and women in the workplace.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 2

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶3:** Alaska admits Plaintiffs posted one comment each in response. Alaska lacks

2   knowledge and information sufficient to admit or deny that Plaintiffs "felt compelled by their

3   Christian beliefs," and therefore denies this allegation. Alaska denies the remaining allegations in

4   Paragraph 3.

5

6   **COMPLAINT ¶4:**

7        Alaska Airlines responded to Marli and Lacey's posts by immediately removing Marli

8   and Lacey from their flight schedules, terminating their employment, and disparaging their

9   religious expression and beliefs as "discriminatory," "hateful," and "offensive."

10   **ANSWER TO ¶4:** Alaska admits it removed Plaintiffs from their flight schedules and

11   eventually terminated them. Alaska further admits that Plaintiffs' comments in response to

12   Alaska's support of the Equality Act were discriminatory, hateful, and offensive. Alaska denies

13   the remaining allegations in Paragraph 4.

14

15   **COMPLAINT ¶5:**

16        When Marli and Lacey—both union members-faced termination because of their

17   religious practices and beliefs, AFA failed to effectively represent them, ignoring civil rights

18   laws prohibiting both employers and unions from discriminating on the basis of religion.

19   **ANSWER TO ¶5:** Alaska admits Plaintiffs were both union members. Alaska further admits

20   that Plaintiffs were terminated. Alaska lacks knowledge and information sufficient to form a

21   belief about the truth of the remaining allegations contained in Paragraph 5 and on that basis

22   denies those allegations.

23

24   **COMPLAINT ¶6:**

25        Alaska Airlines' treatment of Marli and Lacey and its various public statements show that

26   it does not tolerate employees who hold biblically-based, traditional religious beliefs on issues of

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 3

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  sexual morality.  Countless people of faith consider gender identity and sexual orientation to be

2  moral issues and the Supreme Court recognized that many people of faith hold beliefs about

3  gender identity and sexual orientation "based on decent and honorable religious or philosophical

4  premises," *Obergefell v. Hodges*, 576 U.S. 644, 672 (2015), yet according to the Airline,

5  "Defining gender identity or sexual orientation as a moral issue" is "a discriminatory statement"

6  that justifies termination.

7  **ANSWER TO ¶6:**  Allegations in Paragraph 6 purport to recite a portion of *Obergefell v.*

8  *Hodges*, which speaks for itself. To the extent that these allegations are inconsistent with or

9  mischaracterize the law, they are denied. The remaining allegations in Paragraph 6 asserts legal

10  conclusions and arguments, to which no response is required. To the extent a response is

11  required, Alaska denies the remaining allegations in Paragraph 6.

12

13  **COMPLAINT ¶7:**

14      A corporation and employee union may actively promote and support social and political

15  causes, but in doing so they may not discriminate against employees who are members of a

16  federally protected class.  To put a finer point on it, federal law prohibits corporations like

17  Alaska Airlines and unions like the AFA from discriminating against employees because of their

18  religion, which includes all aspects of religious observance and practice, as well as belief.

19  **ANSWER TO ¶7:** The allegations in Paragraph 7 asserts legal conclusions and arguments, to

20  which no response is required. To the extent a response is required, Alaska denies the allegations

21  in Paragraph 7. Alaska lacks knowledge and information sufficient to form a belief about the

22  truth of the allegations related to the AFA contained in Paragraph 7 and on that basis denies

23  those allegations.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 4

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶8:**

2  Despite Alaska Airlines' claimed commitment to an inclusive culture and its frequent

3  invitations to employees to dialogue and express a diversity of perspectives, Alaska Airlines

4  created a work environment that is hostile toward religion, and AFA reinforced that company

5  culture.  Alaska Airlines and AFA cannot wield their social advocacy as a sword to unlawfully

6  discriminate against religious employees and instead must remain mindful of their legal

7  obligation to "do the right thing" towards all employees, including religious employees.  The

8  Court must hold Alaska Airlines and the AFA accountable for their discrimination.

9  **ANSWER TO ¶8:**  The allegations in Paragraph 8 assert legal conclusions and arguments, to

10  which no response is required. To the extent a response is required, Alaska denies the allegations

11  in Paragraph 8. Alaska lacks knowledge and information sufficient to form a belief about the

12  truth of the allegations related to the AFA contained in Paragraph 8 and on that basis denies

13  those allegations.

14

15  **JURISDICTION AND VENUE**

16  **COMPLAINT ¶9:**

17  This civil rights action raises federal claims under Section 706(f)(1) and (3) and (g) of

18  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) and (g), and state

19  claims under Washington's Law Against Discrimination, Wash. Rev. Code Ch. 49.60 and

20  Oregon's Unlawful Discrimination in Employment provisions, Or. Rev. Stat. § 659A.030.

21  **ANSWER TO ¶9:** The allegations in Paragraph 9 assert legal conclusions to which no response

22  is required. To the extent a response is required, Alaska admits that Plaintiffs purport to bring

23  this lawsuit alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-

24  5(f)(1) and (3) and (g), and state claims under the Washington Law Against Discrimination and

25  Oregon's Unlawful Discrimination in Employment provision.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 5

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**COMPLAINT ¶10:**

The Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

**ANSWER TO ¶10:**  The allegations in Paragraph 10 assert legal conclusions to which no response is required. To the extent a response is required, Alaska admits that, for the purposes of this action, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

**COMPLAINT ¶11:**

The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER TO ¶11:** The allegations in Paragraph 11 assert legal conclusions to which no response is required. To the extent a response is required, Alaska admits that, for the purposes of this action only, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

**COMPLAINT ¶12:**

The Court has authority to award the requested monetary relief pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 2000e-5(g); the requested equitable relief pursuant to 28 U.S.C. §§ 2001-02 and 42 U.S.C. § 2000e-5(g); and costs and attorneys' fees under 42 U.S.C. § 2000e-5(k).

**ANSWER TO ¶12:** Alaska admits the allegations in Paragraph 12, but denies that Plaintiffs are entitled to any relief, costs, and attorneys' fees whatsoever.

**COMPLAINT ¶13:**

The Court also may award monetary and equitable relief and attorneys' fees pursuant to Wash. Rev. Code § 49.60.030(2) and Or. Rev. Stat. § 659A.885.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 6

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶13:** Alaska admits the allegations in Paragraph 13, but denies that Plaintiffs are entitled to any award of monetary and equitable relief and attorneys' fees whatsoever.

**COMPLAINT ¶14:**

Venue lies in this district under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Defendants reside in this district, Alaska Airlines has its principal office in this district, and the unlawful employment practices alleged herein occurred in the district.

**ANSWER TO ¶14:** The allegations in Paragraph 14 assert a legal conclusion to which no response is required. To the extent a response is required, Alaska admits it resides and has its principal offices in Western District of Washington. Alaska affirmatively admits that Western District of Washington at Seattle is the proper venue to resolve the claims arising out of the actions and omissions alleged in the Complaint. Alaska denies the remaining allegations in Paragraph 14.

**COMPLAINT ¶15:**

Plaintiffs filed charges with the Equal Employment Opportunity Commission ("EEOC") and received Notices of Right to Sue dated March 11, 2022.  This complaint is filed within 90 days of receipt of said notices.  *See* Ex. 1, Marli's Notice of Right to Sue Alaska Airlines; Ex. 2, Marli's Notice of Right to Sue AFA; Ex. 3, Lacey's Notice of Right to Sue Alaska Airlines; Ex. 4, Lacey's Notice of Right to Sue AFA.

**ANSWER TO ¶15:** The allegations in Paragraph 15 purport to recite a written document - portions of Plaintiffs' Notice of Right to Sue issued by the EEOC - which speaks for itself and is the best evidence of its contents. To the extent that these allegations are inconsistent with or mischaracterize the document, they are denied.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 7

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶16:**

2

Plaintiff Marli Brown filed her charges with the EEOC and the Washington State Human

3

Rights Commission.  *See* Ex. 5, Marli's Notification & Acknowledgement of Dual-Filed Charge

4

against Alaska Airlines; Ex. 6, Marli's Notification & Acknowledgement of Dual-Filed Charge

5

against AFA.

6

**ANSWER TO ¶16:** The allegations in Paragraph 16 purport to recite the content of Plaintiff

7

Brown's Charge of Discrimination filed with the EEOC and the Washington State Human Rights

8

Commission, which speaks for itself. To the extent that these allegations are inconsistent with or

9

mischaracterize the document, they are denied.

10

**COMPLAINT ¶17:**

11

Plaintiff Lacey Smith filed her charges with the EEOC and the Washington State Human

12

Rights Commission.  *See* Ex. 7, Lacey's Notification & Acknowledgement of Dual-Filed Charge

13

against Alaska Airlines; Ex. 8, Lacey's Notification & Acknowledgement of Dual-Filed Charge

14

against AFA.

15

**ANSWER TO ¶17:** The allegations in Paragraph 17 purport to recite the content of Plaintiff

16

Smith's Charge of Discrimination filed with the EEOC and the Washington State Human Rights

17

Commission, which speak for themselves. To the extent that these allegations are inconsistent

18

with or mischaracterize the document, they are denied.

19

20

**PARTIES**

21

**COMPLAINT ¶18:**

22

Plaintiff Marti Brown is a Christian female who worked as a flight attendant for Alaska

23

Airlines and was a member of AFA.  Marli was at all times material to this action a resident of

24

King County, Washington.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 8

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶18:** Alaska admits Plaintiff Brown worked as a flight attendant for Alaska.

2   Alaska further admits, based on information and belief, that Plaintiff Brown resides in King

3   County, Washington. Alaska admits Plaintiff Brown is a union member of the AFA.  Alaska

4   lacks knowledge and information sufficient to form a belief about the truth of whether Plaintiff

5   Brown is a Christian and on that basis denies that allegation.

6

7   **COMPLAINT ¶19:**

8       Plaintiff Lacey Smith is a Christian female who worked as a flight attendant for Alaska

9   Airlines and was a member of AFA.  Lacey was at all times material to this action a resident of

10  Multnomah County, Oregon.

11  **ANSWER TO ¶19:** Alaska admits Plaintiff Smith worked as a flight attendant for Alaska.

12  Alaska admits Plaintiff Smith was a union member of the AFA. Alaska further admits, based on

13  information and belief, that Plaintiff Smith resides in Multnomah County, Oregon. Alaska lacks

14  knowledge and information sufficient to form a belief about the truth of whether Plaintiff Smith

15  is a Christian and on that basis denies that allegation.

16

17  **COMPLAINT ¶20:**

18      Defendant Alaska Airlines, Inc. is a subsidiary of Alaska Air Group, Inc., a Delaware

19  corporation with its principal place of business in Seattle, Washington.  Alaska Airlines

20  maintains its corporate headquarters at 19300 International Blvd., Seattle, WA 98188.

21  **ANSWER TO ¶20:** Alaska admits the allegations in Paragraph 20.

22

23  **COMPLAINT ¶21:**

24      At all relevant times, Defendant Alaska Airlines has continuously been an employer

25  engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42

26  U.S.C. § 2000e-(b), (g), and (h).

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 9

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶21:** The allegations in Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Alaska admits the allegations in Paragraph 21.

**COMPLAINT ¶22:**

Alaska Airlines is an employer under Wash. Rev. Code § 49.60.040(11).

**ANSWER TO ¶22:** The allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, Alaska admits the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Alaska Airlines is an employer under Or. Rev. Stat. § 659A.001(4)(a).

**ANSWER TO ¶23:** The allegations in Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Alaska admits the allegations in Paragraph 23.

**COMPLAINT ¶24:**

At all relevant times, Alaska Airlines had more than 500 employees.

**ANSWER TO ¶24:** Alaska admits the allegations in Paragraph 24.

**COMPLAINT ¶25:**

Defendant AFA is a labor organization located at 501 3rd Street NW, Washington, DC 20001.

**ANSWER TO ¶25:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 and on that basis denies those allegations.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 10

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

**COMPLAINT ¶26:**

At all relevant times, Defendant AFA has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 701(d), (e), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(d), (e), (g), and (h).

**ANSWER TO ¶26:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and on that basis denies those allegations.

**COMPLAINT ¶27:**

Under the Railway Labor Act, AFA is the certified representative for the purpose of collective bargaining of Alaska Airlines' flight attendants.

**ANSWER TO ¶27:** The allegations in Paragraph 27 assert a legal conclusion to which no response is required. To the extent a response is required, Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 and on that basis denies those allegations.

**COMPLAINT ¶28:**

At all relevant times, AFA has had more than 15 members.

**ANSWER TO ¶28:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 and on that basis denies those allegations.

**COMPLAINT ¶29:**

AFA is a labor organization subject to Washington's Law Against Discrimination because it "exists for the purpose, in whole or in part, of dealing with employers concerning grievances or terms or conditions of employment, or for other mutual aid or protection in connection with employment."  Wash. Rev. Code § 49.60.040(16).

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 11

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1 **ANSWER TO ¶29:** The allegations in Paragraph 29 assert a legal conclusion to which no

2 response is required. To the extent a response is required, Alaska lacks knowledge and

3 information sufficient to form a belief about the truth of the allegations contained in Paragraph

4 29 and on that basis denies those allegations.

5

6 **COMPLAINT ¶30:**

7      AFA is a labor organization under Or. Rev. Stat. § 659A.001(7) because it is an

8 "organization which is constituted for the purpose, in whole or in part, of collective bargaining or

9 in dealing with employers concerning grievances, terms or conditions of employment or of other

10 mutual aid or protection in connection with employees."

11 **ANSWER TO ¶30:** The allegations in Paragraph 30 assert a legal conclusion to which no

12 response is required. To the extent a response is required, Alaska lacks knowledge and

13 information sufficient to form a belief about the truth of the allegations contained in Paragraph

14 30 and on that basis denies those allegations.

15

16 **COMPLAINT ¶31:**

17      AFA has members at nineteen different airlines.  Within each airline, the union has a

18 Master Executive Council ("MEC"), made up of Local Executive Councils ("LECs").  The MEC

19 is responsible for coordinating the activities of AFA across an entire airline.

20 **ANSWER TO ¶31:** Alaska lacks knowledge and information sufficient to form a belief about

21 the truth of the allegations contained in Paragraph 31 and on that basis denies those allegations.

22

23 **COMPLAINT ¶32:**

24      The AFA council to which Alaska Airlines flight attendants belong is known as "AFA

25 Alaska."  AFA Alaska includes LECs at Alaska Airlines' hubs in Seattle and Portland, as well as

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 12

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  four other Alaska Airlines hubs.  Each LEC President sits on the AFA Alaska MEC as the voting

2  member for the members of the Local Council that they represent.

3  **ANSWER TO ¶32:** Alaska lacks knowledge and information sufficient to form a belief about

4  the truth of the allegations contained in Paragraph 32 and on that basis denies those allegations.

5

6  **COMPLAINT ¶33:**

7       AFA Alaska is the local or subordinate body through which flight attendants at Alaska

8  Airlines may enjoy membership or become affiliated with AFA within the meaning of 42 U.S.C.

9  § 2000e-(e)(4)(2).

10  **ANSWER TO ¶33:** Alaska lacks knowledge and information sufficient to form a belief about

11  the truth of the allegations contained in Paragraph 33 and on that basis denies those allegations.

12

13  **COMPLAINT ¶34:**

14       The Master Executive Council for AFA Alaska maintains its office at 18000 International

15  Blvd., Seattle, WA 98188.

16  **ANSWER TO ¶34:** Alaska lacks knowledge and information sufficient to form a belief about

17  the truth of the allegations contained in Paragraph 34 and on that basis denies those allegations.

18

19                    **FACTUAL BACKGROUND**

20       **Alaska Airlines' History and Culture**

21  **COMPLAINT ¶35:**

22       Alaska Airlines had a long history of respect and tolerance for diverse religious beliefs

23  among its employees and customers.

24  **ANSWER TO ¶35:** Alaska affirmatively admits it continues to have a long history of respect

25  and tolerance for diverse religious beliefs among its employees and customers.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 13

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**COMPLAINT ¶36:**

In 1949 and 1950, Alaska Airlines' crews flew more than 430 flights from Aden, Yemen to Tel Aviv, airlifting more than 49,000 Yemenite Jews to the new nation of Israel.[1]

**ANSWER TO ¶36:**  Alaska acknowledges that it did conduct flights generally described in Paragraph 36, but notes that contents of the cited websites reference to the allegations in this paragraph are unavailable for viewing and therefore lacks knowledge and information sufficient to admit or deny and on that basis denies the allegations herein.

**COMPLAINT ¶37:**

For many years, the Airline placed "prayer cards" on passengers' meal trays.  Each card contained a picturesque landscape and a quote from a psalm in the Old Testament.  Alaska Airlines was known for these comforting prayer cards, and flight attendants frequently heard passengers' appreciation of the cards.[2]

**ANSWER TO ¶37:** Alaska admits that it in past years it placed "prayer cards" in its aircraft. Alaska cannot verify the content of the linked webpages because the links are broken, and therefore denies any allegations pertaining to these webpages.  Alaska denies all remaining allegations in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Alaska Airlines' practice of providing prayer cards ended in in 2012.

---

[1] Alaska Airlines, Inc., "Operation Magic Carpet," *available at* https://www.alaskaair.com/content/about-us/historvimagic-carpet; Caitlin Goettler, "From the archives: How Alaska Airlines evacuated 49,000 Yemenite Jews to Israel `on the wings of eagles,'" Alaska Airlines, Inc., Sept. 22, 2017, *available at* https://news.alaskaair.comicommunitylon-eagles-wings/.
[2] Melissa Allison, "Alaska Airlines to stop handing out prayer cards to passengers," *Seattle Times*, Jan. 26, 2021, https://www.seattletimes.com/business/alaska-airlines-to-stop-handing-out-prayer-cards-topassengers/.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 14

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶38:** Alaska admits that it stopped providing prayer cards.  Alaska cannot verify

2    the content of the linked webpages because the links are broken, and therefore denies any

3    allegations pertaining to these webpages.  Alaska denies all remaining allegations in Paragraph

4    37 of the Complaint.

5

6    **COMPLAINT ¶39:**

7         The removal of prayer cards was an early indication of the coming cultural shift at Alaska

8    Airlines from one that is welcoming of employees with religious beliefs to its current culture of

9    hostility toward religion.

10   **ANSWER TO ¶39:** Alaska denies the allegations in Paragraph 39.

11

12   **COMPLAINT ¶40:**

13        When Alaska Air Group acquired Virgin America, Inc. in 2016, flight attendants noticed

14   a cultural change at the Airline, including lax enforcement of the dress code, the use and

15   tolerance of profanity by flight attendants, and the widespread acceptance of sexual activity as an

16   appropriate topic of conversation within the workplace.

17   **ANSWER TO ¶40:** Alaska admits Alaska Air Group acquired Virgin America in 2016. Alaska

18   lacks knowledge and information sufficient to admit or deny the remaining allegations in

19   Paragraph 40 and denies them on that basis.

20

21   **COMPLAINT ¶41:**

22        As a result of this culture change, many Christian flight attendants at Alaska Airlines fear

23   admitting to any coworkers that they are Christians or to engaging in any discussion about

24   religious and moral beliefs.  They warn each other to watch what they say at work.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 15

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶41:** Alaska lacks knowledge and information sufficient to admit or deny the

2    allegations in Paragraph 41 and therefore denies the allegations herein. Alaska further denies any

3    allegations of wrongdoing, whether explicit or implied.

4

5    **COMPLAINT ¶42:**

6         Over the past few years, Alaska Airlines dramatically increased its social advocacy for

7    LGBTQ+ causes, while at the same time excluding, silencing, and ostracizing employees of faith

8    who hold religious beliefs on issues of sexual morality.

9    **ANSWER TO ¶42:** Alaska admits it has consistently maintained social advocacy for LGBTQ+

10    causes, but denies the remaining allegations in Paragraph 42.

11

12    **COMPLAINT ¶43:**

13         Alaska Airlines brands itself as a supporter of the LGBTQ+ community.

14    **ANSWER TO ¶43:** Alaska admits it is a supporter of the LGBTQ+ community, but denies the

15    remaining allegations in Paragraph 43.

16

17    **COMPLAINT ¶44:**

18         The Airline engages in public policy advocacy, corporate giving, and public messaging

19    supporting the LGBTQ+ community.

20    **ANSWER TO ¶44:** Alaska admits the allegations in Paragraph 44.

21

22    **COMPLAINT ¶45:**

23         On or about June 15, 2021, Alaska Airlines unveiled the "Pride in the Sky" livery in

24    support of the LGBTQ+ community.[3]

25

26    [3] Ali Garbino, "Alaska Airlines takes Pride to the skies with Delight Flights & first-ever LGBTQ+ inspired plane," Alaska Airline, Inc., June 16, 2021, *available at* https://news.alaskaair.com/alaska-airlines/pride-plane/ .

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 16

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

2

3

4

5

6

7

8

9

10

11



12   **ANSWER TO ¶45:** Alaska admits it operated an aircraft with a "Pride in the sky" livery.

13   Alaska further admits that on or about on June 16, 2021 it published an article about the aircraft.

14   The remaining allegations in Paragraph 45 purport to recite a portion of a written document -

15   Alaska's news article dated June 16, 2021 - which speaks for itself and is the best evidence of its

16   contents. To the extent that these allegations are inconsistent with or mischaracterize the

17   document, they are denied.

18

19   **COMPLAINT ¶46:**

20        According to the Airline, "The Airbus A320 features vibrant airplane decals with iconic

21   rainbow stripes and inclusive colors, winglets, and the words `Fly with Pride' adorned on the

22   side."[4]

23

24

25   _____
[4] Alaska Airlines, Facebook (June 15, 2021, 6:40 PM),

26   https://m.facebook.com/story.php?story_fbid=10159260223972486&id=28488837485; "Alaska Airlines, Inc., Pride in the Skies Livery," *available at* https://www.alaskaair.com/content/travel-info/our-aircraft/a320-pride.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 17

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1   **ANSWER TO ¶46:** Alaska admits it published an article that an LGBTQ+ inspired plan on June

2   16, 2021. The remaining allegations in Paragraph 46 purport to recite a portion of a written

3   document - Alaska's news release - which speaks for itself and is the best evidence of its

4   contents. To the extent that these allegations are inconsistent with or mischaracterize the

5   document, they are denied.

6

7   **COMPLAINT ¶47:**

8       In 2021, Alaska Airlines started selling pronoun pins employees can wear on their

9   uniforms saying "He/Him," "She/Her," and "They/Them."

10  **ANSWER TO ¶47:**

11      Alaska admits the allegations in Paragraph 47 of the Complaint.

12

13  **COMPLAINT ¶48:**

14      Alaska Airlines may lawfully engage in social advocacy, but it must not do so in a

15  manner that discriminates or creates a hostile work environment against protected classes.

16  **ANSWER TO ¶48:** The allegations in Paragraph 48 asserts legal conclusions and opinions, to

17  which no response is required. To the extent a response is required, Alaska admits the allegations

18  in Paragraph 48, but denies any allegations of wrongdoing, whether explicit or implied.

19

20      **Alaska Airlines' Diversity Statements Fail to Include Religion as a Protected Class**

21  **COMPLAINT ¶49:**

22      Title VII prohibits discrimination based on race, sex, religion, color, and national origin.

23  Other federal statutes prohibit discrimination based on age and disability.

24  **ANSWER TO ¶49:** The allegations in Paragraph 49 are legal conclusions to which no response

25  is required. To the extent a response is required, Alaska admits the allegations in Paragraph 49.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 18

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **COMPLAINT ¶50:**

2         Alaska Airlines affirms its disregard for religion as a protected class by its repeated

3    statements of support for other protected classes while omitting the protected class of religion.

4    **ANSWER TO ¶50:** Alaska denies the allegations in Paragraph 50.

5

6    **COMPLAINT ¶51:**

7         On February 18, 2021, Alaska Air Group announced its commitment to a more inclusive

8    workforce by 2025.  The announcement began: "At Alaska, we believe every person deserves

9    respect regardless of race, ethnicity, capability, age, gender or sexual orientation...."[5]

10   **ANSWER TO ¶51:** The allegations in Paragraph 51 purport to recite a portion of a written

11   document - Alaska's news release dated February 18, 2021 - which speaks for itself and is the

12   best evidence of its contents. To the extent that these allegations are inconsistent with or

13   mischaracterize the document, they are denied.

14

15   **COMPLAINT ¶52:**

16        Alaska Airlines omitted religion from its February 18, 2021, "inclusive workforce"

17   statement.

18   **ANSWER TO ¶52:** The allegations in Paragraph 52 purport to recite a portion of a written

19   document - Alaska's news release dated February 18, 2021 - which speaks for itself and is the

20   best evidence of its contents. To the extent that these allegations are inconsistent with or

21   mischaracterize the document, they are denied. Alaska further denies any allegations of

22   wrongdoing, whether explicit or implied.

23

24

25

26   [5] Ali Garbino, "Alaska Air Group commits to a more inclusive workforce by 2025," Alaska Airlines Inc., Feb. 18, 2021, *available at* https://news.alaskaair.com/diversity-equity-and-inclusion/diversity-equity-inclusion-goals/.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 19

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶53:**

2       On April 23, 2021, Alaska Airlines posted an article in Alaska World entitled "Diversity,

3   Equity & Inclusion progress on our journey to a more inclusive workforce."  As the company

4   touted its diversity policies and progress, it stated, "At Alaska, we believe every person deserves

5   respect, to feel like they belong and to have equal opportunity regardless of race, ethnicity,

6   disability, age, gender, gender identity or sexual orientation."[6]

7   **ANSWER TO ¶53:** The allegations in Paragraph 53 purport to recite a portion of a written

8   document - Alaska's news release dated April 23, 2021 - which speaks for itself and is the best

9   evidence of its content. To the extent that these allegations are inconsistent with or

10  mischaracterize the document, they are denied.

11

12  **COMPLAINT ¶54:**

13      Alaska Airlines omitted religion from its April 23, 2021, statement on Diversity, Equity,

14  and Inclusion.

15  **ANSWER TO ¶54:** The allegations in Paragraph 54 purport to refer to a written document -

16  Alaska's April 23, 2021 statement on Diversity, Equity, and Inclusion - which speaks for itself

17  and is the best evidence of the document. To the extent that these allegations are inconsistent

18  with or mischaracterize the document, they are denied. Alaska further denies any allegations of

19  wrongdoing, whether explicit or implied.

20

21  **COMPLAINT ¶55:**

22      On April 27, 2021, an Alaska Airlines "Our Commitment" aircraft made its inaugural

23  flight.  The aircraft is painted to embody the partnership between Alaska Airlines and the United

24  Negro College Fund ("UNCF").  A plaque inside the airplane greets passengers "Welcome

---

25  [6] Ali Garbino, "Diversity, Equity & Inclusion progress on our journey to a more inclusive workforce," Alaska
26  Airlines, Inc., Apr. 23, 2021, *available at* https://news.alaskaair.com/diversity-equity-and-inclusion/dei-progress-april-2021/.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 20

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

aboard" and explains, "This special aircraft symbolizes our journey to making Alaska a place where everyone feels like they belong...."  The plaque also states:  "At Alaska, we believe every person deserves respect, to feel like they belong and have equal opportunity regardless of race, ethnicity, disability, age, gender or sexual orientation."



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **ANSWER TO ¶55:** Alaska admits that on or about April 28, 2021, it announced its long-term

2  partnership with United Negro College Fund (UNCF) as part of its "Our Commitment" initiative

3  to spread the word about UNCF to inspire conversations around racial equity and the

4  transformative impact of education in the lives of young people.  Alaska admits that an Alaska

5  "Our Commitment" aircraft made its inaugural flight on April 27, 2021 and is painted to embody

6  the partnership with UNCF. The remaining allegations in Paragraph 55 purport to recite a portion

7  of a written document - Alaska's plaque inside the "Our Commitment" aircraft - with speaks for

8  itself and is the best evidence of its contents. To the extent that these allegations are inconsistent

9  with or mischaracterize the document, they are denied. Alaska further denies any allegations of

10  wrongdoing, whether explicit or implied.

11

12  **COMPLAINT ¶56:**

13      Alaska Airlines omitted religion from its equal opportunity statement on the UNCF

14  aircraft.

15  **ANSWER TO ¶56:**

16      The allegations in Paragraph 56 purport to refer to a written document - Alaska's plaque

17  inside the "Our Commitment" aircraft - with speaks for itself and is the best evidence of its

18  contents. To the extent that these allegations are inconsistent with or mischaracterize the

19  document, they are denied. Alaska further denies any allegations of wrongdoing, whether

20  explicit or implied.

21

22  **COMPLAINT ¶57:**

23      Alaska Airlines' website also highlights its partnership with UNCF.  The first sentence on

24  the page is: "At Alaska, we believe every person deserves respect, to feel like they belong and

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 22

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   have equal opportunity regardless of race, ethnicity, disability, age, gender or sexual

2   orientation." [7]

3   **ANSWER TO ¶57:** The allegations in Paragraph 57 purport to reference a written document - a

4   portion of Alaska's "About Us" website - which speaks for itself and is the best evidence of its

5   contents. To the extent that these allegations are inconsistent with or mischaracterize the

6   document, they are denied. Alaska further denies any allegations of wrongdoing, whether

7   explicit or implied.

8

9   **COMPLAINT ¶58:**

10   Alaska Airlines omitted religion from its statement about respect on its UNCF webpage.

11   **ANSWER TO ¶58:**  The allegations in Paragraph 58 purport to reference a written document - a

12   portion of Alaska's "About Us" website - which speaks for itself and is the best evidence of its

13   contents. To the extent that these allegations are inconsistent with or mischaracterize the

14   document, they are denied. Alaska further denies any allegations of wrongdoing, whether

15   explicit or implied.

16

17   **Alaska Airlines' Training Ignores Protections for Religious Employees**

18   **COMPLAINT ¶59:**

19   Alaska Airlines' extensive diversity trainings focus on other protected classes while

20   staying silent or nearly silent about discrimination based on religion.

21   **ANSWER TO ¶59:** Alaska denies the allegations in Paragraph 59.

22

23

24

25

26   [7] Alaska Airlines, Inc., "Our Commitment," *available at* www.alaskaair.com/content/about-us/esg/people/uncf?int=as_vanity_uncf|20210426||-prodid:awareness.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 23

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶60:**

2       In the third quarter of 2021, Alaska Airlines required flight attendants to watch a training

3   in which an Alaska Airlines trainer explaining that he was "gender fluid under the umbrella

4   terms of transgender and nonbinary."  The trainer taught that employees should seek clarification

5   about someone's pronouns and apologize if they make a mistake.  The trainer emphasized the

6   importance of treating LGBTQ+ individuals with courtesy and respect.

7   **ANSWER TO ¶60:** Alaska admits that in the third quarter of 202 it required flight attendants to

8   watch a training led by an Alaska Airlines trainer.  The remaining allegations in Paragraph 60

9   purport to recite a training video which speaks for itself and is the best evidence of its contents.

10  To the extent that these allegations are inconsistent with or mischaracterize the document, they

11  are denied.

12

13  **COMPLAINT ¶61:**

14      Alaska Airlines' employee training emphasizes other protected classes and minimizes or

15  entirely neglects training on religion as a protected class.

16  **ANSWER TO ¶61:** Alaska denies the allegations in Paragraph 61.

17

18  **COMPLAINT ¶62:**

19      Alaska Airlines hosts listening sessions for employees to talk about their diverse

20  experiences.  Employees of faith do not feel comfortable expressing their beliefs in these

21  sessions.

22  **ANSWER TO ¶62:** Alaska admits the allegations in the first sentence of Paragraph 62 of the

23  Complaint.  Alaska lacks sufficient knowledge to admit or deny the remaining allegations  in

24  Paragraph 62 and denies them on that basis.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 24

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶63:**

2       As a result of the current culture at Alaska Airlines, Christian flight attendants fear

3   termination or discipline if they mention their religious beliefs at work.

4   **ANSWER TO ¶63:** Alaska lacks sufficient knowledge to admit or deny allegations in Paragraph

5   63 and denies them on that basis. Alaska denies any allegations of wrongdoing, whether explicit

6   or implied.

7

8       **The Union Minimizes the Rights of Religious Employees**

9   **COMPLAINT ¶64:**

10      Similarly, AFA champions the rights of LOBTQ+ employees in the workplace.

11  **ANSWER TO ¶64:** Alaska lacks knowledge and information sufficient to form a belief about

12  the truth of the allegations related to the AFA contained in Paragraph 64 and on that basis denies

13  those allegations.

14

15  **COMPLAINT ¶65:**

16      On December 11, 2020, AFA Alaska's MEC adopted a resolution supportive of non-

17  binary and gender non-conforming individuals.[8]

18  **ANSWER TO ¶65:** Alaska lacks knowledge and information sufficient to form a belief about

19  the truth of the allegations related to the AFA contained in Paragraph 65 and on that basis denies

20  those allegations.

21

22

23

24

25

26
_____

[8] AFA, Master Executive Council Resolution, Subject: Gender Equality, Dec. 1, 2020, https://afaalaska.org/wp-content/uploads/2020/12/2020.12.01-MEC-Resolution-Gender-Equality.pdf.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 25

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **COMPLAINT ¶66:**

2        AFA proactively asked that Alaska Airlines review "frontline employee uniform and

3 appearance standards ... first as they are one of the most significantly impactful areas of

4 inequality for those who are non-binary and/or gender non-conforming.'"[9]

5 **ANSWER TO ¶66:** Alaska lacks knowledge and information sufficient to form a belief about

6 the truth of the allegations related to the AFA contained in Paragraph 66 and on that basis denies

7 those allegations.

8

9    **COMPLAINT ¶67:**

10        At the same time, AFA ignores or minimizes the rights of religious employees in the

11 workplace.

12 **ANSWER TO ¶67:** Alaska lacks knowledge and information sufficient to form a belief about

13 the truth of the allegations related to the AFA contained in Paragraph 67 and on that basis denies

14 those allegations

15

16    **COMPLAINT ¶68:**

17        Both Alaska Airlines and AFA in practice fail to treat religion as a protected class.

18 **ANSWER TO ¶68:** Alaska denies that it fails to treat religion as a protected class. Alaska lacks

19 knowledge and information sufficient to form a belief about the truth of the remaining

20 allegations related to the AFA contained in Paragraph 68 and on that basis denies those

21 allegations.

22

23

24

25

26    [9] AFA Update, MEC Resolution on Gender Equality, Dec. 11, 2020, https://afaalaska.org/mec/afa-undate-december-11-2020.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 26

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶69:**

2

    Religious flight attendants report that when they file complaints of harassment or report

3

offensive social media posts, the Airline and the Union dismiss their concerns while at the same

4

time aggressively advocating for employees who raise complaints not based upon religion.

5

**ANSWER TO ¶69:** Alaska lacks knowledge and information to admit or deny the allegations as

6

it relates to which religious flight attendants have filed complaints that Plaintiffs are referring to

7

and therefore denies these allegations herein. Alaska further lacks knowledge and information

8

sufficient to form a belief about the truth of the allegations related to the AFA contained in

9

Paragraph 69 and on that basis denies those allegations. Alaska denies the remaining allegations

10

in Paragraph 69 and further denies any allegations of wrongdoing, whether explicit or implied.

11

12

**COMPLAINT ¶70:**

13

    As a result, some religious flight attendants are working fewer hours to avoid facing the

14

hostile work environment and consequently are earning less income.

15

**ANSWER TO ¶70:** Alaska lacks knowledge and information to admit or deny the allegations as

16

it relates to which religious flight attendants Plaintiffs are referring to and therefore denies these

17

allegations herein. Alaska denies the remaining allegations in Paragraph 70 and further denies

18

any allegations of wrongdoing, whether explicit or implied.

19

20

      **Alaska Airlines' Purported Culture of Open Communication**

21

**COMPLAINT ¶71:**

22

    As of early 2021, Alaska Airlines encouraged open communication between management

23

and employees.

24

**ANSWER TO ¶71:** Alaska admits the allegations in Paragraph 71.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 27

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1    **COMPLAINT ¶72:**

2          Even with over 20,000 employees, Alaska Airlines created a culture where employees

3   felt free to email vice-presidents and even the CEO if they had questions or concerns.

4    **ANSWER TO ¶72:** Alaska lacks sufficient knowledge to admit or deny in Paragraph 72 and

5   denies them on that basis.

6

7    **COMPLAINT ¶73:**

8          "Alaska's World" is an internal communication network available only to Alaska

9   Airlines employees.

10   **ANSWER TO ¶73:** Alaska admits that Alaska's World is, in part, an internal communication

11   network available only to Alaska Airlines employees.

12

13   **COMPLAINT ¶74:**

14          "Bulletins" posted in Alaska's World are mandatory reading for flight attendants.

15   **ANSWER TO ¶74:** Alaska denies the allegations in the Paragraph 74 of the Complaint.

16

17   **COMPLAINT ¶75:**

18          Other articles are categorized as "Water Cooler" reading and are optional for flight

19   attendants.

20   **ANSWER TO ¶75:** Alaska admits that flight attendants are not required to read "Water Cooler"

21   material posted on Alaska's World.

22

23   **COMPLAINT ¶76:**

24          Alaska Airlines encouraged employees to comment on Alaska's World articles.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 28

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **ANSWER TO ¶76:** Alaska admits it allowed employees to voluntarily comment in accordance

2  with Alaska's posting guidelines on some of Alaska's World articles.

3

4  **COMPLAINT ¶77:**

5      The Airline provided a "Submit Comment" button at the end of each article.

6  **ANSWER TO ¶77:** Alaska admits the allegations in Paragraph 77.

7

8  **COMPLAINT ¶78:**

9      Before posting a comment, employees had to check a box affirming that the comment

10  complied with policies governing Alaska's World.

11  **ANSWER TO ¶78:** Alaska admits the allegations in Paragraph 78.

12

13  **COMPLAINT ¶79:**

14      The rules governing Alaska's World specifically allowed for respectful disagreement,

15  stating:

16      Our differences make us better when we support and respect each other, allowing
    each of us to be who we are. Comments are here for us to openly and
17  constructively share ideas, ask respectful questions, and understand one another
    and our company. You can disagree respectfully....

18

19  **ANSWER TO ¶79:** The allegations in Paragraph 79 purport to recite a written document - a

20  portion of Alaska's commenting rules for Alaska's World - which speaks for itself and is the best

21  evidence of its contents. To the extent that these allegations are inconsistent with or

22  mischaracterize the document, they are denied.

23

24  **COMPLAINT ¶80:**

25      The rules encouraged employees, "**Ask questions**" (emphasis in original).

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 29

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶80:** The allegations in Paragraph 80 purport to recite a written document - a heading of Alaska's commenting rules for Alaska's World - which speaks for itself and is the best evidence of its contents. To the extent that these allegations are inconsistent with or mischaracterize the document, they are denied.

**COMPLAINT ¶81:**

The rules concluded by explaining the consequences of posting something that did not comply with the rules:

> Three strikes and you're out:  If a comment doesn't follow the rules, it will be removed at the discretion of the Corporate Communications team.  If three of your comments are deleted, we will block you from future commenting.

(emphasis in original).

**ANSWER TO ¶81:** The allegations in Paragraph 81 purport to recite a written document - one of Alaska's commenting rules for Alaska's World - which speaks for itself and is the best evidence of its contents. To the extent that these allegations are inconsistent with or mischaracterize the document, they are denied.

**COMPLAINT ¶82:**

On February 18, 2021, Ben Minicucci, Alaska Airlines' President and incoming CEO, affirmed the importance of diverse perspectives, stating,

> Alaska's values—own safety, do the right thing and be kind-hearted—are the foundation of who we are and what drives us to be the airline people love. Diversity, equity and inclusion are about valuing each person's uniqueness and life experiences so the world can see, learn and benefit from diverse perspectives. Our success depends on it.[10]

---

[10] Garbino, *supra* note 5.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 30

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶82:** The allegations in Paragraph 82 purport to recite a written document - a

2   portion of Alaska's news release dated February 18, 2021 - which speaks for itself and it's the

3   best evidence of its contents. To the extent that these allegations are inconsistent with or

4   mischaracterize the document, they are denied.

5

6   **COMPLAINT ¶83:**

7       Alaska Airlines' employee handbook, entitled "Our People Policies," affirmed the

8   company's openness to discussion, even on sensitive topics like diversity and inclusion.

9   **ANSWER TO ¶83:** Alaska admits the allegations in Paragraph 83.

10

11  **COMPLAINT ¶84:**

12      In setting out the Airlines' harassment policy, Our People Policies explained "What is

13  NOT harassment?" by stating:

14          Alaska Airlines promotes healthy and honest discussions in the workplace on
            issues of diversity and inclusion.  These conversations are a vital part of learning
15          and seeking to understand as well as providing equal access to opportunity and
            creating a workplace that embraces individuality and uniqueness.
16
    Our People Policies, p. 13.
17

18  **ANSWER TO ¶84:** The allegations in Paragraph 84 purport to recite a written document - a

19  portion of Alaska's anti-harassment and discrimination policy - which speaks for itself and is the

20  best evidence of its contents. To the extent a response is required, Alaska admits the allegations

21  in Paragraph 84.

22

23  **COMPLAINT ¶85:**

24      On February 18, 2021, as it announced its diversity, equity, and inclusion goals, the

25  Airline reiterated its commitment to dialogue among employees and management, stating, "We

26  will continue to strive for a safe space culture where employees feel empowered to have open

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 31

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

and critical dialogue with their peers and leaders—creating a culture where we seek to understand."[11]

**ANSWER TO ¶85:** The allegations in Paragraph 85 purport to recite a written document - a portion of Alaska's news release dated February 18, 2021 - which speaks for itself and is the best evidence of its contents. To the extent that these allegations are inconsistent with or mischaracterize the document, they are denied.

### Alaska Airlines Posts "Alaska supports the Equality Act" Article

**COMPLAINT ¶86:**

On or about February 25, 2021, Alaska Airlines posted in Alaska's World a Water Cooler article entitled "Alaska supports the Equality Act."

**ANSWER TO ¶86:**  Alaska admits the allegations in Paragraph 86 of the Complaint.

**COMPLAINT ¶87:**

The article described the company's support for the proposed Equality Act legislation, which was pending in Congress.

**ANSWER TO ¶87:** Alaska admits the article described the Company's support for the proposed Equality Act legislation which would prohibit discrimination on the basis of sexual orientation and gender identity. Alaska admits that the Equality Act was pending in Congress.

**COMPLAINT ¶88:**

Alaska Airlines opened the article for employees to comment and ask questions.

**ANSWER TO ¶88:** Alaska admits it allowed employees to voluntarily comment and ask questions in response to the article pursuant to the Company's commenting rules.

---

[11] *Id.*

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**Marli Brown's Employment History with Alaska Airlines**

2
**COMPLAINT ¶89:**

3
Marli Brown began her employment as a flight attendant for Alaska Airlines on February

4
6, 2013.

5
**ANSWER TO ¶89:** Alaska admits Plaintiff Brown was employed with Alaska as a flight

6
attendant,  but denies the remaining allegations in Paragraph 89.

7

8
**COMPLAINT ¶90:**

9
She completed her training on or by March 20, 2013.

10
**ANSWER TO ¶90:** Alaska denies the allegations in Paragraph 90.

11

12
**COMPLAINT ¶91:**

13
Initially, she was based in Los Angeles, and on or around June 2013, she transferred to

14
the Seattle base.

15
**ANSWER TO ¶91:** Alaska admits the allegations in Paragraph 91.

16

17
**COMPLAINT ¶92:**

18
Marli continued in that position as flight attendant until the Airline fired her on March 19,

19
2021.

20
**ANSWER TO ¶92:** Alaska admits the allegation in Paragraph 92.

21

22
**COMPLAINT ¶93:**

23
Marli's employment record was exemplary.

24
**ANSWER TO ¶93:** Alaska denies the allegations in Paragraph 93.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 33

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶94:**

2

"Kudos" from the Airlines' guests fill Marli's personnel file, describing her as

3

"amazing," among the "kindest and most thoughtful," "excellent," "friendly," "accommodating,"

4

"OUTSTANDING," "SUPER FRIENDLY," "SUPER GREAT," "exceptional," "one of the very

5

best and friendliest flight attendants I have had," "so nice," "so welcoming," and providing

6

"service in the top 1% of any flight I have ever been on."

7

**ANSWER TO ¶94:** The allegations in Paragraph 94 purport to recite written documents - guest

8

feedback located in Plaintiff Brown's personnel file - which speaks for themselves and is the best

9

evidence of these documents. To the extent that these allegations are inconsistent with or

10

mischaracterize these documents, they are denied.

11

12

**COMPLAINT ¶95:**

13

Marli received six Golden Service Awards for excellence in service to Alaska Airlines'

14

MVP, Gold, 75K, and Million-Miler passengers.

15

**ANSWER TO ¶95:** Alaska denies that Plaintiff Brown received six Golden Service Awards for

16

excellence. Alaska lacks knowledge and information sufficient to admit or deny the remaining

17

allegation in Paragraph 95 and therefore denies them herein.

18

19

**COMPLAINT ¶96:**

20

Marli prides herself on being respectful and kind-hearted.

21

**ANSWER TO ¶96:** Alaska lacks knowledge and information sufficient to admit or deny the

22

allegations in Paragraph 96 and therefore denies them herein.

23

24

**COMPLAINT ¶97:**

25

She stands by Alaska Airlines' stated values of being respectful and inclusive of those

26

with other beliefs and values.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 34

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶97:** Alaska lacks knowledge and information sufficient to admit or deny the

2   allegations in Paragraph 97 and therefore denies them herein.

3

4   **COMPLAINT ¶98:**

5       Marli counts among her friends at Alaska Airlines flight attendants of all beliefs and

6   backgrounds.

7   **ANSWER TO ¶98:** Alaska lacks knowledge and information sufficient to admit or deny the

8   allegations in Paragraph 98 and therefore denies them herein.

9

10  **COMPLAINT ¶99:**

11      In early January 2021, less than two months before firing her, the Airline highlighted

12  Marli's exceptional customer service in an article published in Alaska's World.  The article

13  commended Marli for exemplifying the Airlines' core values by her attentive care of an elderly

14  female guest who was flying for the first time as she relocated from Seattle to the East Coast.

15  The Airline praised Marli's kindness and compassion.

16  **ANSWER TO ¶99:** The allegations in Paragraph 99 of the Complaint purport to recite the

17  contents of a written document -- an Alaska's World article -- which speaks for itself and is the

18  best evidence of its terms.  To the extent that these allegations are inconsistent with or

19  mischaracterize this document, they are denied.  Alaska admits it published an Alaska's World

20  article that reported on Plaintiff Marli Brown in early January, 2021.  Alaska denies any

21  remaining allegations in Paragraph 99 of the Complaint.

22

23  **COMPLAINT ¶100:**

24      Marli is a practicing Christian and seeks to live her life in accordance with the tenets set

25  out in the Bible, including its instruction to "do justice, love mercy, and walk humbly with [her]

26  God."  Micah 6:8.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 35

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶100:** Alaska lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 100 and therefore denies them herein.

**COMPLAINT ¶101:**

Marli always carried her Bible with her while flying.

**ANSWER TO ¶101:** Alaska lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 101 and therefore denies them herein.

**COMPLAINT ¶102:**

When Marli worked in first class or on long-haul flights, if she had downtime, which was not uncommon, she would read either the Bible or a Christian book.

**ANSWER TO ¶102:** Alaska admits Plaintiff Brown at times worked in first class or on long-haul flights. Alaska lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 102 and therefore denies them herein.

**COMPLAINT ¶103:**

Tiffany Lewis, who in 2021 worked in the Airline's Human Resources Department as Marli's Inflight Performance Supervisor, had previously been Marli's Flight Attendant supervisor.

**ANSWER TO ¶103:**  Alaska admits Tiffany Lewis worked as an Inflight Performance Supervisor in 2021. Alaska admits Ms. Lewis was Plaintiff Brown's Flight Attendant supervisor. Alaska denies the remaining allegations in Paragraph 103.

**COMPLAINT ¶104:**

Lewis knew Marli was a Christian.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶104:** Alaska lacks knowledge and information to admit or deny the allegations in Paragraph 104 and therefore denies them herein.

**COMPLAINT ¶105:**

For many years, including 2021, Marli's Flight Attendant supervisor was Kaliko Howell. When Marli faced a challenging situation during a flight, such as an unruly passenger, she would often seek out Howell afterwards to discuss the incident.  She explained to him that because of her faith, she wanted to treat everyone with kindness.

**ANSWER TO ¶105:** Alaska admits Plaintiff Brown's Flight Attendant was Kaliko Howell for many years, including 2021. Alaska admits Plaintiff Brown often sought Mr. Howell to discuss challenging situations. Alaska lacks knowledge and information sufficient to admit or deny the remaining allegations Paragraph 105 and therefore denies them herein.

**COMPLAINT ¶106:**

Howell knew Marli was a Christian.

**ANSWER TO ¶106:** Alaska lacks knowledge and information to admit or deny the allegations in Paragraph 106 and therefore denies them herein.

**COMPLAINT ¶107:**

On January 27, 2021, Marli met with Lewis and Terry Taylor (President of the AFA LEC, Seattle).  During the meeting, both Lewis and Taylor, unprompted, told Marli not to talk about religion at work.

**ANSWER TO ¶107:** Alaska admits that on or about January 28, 2021, Plaintiff Brown met with Ms. Lewis.  Alaska lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 107 and therefore denies them herein.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**Marli's Questions About Alaska Airlines' Post Supporting the Equality Act**

**COMPLAINT ¶108:**

When Marli Brown logged in to Alaska's World on the morning of February 25, 2021, she noticed and read the article about Alaska Airlines' support for the Equality Act.

**ANSWER TO ¶108:** Alaska admits on or about February 25, 2021, it posted an article on Alaska's World in support of the Equality Act. Alaska admits, based on information and belief, Plaintiff Brown logged in to Alaska's World and read the article. Alaska lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 108 and therefore denies them herein.

**COMPLAINT ¶109:**

When Marli read the article, she also read a question another employee (Lacey Smith) posted and a response posted by Andy Schneider, Vice-President of People.  Seeing this question and response confirmed Marli's understanding that Alaska's World was an appropriate forum to pose questions about company policies.

**ANSWER TO ¶109:** Alaska admits Andy Schneider, Vice President of People, responded to another comment posted by Plaintiff Smith in response to the same article. Alaska lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 109 and therefore denies them herein.

**COMPLAINT ¶110:**

Marli supports equality for all and agrees that everyone should be treated with kindness and respect.

**ANSWER TO ¶110:** Alaska lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 110 and therefore denies them herein.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**COMPLAINT ¶111:**

Reading Alaska Airlines' article prompted Marli to research the Equality Act.  Marli learned that the Equality Act would remove protections offered by the federal Religious Freedom Restoration Act and that it would impact who is allowed to enter single-sex spaces.  *See* The Equality Act of 2021, H.R. 5, 117th Congress, 1st Session (2021).

**ANSWER TO ¶111:** The allegations in Paragraph 111 purports to characterize the Equality Act which speaks for itself and no response is required. To the extent that these allegations are inconsistent with or mischaracterize the Equality Act, they are denied. Alaska lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 111 and therefore denies them herein.

**COMPLAINT ¶112:**

In her research about the Equality Act, Marli read an article by The Heritage Foundation entitled "11 Myths About H.R. 5, the Equality Act of 2021."[12]

**ANSWER TO ¶112:** Alaska lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 112 and therefore denies them herein.

**COMPLAINT ¶113:**

After learning more about the Equality Act, Marli was concerned about the impact the Equality Act would have on vulnerable groups, including women who are survivors of sexual abuse and young girls, as well as people of faith, including minority faiths.

**ANSWER TO ¶113:** Alaska lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 113 and therefore denies them herein

---

[12] Heritage Foundation, "11 Myths About H.R. 5, the Equality Act of 2021," Feb. 24,2021, https://www.heritage.org/gender/report/11-myths-about-hr-5-the-equality-act-2021.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 39

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶114:**

2       Marli had questions about the impact the Equality Act would have on vulnerable groups

3   and the values she believed Alaska Airlines held.

4   **ANSWER TO ¶114:** Alaska lacks knowledge and information sufficient to admit or deny the

5   allegations in Paragraph 114 and therefore denies them herein.

6

7   **COMPLAINT ¶115:**

8       After praying throughout the day about whether to post a comment to the article, Marli's

9   sincerely held religious beliefs compelled her to respectfully express her concerns when Alaska

10  Airlines' comment section invited her to provide input.

11  **ANSWER TO ¶115:** Alaska admits Plaintiff Brown commented on Alaska's article in support

12  of the Equality Act. Alaska denies that the comment section invited Plaintiff Brown's input.

13  Alaska lacks knowledge and information to admit or deny the remaining allegations in Paragraph

14  115 and therefore denies them herein.

15

16  **COMPLAINT ¶116:**

17      Believing Alaska Airlines' assurances that it welcomed respectful disagreement and

18  invited questions, on the evening of February 25, 2021, Marli checked the box affirming her

19  compliance with the commenting rules and, at 7:56 p.m., posted a question in Alaska's World

20  asking for clarification of the company's support of the Equality Act.

21  **ANSWER TO ¶116:** Alaska admits that on February 25, 2021 at 7:56 p.m., Plaintiff Brown

22  checked the box affirm affirming compliance with Alaska's comment rules and posted a

23  comment on Alaska's World in response to Alaska's article in support of the Equality Act.

24  Alaska denies the remaining allegations in Paragraph 116.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 40

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶117:**

2

Marli asked:

3

Does Alaska support:  endangering the Church, encouraging suppression of religious freedom, obliterating women rights and parental rights?  This act will Force [sic] every American to agree with controversial government-imposed ideology on or be treated as an outlaw.  The Equality Act demolishes existing civil rights and constitutional freedoms which threatens constitutional freedoms by eliminating conscience protections from the Civil Rights Act.  The Equality act would affect everything from girls' and women's showers and locker rooms to women's shelters and women's prisons, endangering safety and diminishing privacy.  Giving people blanket permission to enter private spaces for the opposite sex enables sexual predators to exploit the rules and gain easy access to victims.  This is Equality Act [sic][.]

4

5

6

7

8

9

**ANSWER TO ¶117:** Alaska admits the allegations in Paragraph 117.

10

11

**COMPLAINT ¶118:**

12

The end of Marli's question was cut off due to character limitations in the comment

13

feature.  She intended to end by asking another question, such as whether this was the Equality

14

Act that Alaska Airlines supported when some of the provisions seemed to conflict with the

15

company's values.

16

**ANSWER TO ¶118:** Alaska admits it had a character limitation on the comment feature. Alaska

17

lacks knowledge and information sufficient to admit or deny the remaining allegations in

18

Paragraph 118 and therefore denies them herein.

19

20

**COMPLAINT ¶119:**

21

Marli's comment referenced many of the concerns she read about in the above-cited

22

article on "11 Myths about H.R. 5."

23

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 41

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶119:** Alaska denies Plaintiff Brown's comment in response to Alaska's support

2    of the Equality Act referenced "11 Myths about H.R. 5." Alaska lacks knowledge and

3    information sufficient to admit or deny the remaining allegations in Paragraph 119 and therefore

4    denies them herein.

5

6    **COMPLAINT ¶120:**

7        Marli's question reflected her belief that the Equality Act would result in the violation of

8    legal protections in the Civil Rights Act for religious people and for females.  She wrote her

9    comment to oppose discrimination based on religion or sex.

10   **ANSWER TO ¶120:** Alaska lacks knowledge and information to admit or deny the allegations

11   in Paragraph 120 and therefore denies them herein.

12

13   **COMPLAINT ¶121:**

14       Marli was concerned that changes to policies that protect the safe spaces of women could

15   be exploited by people who are not the intended beneficiaries of the rule, to the harm of women.

16   **ANSWER TO ¶121:** Alaska lacks knowledge and information to admit or deny the allegations

17   in Paragraph 121 and therefore denies them herein.

18

19   **COMPLAINT ¶122:**

20       This concern is a common critique of the Equality Act, which Congress has considered

21   numerous times but never enacted.

22   **ANSWER TO ¶122:** The allegations in Paragraph 122 are legal conclusions and opinions to

23   which no response is required. To the extent a response is required, Alaska denies the allegations

24   in Paragraph 122.

25

26

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **COMPLAINT ¶123:**

2          At Alaska Airlines, female flight attendants sometimes change clothes in the women's

3    restrooms.  Marli believed that the Equality Act would make women lose privacy and protection

4    in women's restrooms such as these, and the result could be a hostile environment for women.

5    **ANSWER TO ¶123:** Alaska admits that female flight attendants sometimes change close in the

6    women's restroom. Alaska lacks knowledge and information sufficient to admit or deny the

7    remaining allegations in Paragraph 123 and therefore denies them herein.

8

9    **COMPLAINT ¶124:**

10          At 10:32 p.m. on the night of February 25, 2021, the Airline, through

11   alaskasworld.comments@alaskaair.com, sent Marli an email informing her that her comment had

12   been removed due to violation of unspecified company policies and procedures.

13   **ANSWER TO ¶124:** Alaska admits the allegations in Paragraph 124, but denies that the

14   company policies and procedures were unspecified.

15

16   **COMPLAINT ¶125:**

17          The next morning, on February 26, Marli responded to the Airline through

18   alaskasworld.comments@alaskaair.com, inquiring:

19          Per the commenting rules I do not see where I broke them.  I stayed on the topic,
             all questions and statements can be verified.  I did not disrespect anyone and was
20          very civil about the questions I asked.  I truly want to understand if our company
             supports this and if they truly understand the severity of this law?
21          Don't get me wrong.  I am happy that our company supports gender equality.  I
             feel the questions which I asked is {sic} concern to many and should be answered
22          and anyone who has done their research about the equality act should be asking
             the same questions.
23

24   **ANSWER TO ¶125:** Alaska admits the allegations in Paragraph 125.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 43

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶126:**

2  When Marli landed in Seattle on the evening of February 26, she was met at the plane by

3  her Flight Attendant Supervisor, Kaliko Howell, and a Union representative, Jake Jones (MEC

4  Scheduling Committee Chairperson).  Howell and Jones had her sign a document acknowledging

5  that she would be withheld from service for two weeks pending an investigation.

6  **ANSWER TO ¶126:** Alaska admits the allegations in Paragraph 126, but lacks knowledge and

7  information sufficient to admit or deny whether a Union representative, Jake Jones, was also

8  present and therefore denies these allegations.

9

10  **COMPLAINT ¶127:**

11  Howell also took Marli's badge.  Without her badge, she would not be able to enter the

12  airport to work.

13  **ANSWER TO ¶127:** Alaska admits Howell withheld Plaintiff Brown's badge, which is part of

14  the standard process of withholding a flight attendant from service pending an investigation.

15

16  **COMPLAINT ¶128:**

17  After Howell took her badge, Jones escorted Marli to her car.

18  **ANSWER TO ¶128:**

19  Alaska admits Howell took Plaintiff Brown's badge as part Alaska's standard process of

20  withholding a flight attendant from service pending an investigation. Alaska lacks knowledge

21  and information sufficient to admit or deny the remaining allegations in Paragraph 128 and

22  therefore denies them herein.

23

24  **COMPLAINT ¶129:**

25  Jones opined that Alaska Airlines would either give Marli "a slap on the wrist" or "make

26  an example" of her.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 44

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶129:** Alaska lacks knowledge and information sufficient to admit or deny the

2   allegations in Paragraph 129 and therefore denies them herein.

3

4   **COMPLAINT ¶130:**

5        AFA representative Terry Taylor later told Marli that she had never helped anyone else

6   whose badge had been taken during an investigation.

7   **ANSWER TO ¶130:** Alaska lacks knowledge and information sufficient to admit or deny the

8   allegations in Paragraph 130 and therefore denies them herein.

9

10   **Grievance Procedures under Alaska Airlines and AFA's Collective Bargaining**
    **Agreement**

11

12   **COMPLAINT ¶131:**

13        The AFA is a union that represents flight attendants.  It has a duty to defend and represent

14   flight attendants, including during grievance procedures.

15   **ANSWER TO ¶131:** Alaska admits the AFA is a union that represents flight attendants. Alaska

16   lacks knowledge and information sufficient to form a belief about the truth of the remaining

17   allegations related to the AFA contained in Paragraph 131 and on that basis denies those

18   allegations.

19

20   **COMPLAINT ¶132:**

21        The collective bargaining agreement between AFA and Alaska Airlines includes a "no

22   discrimination" clause, stating:

23        Neither the Company nor the Association will discriminate in any way against
         any employee based on that employee's inclusion in any classification protected

24        from discriminatory treatment by Company Policy and State or Federal Law,
         including but not limited to sex, race, color, religion, sexual orientation, national

25        origin or age, marital status, creed, presence of any sensory, mental or physical
         disability, disabled veterans' status, Vietnam Era veteran's status and ancestry.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 45

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    Alaska 2018-2021 Joint Collective Bargaining Agreement Association of Flight Attendants-

2    CWA, § 1.B.

3    **ANSWER TO ¶132:** Alaska admits the allegations in Paragraph 132.

4

5    **COMPLAINT ¶133:**

6         Because of Marli's religious beliefs, AFA did not defend Marli as vigorously as it

7    defends other flight attendants.

8    **ANSWER TO ¶133:** Alaska lacks knowledge and information sufficient to form a belief about

9    the truth of the allegations related to the AFA contained in Paragraph 133 and on that basis

10   denies those allegations.

11

12   **COMPLAINT ¶134:**

13        Alaska Airlines' collective bargaining agreement with AFA is called *The Flight*

14   *Attendant Manual*.  Section 19 of *The Flight Attendant Manual* sets out "Grievance Procedures."

15   **ANSWER TO ¶134:** Alaska denies the allegations in Paragraph 134.

16

17   **COMPLAINT ¶135:**

18        Section I 9.A delineates the timing within which a notice of disciplinary action must be

19   given, protocol for investigatory or work performance meetings, and states, "No investigatory or

20   work performance meeting will be conducted until the Flight Attendant has had an adequate

21   opportunity to obtain Union representation."

22

23

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 46

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶135:** The allegations in Paragraph 135 purport to recite a written document - a

2   portion of the 2018-2021 Collective Bargaining Agreement (CBA) between Alaska and the

3   Association of Flight Attendants - which speaks for itself and is the best evidence of its contents.

4   To the extent that these allegations are inconsistent with or mischaracterize the document, they

5   are denied.

6

7   **COMPLAINT ¶136:**

8       Section 19.A also explains that after discipline is issued, a flight attendant has a right to a

9   hearing with the division leader of Inflight Services or her/his designee.  If that decision is

10   unsatisfactory to the Flight Attendant, the matter may be appealed to the Board of Adjustments.

11   **ANSWER TO ¶136:** The allegations in Paragraph 136 purport to recite a written document - a

12   portion of the 2018-2021 Collective Bargaining Agreement (CBA) between Alaska and the

13   Association of Flight Attendants - which speaks for itself and is the best evidence of its contents.

14   To the extent that these allegations are inconsistent with or mischaracterize the document, they

15   are denied.

16

17   **COMPLAINT ¶137:**

18       Section 19.0 explains that any discipline decision that is not appealed will be final and

19   binding.

20   **ANSWER TO ¶137:** The allegations in Paragraph 137 purport to recite a written document - a

21   portion of the 2018-2021 Collective Bargaining Agreement (CBA) between Alaska and the

22   Association of Flight Attendants - which speaks for itself and is the best evidence of its contents.

23   To the extent that these allegations are inconsistent with or mischaracterize the document, they

24   are denied.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 47

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**Marli's Preliminary Conversation with AFA**

**COMPLAINT ¶138:**

After Marli received news of her suspension and upcoming investigatory meeting, she was contacted by AFA representative Terry Taylor (President of the AFA LEC, Seattle).

**ANSWER TO ¶138:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 138 and on that basis denies those allegations.

**COMPLAINT ¶139:**

In conversations from March 1 through March 4, 2021, Taylor told Marli that the information she learned from her research on the Equality Act was false.

**ANSWER TO ¶139:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 139 and on that basis denies those allegations.

**COMPLAINT ¶140:**

Taylor told Marli that women and children have not actually been attacked in formerly sex-segregated private spaces that had been opened up, implying that Marli was wrong to be concerned about the impact on women and children.

**ANSWER TO ¶140:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 140 and on that basis denies those allegations.

**COMPLAINT ¶141:**

Marli explained to Taylor that her comment on the Alaska World article was rooted in her religious beliefs.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 48

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶141:** Alaska lacks knowledge and information sufficient to form a belief about

2   the truth of the allegations related to the AFA contained in Paragraph 141 and on that basis

3   denies those allegations.

4

5   **COMPLAINT ¶142:**

6       Marti also mentioned to Taylor that she prayed about the issue before posting.

7   **ANSWER TO ¶142:** Alaska lacks knowledge and information sufficient to form a belief about

8   the truth of the allegations related to the AFA contained in Paragraph 142 and on that basis

9   denies those allegations.

10

11  **COMPLAINT ¶143:**

12      Taylor told Marli that she did not have "freedom of speech" in the workplace.

13  **ANSWER TO ¶143:** Alaska lacks knowledge and information sufficient to form a belief about

14  the truth of the allegations related to the AFA contained in Paragraph 143 and on that basis

15  denies those allegations.

16

17  **COMPLAINT ¶144:**

18      Taylor demonstrated her hostility toward Marli's religious beliefs by telling Marli that if

19  she punched someone in the face on an airplane and it was captured on video, it would not be

20  possible to offer much defense.  In giving this example, Taylor implied that Marli's respectful

21  question was equivalent to hitting someone in the face on video and was proof that she was

22  guilty.

23  **ANSWER TO ¶144:** Alaska lacks knowledge and information sufficient to form a belief about

24  the truth of the allegations related to the AFA contained in Paragraph 144 and on that basis

25  denies those allegations.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 49

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**Marli's Investigation and Termination**

**COMPLAINT ¶145:**

On March 4, 2021, Marli met with Tiffany Lewis (Inflight Performance Supervisor), Heidi Neidlinger (Human Resources Coordinator), and Howell, along with AFA representatives Taylor and Stephanie Adams (AFA MEC Grievance Committee Chairperson).

**ANSWER TO ¶145:**  Alaska admits the allegations in Paragraph 145.

**COMPLAINT ¶146:**

In that meeting, Marli expressed her support for diversity and inclusion and explained that she had posted her questions based on her religious convictions and concern for potentially oppressed groups, such as religious individuals and women.

**ANSWER TO ¶146:** Alaska denies the allegations in Paragraph 146.

**COMPLAINT ¶147:**

During the March 4 meeting, AFA said little in Marli's defense.  Taylor merely explained that she had talked with Marli, who had hoped to receive an answer from Schneider after asking her question in that forum.  Adams simply took notes.

**ANSWER TO ¶147:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 147 and on that basis denies those allegations.

**COMPLAINT ¶148:**

Even though Taylor knew that Marli's question was rooted in her religious beliefs, during the March 4 meeting, Taylor did not advocate for Marli's rights as a member of a protected class not to face discrimination on the basis of religion.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 50

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶148:** Alaska lacks knowledge and information sufficient to form a belief about

2    the truth of the allegations related to the AFA contained in Paragraph 148 and on that basis

3    denies those allegations.

4

5    **COMPLAINT ¶149:**

6         Following the March 4 meeting, Marli spoke by phone with Adams and Taylor, who

7    again told her that the facts she read in her research were incorrect.  Taylor and Adams failed to

8    acknowledge that even if the Union disagreed factually with Marli's research, it still had a duty

9    to oppose discrimination on the basis of her religion.

10   **ANSWER TO ¶149:** Alaska lacks knowledge and information sufficient to form a belief about

11   the truth of the allegations related to the AFA contained in Paragraph 149 and on that basis

12   denies those allegations.

13

14   **COMPLAINT ¶150:**

15        Adams or Taylor told Marli that the Equality Act would not affect her job, and Marli

16   responded that she was concerned about how the proposed legislation would affect her co-

17   workers.

18   **ANSWER TO ¶150:** Alaska lacks knowledge and information sufficient to form a belief about

19   the truth of the allegations related to the AFA contained in Paragraph 150 and on that basis

20   denies those allegations.

21

22   **COMPLAINT ¶151:**

23        At Taylor's request, Marli prepared a statement explaining her actions, which Taylor

24   forwarded to Lewis and Neidlinger on March 5, 2021.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 51

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶151:** Alaska admits Plaintiff Brown provided Lewis and Neidlinger with a

2    statement on or about March 5, 2021. Alaska lacks knowledge and information sufficient to form

3    a belief about the truth of the remaining allegations related to the AFA contained in Paragraph

4    151 and on that basis denies those allegations.

5

6    **COMPLAINT ¶152:**

7            Marli's statement expressed her fear that the company was singling her out for

8    discrimination because of her religious beliefs.  She asked for a religious accommodation to be

9    allowed to express her religious beliefs on an equal basis as others.

10    **ANSWER TO ¶152:** The allegations in Paragraph 152 purport to recite a written document -

11    Plaintiff Brown's March 5, 2021 statement - which speaks for itself and is the best evidence of

12    its contents. To the extent that these allegations are inconsistent with or mischaracterize the

13    document, they are denied. Alaska admits that after Plaintiff Brown had already posted a

14    comment in response to Alaska's article in support of the Equality Act, she sought a religious

15    accommodation.

16

17    **COMPLAINT ¶153:**

18            The statement also expressed her concern about the impact the Equality Act may have on

19    vulnerable groups, including women who are survivors of sexual abuse, as well as people of

20    faith, including minority faiths.

21    **ANSWER TO ¶153:** The allegations in Paragraph 153 purport to recite a written document -

22    Plaintiff Brown's March 5, 2021 statement - which speaks for itself and is the best evidence of

23    its contents. To the extent that these allegations are inconsistent with or mischaracterize the

24    document, they are denied.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 52

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶154:**

2      On March 19, 2021, Marli received a Notice of Discharge, signed by Lewis, stating that

3  her comment on Alaska's World violated Alaska's Airlines' "Our People Policies," covering

4  harassment and discrimination, and sections 6.300 and 7.100 of the *Flight Attendant Manual*,

5  covering personal conduct.

6  **ANSWER TO ¶154:** Alaska admits Lewis signed a Notice of Discharge which was sent to

7  Plaintiff Brown on March 19, 2021. The allegations in Paragraph 154 purport to recite a written

8  document - the Notice of Discharge - which speaks for itself and is the best evidence of its

9  contents. To the extent that these allegations are inconsistent with or mischaracterize the

10  document, they are denied.

11

12  **COMPLAINT ¶155:**

13      The Notice of Discharge called Marli's post "hateful," "offensive," and "discriminatory,"

14  asserting that it contributed to a hostile work environment. *See* Ex. 9 — Marli's Notice of

15  Discharge.

16  **ANSWER TO ¶155:** The allegations in Paragraph 155 purport to recite a written document -

17  the Notice of Discharge - which speaks for itself and is the best evidence of its contents. To the

18  extent that these allegations are inconsistent with or mischaracterize the document, they are

19  denied. Alaska further denies any allegations of wrongdoing, whether explicit or implied.

20

21  **COMPLAINT ¶156:**

22      The Notice of Discharge explained that Alaska Airlines discharged Marli because of her

23  post on the Alaska's World article.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 53

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **ANSWER TO ¶156:** The allegations in Paragraph 156 purport to recite a written document - the

2  Notice of Discharge - which speaks for itself and is the best evidence of its contents. To the

3  extent that these allegations are inconsistent with or mischaracterize the document, they are

4  denied.

5

6  **COMPLAINT ¶157:**

7        The Notice of Discharge did not give any reason for terminating Marli's employment

8  other than Marli's post.

9  **ANSWER TO ¶157:** Alaska denies the allegations in Paragraph 157.

10

11  **COMPLAINT ¶158:**

12        Alaska Airlines terminated Marli's employment because of her religion.

13  **ANSWER TO ¶158:** Alaska denies the allegations in Paragraph 158.

14

15  **COMPLAINT ¶159:**

16        On March 19, 2021, Lewis called Marli and read her the Notice of Discharge.  After the

17  conclusion of the meeting, Lewis personally expressed to Marli that she was an exceptional

18  employee.

19  **ANSWER TO ¶159:** Alaska lacks knowledge and information sufficient to admit deny the

20  allegations in Paragraph 159 and therefore denies them herein.

21

22  **COMPLAINT ¶160:**

23        Alaska Airlines provides all employees a right to appeal disciplinary decisions at a

24  grievance hearing.  If the flight attendant or AFA do not appeal the decision within the time limit

25  prescribed in the Flight Attendant Manual, the decision is final and binding.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 54

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶160:** Alaska admits that it provides union member employees a right to appeal disciplinary decisions at a grievance hearing. Alaska denies the remaining allegations in Paragraph 160.

**COMPLAINT ¶161:**

AFA timely appealed Marli's Notice of Discipline.

**ANSWER TO ¶161:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 161 and on that basis denies those allegations.

**Marli's Grievance Hearing and AFA's Counsel**

**COMPLAINT ¶162:**

On March 29, 2021, Marli spoke with Taylor about her upcoming grievance hearing, scheduled for the next day.

**ANSWER TO ¶162:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 162 and on that basis denies those allegations.

**COMPLAINT ¶163:**

Marli asked if Taylor would advocate for her during the meeting.

**ANSWER TO ¶163:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 163 and on that basis denies those allegations.

**COMPLAINT ¶164:**

In response, Taylor replied that she would report that, in her conversations with other employees about Marli, everyone Marli ever worked with really cared about her and knew that Marli was kind and respectful to all employees and guests.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 55

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1   **ANSWER TO ¶164:** Alaska lacks knowledge and information sufficient to form a belief about

2   the truth of the allegations contained in Paragraph 164 and on that basis denies those allegations.

3

4   **COMPLAINT ¶165:**

5        Taylor described Marli as "an exemplary employee."

6   **ANSWER TO ¶165:** Alaska lacks knowledge and information sufficient to form a belief about

7   the truth of the allegations contained in Paragraph 165 and on that basis denies those allegations.

8

9   **COMPLAINT ¶166:**

10       Taylor also told Marli that she had read the Equality Act.

11  **ANSWER TO ¶166:** Alaska lacks knowledge and information sufficient to form a belief about

12  the truth of the allegations contained in Paragraph 166 and on that basis denies those allegations.

13

14  **COMPLAINT ¶167:**

15       Taylor said that Marli's research about the Equality Act, such as the Act removing

16  religious liberty protections, was wrong.

17  **ANSWER TO ¶167:** Alaska lacks knowledge and information sufficient to form a belief about

18  the truth of the allegations contained in Paragraph 167 and on that basis denies those allegations.

19

20  **COMPLAINT ¶168:**

21       Taylor said that Alaska Airlines would think Marli's research was wrong too.

22  **ANSWER TO ¶168:** Alaska lacks knowledge and information sufficient to form a belief about

23  the truth of the allegations contained in Paragraph 168 and on that basis denies those allegations.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 56

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶169:**

2

Taylor told Marli that what she did was wrong and hurtful, and people could view it as

3

harassing.

4

**ANSWER TO ¶169:** Alaska lacks knowledge and information sufficient to form a belief about

5

the truth of the allegations related to the AFA contained in Paragraph 169 and on that basis

6

denies those allegations.

7

8

**COMPLAINT ¶170:**

9

Marli mentioned again that she was a Christian and has religious protections.

10

**ANSWER TO ¶170:** Alaska lacks knowledge and information sufficient to form a belief about

11

the truth of the allegations contained in Paragraph 170 and on that basis denies those allegations.

12

13

**COMPLAINT ¶171:**

14

Taylor said that Marli had no religious protections because what she did was wrong.

15

**ANSWER TO ¶171:** Alaska lacks knowledge and information sufficient to form a belief about

16

the truth of the allegations contained in Paragraph 171 and on that basis denies those allegations.

17

18

**COMPLAINT ¶172:**

19

On March 30, 2021, prior to her grievance hearing with Michael Link (Program Manager,

20

Labor Relations), Marli emailed Taylor a statement she planned to submit to Link.  The

21

statement explained Marli's request that she be allowed to express her religious concerns on the

22

same basis that others were allowed to comment, pointing out that while the legislation at issue is

23

called the Equality Act, it actually takes away a number of protections for religious people and

24

others.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 57

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶172:** Alaska lacks knowledge and information sufficient to form a belief about

2   the truth of the allegations contained in Paragraph 172 and on that basis denies those allegations.

3

4   **COMPLAINT ¶173:**

5           Marli's statement also pointed out that the Notice of Discharge grossly mischaracterized

6   both her statement and her character.

7   **ANSWER TO ¶173:** Alaska lacks knowledge and information sufficient to form a belief about

8   the truth of the allegations contained in Paragraph 173 and on that basis denies those allegations.

9

10  **COMPLAINT ¶174:**

11          Marli's statement explained,

12          I was (and am) concerned about how the bill would eliminate many decades-old
            civil rights protections for religious liberty and freedom of conscience.  As I
13          stated in my comment, I wanted to know if Alaska wants religious rights to be
            treated as second-class.
14

15  **ANSWER TO ¶174:** Alaska lacks knowledge and information sufficient to form a belief about

16  the truth of the allegations contained in Paragraph 174 and on that basis denies those allegations.

17

18  **COMPLAINT ¶175:**

19          Marti also explained:

20          I asked my question out of a growing concern that some of Alaska's employees
            are finding the environment increasingly hostile to religious voices. Your
21          responses of suspending me and removing my comment from the discussion of
            the Equality Act appear to confirm that concern.
22

23  **ANSWER TO ¶175:**  Alaska lacks knowledge and information sufficient to form a belief about

24  the truth of the allegations contained in Paragraph 175 and on that basis denies those allegations.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 58

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶176:**

2

After Marli emailed the statement to Taylor, Taylor and Adams called Marli.

3

**ANSWER TO ¶176:** Alaska lacks knowledge and information sufficient to form a belief about

4

the truth of the allegations contained in Paragraph 176 and on that basis denies those allegations.

5

6

**COMPLAINT ¶177:**

7

On the call, Taylor and Adams told Marli that she should neither read her statement nor

8

submit it to Link during the meeting.  They repeated that Marli's research was incorrect.

9

**ANSWER TO ¶177:** Alaska lacks knowledge and information sufficient to form a belief about

10

the truth of the allegations contained in Paragraph 177 and on that basis denies those allegations.

11

12

**COMPLAINT ¶178:**

13

On March 30, 2021, Marli attended a grievance hearing with Link and Karen Themelis

14

(Sr. Labor Relations Business Partner).  Union representatives Taylor and Adams attended as

15

well.

16

**ANSWER TO ¶178:** Alaska admits the allegations in Paragraph 178.

17

18

**COMPLAINT ¶179:**

19

During the March 30 grievance hearing, Taylor affirmed that Marli's employment record

20

was outstanding and nothing indicated that she had acted with discriminatory intent.  Taylor

21

explained to Link that if she (Taylor) had read Marli's comment, she too would be concerned,

22

but that in her opinion Marli was "not beyond salvation" and was simply misinformed in her

23

research.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 59

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶179:**  Alaska admits the allegations in the first sentence of Paragraph 179. Alaska further admits Taylor said "I don't think she's (Plaintiff Brown) beyond salvation" and that she was misinformed in her research. Alaska denies the remaining allegations in Paragraph 179.[1]

**COMPLAINT ¶180:**

Taylor opined that she believed Marli would never again post on Alaska's World.

**ANSWER TO ¶180:** Alaska denies the allegations in Paragraph 180.[2]

**COMPLAINT ¶181:**

Taylor failed to point out in the grievance hearing that even if Marli were misinformed in her research, she still had a right not to be discriminated against on the basis of religion.

**ANSWER TO ¶181:** Alaska admits there was no discussion of religion during the grievance hearing.

**COMPLAINT ¶182:**

Relying on Taylor and Adams, Marli did not submit her statement and said little during her grievance hearing.

**ANSWER TO ¶182:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 182 and on that basis denies those allegations.

**COMPLAINT ¶183:**

On April 13, 2021, Link denied Marli's grievance, making final the Airline's decision to terminate her.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶183:** Alaska admits Link denied Plaintiff Brown's grievance on April 13, 2021.

2   The remaining allegations in Paragraph 183 are legal conclusions to which no response is

3   required.

4

5   **COMPLAINT ¶184:**

6          As a result of Alaska Airlines' and AFA's actions, Marli suffered a loss of income, loss

7   of benefits, emotional harm, reputational harm, mental anguish, and great inconvenience.

8   **ANSWER TO ¶184:** As to Alaska's actions, Alaska denies the allegations in Paragraph 184.

9   Alaska lacks knowledge and information sufficient to form a belief about the truth of the

10  remaining allegations related to the AFA contained in Paragraph 184 and on that basis denies

11  those allegations.

12

13  **COMPLAINT ¶185:**

14         Defendants Alaska Airlines' and AFA's acts of discrimination were performed with

15  malice or reckless indifference to Marli's protected civil rights.

16  **ANSWER TO ¶185:** As to Alaska's actions, Alaska denies the allegations in Paragraph 185.

17  Alaska lacks knowledge and information sufficient to form a belief about the truth of the

18  remaining allegations related to the AFA contained in Paragraph 185 and on that basis denies

19  those allegations.

20

21         **Marli's Pre-arbitration Screening by AFA**

22  **COMPLAINT ¶186:**

23         Following the denial of her grievance, Taylor informed Marli that she could pursue

24  arbitration, but the Union would first decide whether it was willing to represent her during the

25  arbitration.  If the Union decided to represent her, the Union would pay half the arbitration fees

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 61

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   and the Airline would pay the other half.  If AFA declined to represent Marli, she would be

2   responsible for half of the arbitration fees.

3   **ANSWER TO ¶186:** Alaska lacks knowledge and information sufficient to form a belief about

4   the truth of the allegations related to the AFA contained in Paragraph 186 and on that basis

5   denies those allegations.

6

7   **COMPLAINT ¶187:**

8   　　　　Taylor repeated her statement that if there were a videotape of Marli hitting someone on

9   the airplane, her guilt would be obvious.  Marli understood Taylor to say that the Union believed

10  there was clear evidence of her wrongdoing.

11  **ANSWER TO ¶187:** Alaska lacks knowledge and information sufficient to form a belief about

12  the truth of the allegations contained in Paragraph 187 and on that basis denies those allegations.

13

14  **COMPLAINT ¶188:**

15  　　　　On May 13, 2021, Marli met by Zoom with Adams and Kimberly Chaput (Attorney,

16  AFA) regarding whether the Union would represent her in arbitration.  Chaput rolled her eyes

17  multiple times when Marli explained her research and her religious beliefs that motivated her to

18  raise her concerns.

19  **ANSWER TO ¶188:** Alaska lacks knowledge and information sufficient to form a belief about

20  the truth of the allegations contained in Paragraph 188 and on that basis denies those allegations.

21

22  **COMPLAINT ¶189:**

23  　　　　Marli's meeting with Adams and Chaput lasted about fifteen minutes.

24  **ANSWER TO ¶189:** Alaska lacks knowledge and information sufficient to form a belief about

25  the truth of the allegations contained in Paragraph 189 and on that basis denies those allegations.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 62

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶190:**

2

It appeared to Marli that the Union was just going through the motions.

3

**ANSWER TO ¶190:** Alaska lacks knowledge and information sufficient to form a belief about

4

the truth of the allegations contained in Paragraph 190 and on that basis denies those allegations.

5

6

**COMPLAINT ¶191:**

7

After nearly a month of delays in decision-making, on June 11, 2021, Adams informed

8

Marli that the Union would not represent her further.

9

**ANSWER TO ¶191:** Alaska lacks knowledge and information sufficient to form a belief about

10

the truth of the allegations contained in Paragraph 191 and on that basis denies those allegations.

11

12

**Lacey Smith's Employment History with Alaska Airlines**

13

**COMPLAINT ¶192:**

14

Lacey began her employment as a flight attendant for Alaska Airlines on October 27,

15

2014.

16

**ANSWER TO ¶192:** Alaska admits Plaintiff Smith was employment by Alaska as a flight

17

attendant, but denies the remaining allegations in Paragraph 192.

18

19

**COMPLAINT ¶193:**

20

She completed her training on or by December 10, 2014.

21

**ANSWER TO ¶193:** Alaska denies the allegations in Paragraph 193.

22

23

**COMPLAINT ¶194:**

24

Initially, she was based in Seattle.  On or around July 1, 2016, she transferred to the

25

Portland base.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 63

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶194:** Alaska admits the allegations in Paragraph 194.

2

3    **COMPLAINT ¶195:**

4         Lacey continued in that position until the Airline fired her on March 19, 2021.

5    **ANSWER TO ¶195:** Alaska admits the allegations in Paragraph 195.

6

7    **COMPLAINT ¶196:**

8         Lacey's employment record was exemplary.

9    **ANSWER TO ¶196:** Alaska denies the allegations in Paragraph 196.

10

11   **COMPLAINT ¶197:**

12        "Kudos" from the Airline's guests fill Lacey's personnel file, describing her as

13   "amazing," "awesome," "fantastic," "[fjriendly, attentive, happy," "engaging, humorous,

14   accommodating and professional," "warm and welcoming," "hands down the most friendly and

15   cheerful flight attendant we have met," "exceptional," "best experience ever on Alaska Air," and

16   "People like Lacey make Alaska airlines stand apart from the competition."

17   **ANSWER TO ¶197:** The allegations in Paragraph 197 purport to recite written documents -

18   guest feedback located in Plaintiff Smith's personnel file - which speaks for themselves and is

19   the best evidence of these documents. To the extent that these allegations are inconsistent with or

20   mischaracterize these documents, they are denied.

21

22   **COMPLAINT ¶198:**

23        During the summer of 2020, Alaska Airlines awarded Lacey a service pin because she

24   had received 50 kudos from passengers.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 64

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶198:** Alaska lacks knowledge and information sufficient to admit or deny the

2   allegations in Paragraph 198 and therefore denies them herein.

3

4   **COMPLAINT ¶199:**

5          Lacey prides herself in making everyone feel welcomed, heard, and valued.  She seeks to

6   help others as much as she can in any place she finds herself.

7   **ANSWER TO ¶199:** Alaska lacks knowledge and information sufficient to admit or deny the

8   allegations in Paragraph 199 and therefore denies them herein.

9

10  **COMPLAINT ¶200:**

11         Alaska Airlines states in its Our People Policies:

12         Our legacy is the result of unique, hard-working people with varied backgrounds,
           experiences, perspectives and know-how.  We not only provide safe and
13         dependable service, we've also built our airline with genuine and caring
           relationships, community involvement and cultural celebration.  Guided by our
14         deeply held values, our goal is to create a diverse and inclusive environment
           where people of all abilities can thrive in their quest to deliver an exceptional
15         customer experience for everyone.

16  Our People Policies, p. 7.

17  **ANSWER TO ¶200:** The allegations in Paragraph 200 purport to recite a written document -

18  Alaska's People Policies - which speaks for itself and is the best evidence of its contents. To the

19  extent that these allegations are inconsistent with or mischaracterize the document, they are

20  denied.

21

22  **COMPLAINT ¶201:**

23         Lacey stands by Alaska Airlines' stated values of being respectful and inclusive of those

24  with other beliefs and values, without exception.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 65

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶201:** Alaska lacks knowledge and information sufficient to admit or deny the allegations in paragraph 201 and therefore denies them herein.

**COMPLAINT ¶202:**

Lacey is a practicing Christian and seeks to live her life in accordance with the tenets set out in the Bible, pursuing, as Jesus said, that God's "will be done on Earth as it is in Heaven" and treating others as she would like to be treated.

**ANSWER TO ¶202:** Alaska lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 202 and therefore denies them herein.

**COMPLAINT ¶203:**

Lacey's religious and moral convictions guided her in showing kindness and courtesy to all Alaska Airlines' guests and coworkers including those who may have had differing moral guidance or cultural values.

**ANSWER TO ¶203:** Alaska denies Plaintiff Smith showed kindness and courtesy to all Alaska's coworkers. Alaska lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 203 and therefore denies them herein

**COMPLAINT ¶204:**

Lacey believes that discrimination is an issue of morality, and she is compelled by her religious beliefs to treat everyone with respect and to oppose illegal discrimination.

**ANSWER TO ¶204:** Alaska lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 204 and therefore denies them herein.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶205:**

2

As a sign of her religious faith, Lacey consistently—at work and at other times—wore a

3

ring that displayed a cross.

4

**ANSWER TO ¶205:** Alaska lacks knowledge and information sufficient to admit or deny the

5

allegations in Paragraph 205 and therefore denies them herein.

6

7

**COMPLAINT ¶206:**

8

Lacey attended church in Portland with several other Alaska Airlines flight attendants.

9

**ANSWER TO ¶206:** Alaska lacks knowledge and information sufficient to admit or deny the

10

allegations in Paragraph 206 and therefore denies them herein.

11

12

**COMPLAINT ¶207:**

13

When traveling as a flight attendant, Lacey attended church during some of her layovers.

14

**ANSWER TO ¶207:** Alaska lacks knowledge and information sufficient to admit or deny the

15

remaining allegations in Paragraph 207 and therefore denies them herein.

16

17

**COMPLAINT ¶208:**

18

Alaska Airlines knew Lacey was a Christian.

19

**ANSWER TO ¶208:** Alaska denies the allegations in Paragraph 208.

20

21

**Lacey Smith's Question About Alaska Airlines' Support for the Equality Act**

22

**COMPLAINT ¶209:**

23

On February 25, 2021, Lacey Smith was "on reserve," meaning that she would be

24

scheduled for a trip if Alaska Airlines needed her to work.

25

**ANSWER TO ¶209:** Alaska admits the allegations in Paragraph 209.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 67

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶210:**

2      Soon after waking up, Lacey logged into her account on Alaska's World to see if she had

3  been called in to work that morning.

4  **ANSWER TO ¶210:** Alaska lacks knowledge and information sufficient to admit or deny the

5  allegations in Paragraph 210 and therefore denies them herein.

6

7  **COMPLAINT ¶211:**

8      When Lacey logged into Alaska's World, she saw the Airline's post "Alaska supports the

9  Equality Act" and read it.

10  **ANSWER TO ¶211:** Alaska lacks knowledge and information sufficient to admit or deny the

11  remaining allegations in Paragraph 211 and therefore denies them herein.

12

13

14  **COMPLAINT ¶212:**

15      Alaska Airlines' article explained the Airline's belief that the legislation would further

16  the important principle of equality for all.  Lacey fully supports equality and agrees that everyone

17  should be treated with kindness and respect.  She wondered if the Equality Act was the best

18  means to ensure equality.

19  **ANSWER TO ¶212:** The allegations in the first sentence of Paragraph 212 purport to recite a

20  written document - its "Alaska supports the Equality Act" post - which speaks for itself and is

21  the best evidence of its contents. To the extent that these allegations are inconsistent with or

22  mischaracterize the document, they are denied. Alaska lacks knowledge and information

23  sufficient to admit or deny the remaining allegations in Paragraph 212 and therefore denies them

24  herein.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 68

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**COMPLAINT ¶213:**

Specifically, Lacey had questions about whether Alaska Airlines would treat employees with various religious and moral beliefs with equality and not discriminate against them because of their beliefs.

**ANSWER TO ¶213:** Alaska lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 213 and therefore denies them herein.

**COMPLAINT ¶214:**

Before posting her question, Lacey read through Alaska Airlines' rules for leaving a comment or question.  Because rule four said, "Ask a question," she felt confident that it was okay to ask a question.  She saw that the rules said that if for any reason at all Alaska Airlines did not like her question, it would simply take it down.

**ANSWER TO ¶214:** Alaska lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 214 and therefore denies them herein.

**COMPLAINT ¶215:**

Believing Alaska Airlines' assurance that the company welcomed respectful disagreement, encouraged questions, and would simply remove any comment deemed objectionable, Lacey asked a question that stemmed from her own religious, philosophical, and moral convictions.

**ANSWER TO ¶215:**  Alaska lacks sufficient knowledge to admit or deny allegations concerning Plaintiff Smith's beliefs, and therefore denies the allegations contained in Paragraph 215 of the Complaint.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶216:**

2     After checking the box affirming her compliance with the commenting rules, at 8:35

3  a.m., Lacey posted the question:  "As a company, do you think it's possible to regulate

4  morality?"

5  **ANSWER TO ¶216:** The allegations in Paragraph 216 purport to recite a written document -

6  Plaintiff Smith's comment - which speaks for itself and is the best evidence of its contents. To

7  the extent that these allegations are inconsistent with or mischaracterize the document, they are

8  denied. To the extent a response is required, Alaska admits the same.

9

10 **COMPLAINT ¶217:**

11    She wanted to know if the Airline thought that it was possible or good for employers to

12 require employee conformity with employer beliefs on moral issues that conflict with the

13 religious or moral beliefs of many.

14 **ANSWER TO ¶217:** Alaska lacks knowledge and information sufficient to admit or deny the

15 allegations in Paragraph 217 and therefore denies them herein.

16

17 **COMPLAINT ¶218:**

18    When an employee posts a comment in Alaska's World, other employees have an

19 opportunity to "like" the comment.  At least 17 other employees "liked" Lacey's question on

20 Alaska's World.

21 **ANSWER TO ¶218:** Alaska admits the allegations it in the first sentence of Paragraph 218. The

22 allegations in the second paragraph of Paragraph 218 purport to refer to a written document -

23 Plaintiff Smith's comment - which speaks for itself and is the best evidence of any reactions to

24 Ms. Smith's comment. To the extent that these allegations are inconsistent with or

25 mischaracterize this document, they are denied.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 70

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **COMPLAINT ¶219:**

2         At 11:31 a.m., Alaska Airlines' Senior Vice President of People Andy Schneider posted

3    the following response:

4         Supporting the Equality Act is not about regulating morality.  It's about
         supporting laws that allow our LGBTQ+ employees and guests, no matter what
5         state they live in or fly to, to be protected against discrimination.  Our values are
         our guide, and we strongly believe that doing the right thing and being kind-
6         hearted require us to support this act.  As we said above, we aren't the kind of
         company that stands by and watches — we're going to use our voice and be a
7         leader on these issues.  We also expect our employees to live by these same
         values.  Our differences are to be respected.  As stated in our People Policies,
8         harassment and discrimination will not be tolerated.

9    **ANSWER TO ¶219:** The allegations in Paragraph 219 purport to recite a written document -

10   Andy Schneider's post in response to Plaintiff Smith's comment - which speaks for itself and is

11   the best evidence of its contents. To the extent that these allegations are inconsistent with or

12   mischaracterize this document, they are denied.

13

14   **COMPLAINT ¶220:**

15        By responding to Lacey's question, Schneider validated the question as appropriate.

16   **ANSWER TO ¶220:** Alaska denies the allegations in Paragraph 220.

17

18   **COMPLAINT ¶221:**

19        Lacey saw Schneider's response around 12:30 p.m. and "liked" it with the intent of

20   thanking her for offering insight into Alaska Airlines' position.  Seeing Schneider's response to

21   her question confirmed Lacey's understanding that Alaska's World was an appropriate forum for

22   questions about company policies.

23   **ANSWER TO ¶221:** Alaska lacks knowledge and information sufficient to admit or deny the

24   allegations in Paragraph 221 and therefore denies them herein.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 71

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**COMPLAINT ¶222:**

Around 2:00 p.m. on February 25, Lacey checked her Alaska Airlines email and saw that she had a message from her Inflight Performance Supervisor Noelle Berner.  When Lacey called Berner, Berner said that they needed to meet regarding the question Lacey had posted about the Equality Act article.

**ANSWER TO ¶222:** Alaska admits Noelle Berner reached out to Plaintiff Smith on or about February 25, 2021, to schedule a time to meet and discuss the comment she had posted in response to Alaska's article in support of the Equality Act. Alaska lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 222 and therefore denies them herein.

**COMPLAINT ¶223:**

On February 25, 2021, Alaska Airlines removed Lacey's question and Schneider's response from its website.

**ANSWER TO ¶223:** Alaska admits the allegations in Paragraph 223.

**COMPLAINT ¶224:**

Also on the afternoon of February 25, 2021, Alaska Airlines removed Lacey from duty through March 9, cancelling her upcoming trips pending investigation of her comment.

**ANSWER TO ¶224:** Alaska admits on or about February 25, 2021, it withheld Plaintiff Smith from service pending investigation of her comment.  Alaska denies the remaining allegations in Paragraph 224.

**COMPLAINT ¶225:**

At 10:45 p.m. on February 25, 2021—over 14 hours after she posted her comment and at least 10 hours after Schneider responded—Lacey received an email from "Alaskasworld

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 72

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Comments" informing her, "Just letting you know your comment was deleted because it violates our commenting terms."

**ANSWER TO ¶225:** The allegations in Paragraph 225 purport to recite a written document - a portion of Alaska's February 25, 2021 email notifying Plaintiff Smith that it was removing her comment - which speaks for itself and is the best evidence of its contents. To the extent that these allegations are inconsistent with or mischaracterize the document, they are denied.

**Internal Alaska Airlines Communications about Marli and Lacey's "Similar" Posts**
**COMPLAINT ¶226:**

A string of emails from February 25 and 26, 2021, demonstrates that Alaska Airlines viewed Lacey and Marli's posts as similar.

**ANSWER TO ¶226:** The allegations in Paragraph 226 purport to recite written documents - internal emails on February 25 and 26, 2021 related to Alaska's decisionmaking process vis-à-vis both Plaintiffs - which speaks for themselves and are the best evidence of their contents. To the extent that these allegations are inconsistent with or mischaracterize the document, they are denied.

**COMPLAINT ¶227:**

On February 25, 2021, at 10:39 p.m., Taylor Ball (Associate General Counsel, Labor & Employment) emailed Alaska Airlines employees Tiffany Dehaan (Managing Director, Culture, Learning, and Inclusion), Alexa McCann (Managing Director, Communications), Schneider, Kyle Levine (Senior Vice-President, Legal, and General Counsel), and Tami Becker Gomez (Senior Attorney, Labor and Employment), stating:

> We need to pull down this [Marli's] comment ASAP. I'd also recommend
> turning off further comments immediately. We should also pull down the earlier
> comment about "immorality." ... These are offensive viewpoints (regardless of
> politics) and employees should not be using our platform to take positions that are
> directly contrary to the Company's stated position and goals.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 73

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **ANSWER TO ¶227:** The allegations in Paragraph 227 purport to recite a written document - an

2  internal email on February 25, 2021 related to Alaska's decisionmaking process vis-à-vis both

3  Plaintiffs - which speaks for itself and is the best evidence of its contents. To the extent that these

4  allegations are inconsistent with or mischaracterize the document, they are denied.

5

6  **COMPLAINT ¶228:**

7       At 10:39 p.m., February 25, Alexa McCann responded, "This [Marli's comment] has

8  been removed and comments are turned off."

9  **ANSWER TO ¶228:** The allegations in Paragraph 228 purport to recite a written document - an

10  internal email on February 25, 2021 related to Alaska's decisionmaking process vis-à-vis

11  Plaintiff Brown - which speaks for itself and is the best evidence of its contents. To the extent

12  that these allegations are inconsistent with or mischaracterize the document, they are denied.

13

14  **COMPLAINT ¶229:**

15       The next morning, on February 26, 2021, at 8:48 a.m., David Henrich (Manager, Web

16  Development) emailed McCann asking, "Just confirming someone from HR is reaching out to

17  these two employees this morning with guidance on why we deleted the comments, correct?"

18  **ANSWER TO ¶229:** The allegations in Paragraph 229 purport to recite a written document - an

19  internal email on February 26, 2021 related to Alaska's decisionmaking process vis-à-vis both

20  Plaintiffs - which speaks for itself and is the best evidence of its contents. To the extent that these

21  allegations are inconsistent with or mischaracterize the document, they are denied.

22

23  **COMPLAINT ¶230:**

24       Several emails looped additional recipients in to Henrich's query, including McCann,

25  Dehaan, Ball, Becker Gomez, and Currier.  At 10:51 a.m., Currier replied, "we'll take it from

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 74

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  here," and at 10:54 a.m., Taylor Ball answered, "I should have looped you in last night at 10:30

2  instead of letting Tami hog all the fun!"

3  **ANSWER TO ¶230:** The allegations in Paragraph 230 purport to recite a written document - an

4  internal email on February 26, 2021 related to Alaska's decisionmaking process vis-à-vis both

5  Plaintiffs - which speaks for itself and is the best evidence of its contents. To the extent that these

6  allegations are inconsistent with or mischaracterize the document, they are denied.

7

8  **COMPLAINT ¶231:**

9      At 10:57 a.m., Currier responded to Ball, saying:

10     Oh the joy...
       Taylor, you mentioned these two employees.  Is there a second one I missed?  Is it
11     Lacey Smith?

12  **ANSWER TO ¶231:** The allegations in Paragraph 231 purport to recite a written document - an

13  internal email on February 26, 2021 related to Alaska's decisionmaking process vis-à-vis both

14  Plaintiffs - which speaks for itself and is the best evidence of its contents. To the extent that these

15  allegations are inconsistent with or mischaracterize the document, they are denied.

16

17  **COMPLAINT ¶232:**

18     At 10:57 a.m., Ball responded affirmatively.

19  **ANSWER TO ¶232:** The allegations in Paragraph 232 purport to recite a written document - an

20  internal email on February 26, 2021 related to Alaska's decisionmaking process vis-à-vis both

21  Plaintiffs - which speaks for itself and is the best evidence of its contents. To the extent that these

22  allegations are inconsistent with or mischaracterize the document, they are denied.

23

24  **COMPLAINT ¶233:**

25     At 11:28 a.m., Currier emailed Neidlinger, explaining,

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 75

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

I have a new one for you.  It hasn't made it to Performance yet but a similar one (Laci Smith) has.... I'm going to pull us together briefly to chat through these and some additional info from Legal on next steps before we connect with Performance so we can get consistent on approach.

**ANSWER TO ¶233:** The allegations in Paragraph 233 purport to recite a written document - an internal email on February 26, 2021 related to Alaska's decisionmaking process vis-à-vis both Plaintiffs - which speaks for itself and is the best evidence of its contents. To the extent that these allegations are inconsistent with or mischaracterize the document, they are denied.

**Lacey's Preliminary Conversation with AFA**

**COMPLAINT ¶234:**

On March 4, 2021, Lacey spoke with her AFA representative, Steve Mailer (President of the AFA LEC, Portland).

**ANSWER TO ¶234:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 234 and on that basis denies those allegations.

**COMPLAINT ¶235:**

Mailer reminded Lacey that Alaska Airlines' management had always said it encouraged open dialogue.

**ANSWER TO ¶235:** Alaska lacks knowledge and information sufficient to form a belief about the truth of what Mailer told Plaintiff Smith and on that basis denies the allegations in Paragraph 235.

**COMPLAINT ¶236:**

Mailer also mentioned that Alaska Airlines had deleted another comment posted by a flight attendant at a different base.  Mailer was referring to Marli Brown's post.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 76

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶236:** Alaska lacks knowledge and information sufficient to form a belief about the truth of what Mailer told Plaintiff Smith and on that basis denies the allegations in Paragraph 236.

**Lacey's Investigation and Termination**

**COMPLAINT ¶237:**

On March 11, 2021, Lacey met with Berner, Nicole O'Neal (Human Resources Business Partner), and Kristie Stafford (Portland Base Manager).

**ANSWER TO ¶237:** Alaska admits the allegations in Paragraph 237.

**COMPLAINT ¶238:**

Lacey was accompanied by two AFA representatives—Mailer and Krystle Berry (AFA LEC Vice President, Portland).

**ANSWER TO ¶238:** Alaska admits the allegations in Paragraph 238.

**COMPLAINT ¶239:**

Because of Lacey's religious beliefs, AFA did not defend Lacey as vigorously as it defends other flight attendants.

**ANSWER TO ¶239:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 239 and on that basis denies those allegations.

**COMPLAINT ¶240:**

Mailer did not advocate for Lacey's right to be free from discrimination on the basis of religion.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 77

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶240:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 240 and on that basis denies those allegations.

**COMPLAINT ¶241:**

Mailer noted that Alaska Airlines failed to follow its own policies, which stated that a comment deemed inappropriate would be taken down.  He also pointed out that the company responded to Lacey's question and left it up for several hours.

**ANSWER TO ¶241:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 241 and on that basis denies those allegations. Alaska denies any allegations of wrongdoing, whether explicit or implied.

**COMPLAINT ¶242:**

At Mailer's request, Lacey prepared a statement explaining her actions, which Mailer forwarded to Berner.

**ANSWER TO ¶242:** Alaska admits it received a statement prepared by Plaintiff Smith after the March 11, 2021 meeting. Alaska lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 242 and on that basis denies those allegations.

**COMPLAINT ¶243:**

When Stafford asked what her posted question meant, Lacey described the complexity of the Equality Act and explained that one can support equality while not supporting the Act.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 78

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶243:**  Alaska admits Stafford asked Plaintiff Smith what her posted question

2    meant, but denies the remaining allegations in Paragraph 243.

3

4    **COMPLAINT ¶244:**

5         Lacey affirmed that she supports human rights and diversity, sharing Alaska Airlines'

6    stated values.  Lacey questioned the means Alaska Airlines endorsed for reaching those ends.

7    **ANSWER TO ¶244:** Alaska denies the allegations in Paragraph 244.

8

9    **COMPLAINT ¶245:**

10        Lacey explained that her post related to deeper questions such as whether we are

11   inherently good people, a quintessentially religious question.

12   **ANSWER TO ¶245:** Alaska denies the allegations in Paragraph 245.

13

14   **COMPLAINT ¶246:**

15        Given the changing culture at Alaska Airlines, Lacey feared retaliation if she expressly

16   referenced her religious beliefs.

17   **ANSWER TO ¶246:** Alaska lacks knowledge and information sufficient to form a belief about

18   the truth of the allegations contained in Paragraph 246 and on that basis denies those allegations.

19

20   **COMPLAINT ¶247:**

21        As Stafford and Berner aggressively questioned her, Lacey received the impression that

22   she must ignore her religious and moral convictions in order to conform to Alaska Airlines'

23   moral convictions if she wanted to keep her job.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 79

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶247:** Alaska admits that Stafford and Berner questioned Plaintiff Smith

2   regarding her comment. Alaska denies that Stafford and Berner line of questioning was

3   aggressive. Alaska lacks knowledge and information sufficient to form a belief about the truth of

4   the remaining allegations in Paragraph 247 and on that basis denies those allegations.

5

6   **COMPLAINT ¶248:**

7          The conversation with Stafford and Berner made Lacey feel hopeless and frustrated.

8   Their hostile questioning brought Lacey to tears, at which point Mailer suggested that they take a

9   brief break.

10  **ANSWER TO ¶248:** Alaska denies that Stafford's and Berner's line of questioning was hostile

11  and further denies any allegations of wrongdoing, whether explicit or implied. Alaska lacks

12  knowledge and information sufficient to form a belief about the truth of the remaining

13  allegations contained in Paragraph 248 and on that basis denies those allegations.

14

15  **COMPLAINT ¶249:**

16         On March 19, 2021, Lacey received a Notice of Discharge, signed by Berner, explaining

17  that she violated Alaska Airlines' "Our People Policies," covering harassment and

18  discrimination, and sections 6.300 and 7.100 of the *Flight Attendant Manual*, covering personal

19  conduct.

20  **ANSWER TO ¶249:** Alaska admits Berner signed a Notice of Discharge which was sent to

21  Plaintiff Smith on March 19, 2021. The remaining allegations in Paragraph 249 purport to recite

22  a written document - the Notice of Discharge - which speaks for itself and is the best evidence of

23  its contents. To the extent that these allegations are inconsistent with or mischaracterize the

24  document, they are denied.

25

26

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶250:**

2       Among other things, the letter states:

3       Defining gender identity or sexual orientation as a moral issue, or questioning the
        Company's support for the rights of all people regardless of their gender identity
4       or sexual orientation, is not a philosophical question, but a discriminatory
        statement....  Your posting was offensive, discriminatory, and did not align with
5       Alaska Airline's values....

6   *See* Ex. 10 — Lacey's Notice of Discharge.

7   **ANSWER TO ¶250:** The allegations in Paragraph 250 purport to recite a written document - the

8   Notice of Discharge - which speaks for itself and is the best evidence of its contents. To the

9   extent that these allegations are inconsistent with or mischaracterize the document, they are

10  denied.

11

12  **COMPLAINT ¶251:**

13      The Notice of Discharge also states the company received concerns that her comment

14  "carried the message that being LGBTQ was immoral or wrong."

15  **ANSWER TO ¶251:** The allegations in Paragraph 251 purport to recite a written document - the

16  Notice of Discharge - which speaks for itself and is the best evidence of its contents. To the

17  extent that these allegations are inconsistent with or mischaracterize the document, they are

18  denied.

19

20  **COMPLAINT ¶252:**

21      The Notice of Discharge mischaracterizes Lacey's question and her motivation, revealing

22  the hostility pervasive at Alaska Airlines towards those the Airline views as holding traditional

23  religious beliefs about sexuality.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 81

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶252:** The allegations in Paragraph 250 purport to recite a written document - the

2   Notice of Discharge - which speaks for itself and is the best evidence of its contents. To the

3   extent that these allegations are inconsistent with or mischaracterize the document, they are

4   denied.

5

6   **COMPLAINT ¶253:**

7       Categorically saying that "[d]efining gender identity or sexual orientation as a moral

8   value is ... a discriminatory statement" is itself a discriminatory statement.

9   **ANSWER TO ¶253:** The allegations in Paragraph 253 assert legal opinion to which no response

10  is required. To the extent a response is required, Alaska denies the allegations in Paragraph 253

11  and further denies any allegations of wrongdoing, whether explicit or implied.

12

13  **COMPLAINT ¶254:**

14      Many people view issues surrounding sexuality as religious or moral questions.

15  **ANSWER TO ¶254:**  Alaska lacks knowledge and information sufficient to form a belief about

16  the truth of the allegations contained in Paragraph 254 and on that basis denies those allegations.

17

18  **COMPLAINT ¶255:**

19      Alaska Airlines terminated Lacey's employment because of her religion.

20  **ANSWER TO ¶255:** Alaska denies the allegations in Paragraph 255 and further denies any

21  allegations of wrongdoing, whether explicit or implied.

22

23  **COMPLAINT ¶256:**

24      AFA timely appealed Lacey's Notice of Discipline.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 82

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶256:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 256 and on that basis denies those allegations.

**Lacey's Grievance Hearing**

**COMPLAINT ¶257:**

On April 27, 2021, Lacey met with Michael Link for her grievance hearing.  Alaska Airlines' Themelis and AFA representatives Mailer and Berry also attended the meeting.

**ANSWER TO ¶257:** Alaska admits the allegations in Paragraph 257.

**COMPLAINT ¶258:**

During the grievance hearing, Lacey asked Link for a religious accommodation that she be allowed to politely express beliefs motivated by her religion in the same way that others were allowed to express beliefs related to other protected characteristics.

**ANSWER TO ¶258:** Alaska admits Plaintiff Smith asked Link for an accommodation but denies the remaining allegations in Paragraph 258. Alaska further denies Plaintiff Smith was entitled to a reasonable accommodation.

**COMPLAINT ¶259:**

In a written statement submitted to Link and to Mailer, Lacey explained that she asked her question to seek clarification about whether Alaska Airlines believes employees with different religious and moral beliefs should be treated equally and not face discrimination because of their beliefs.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 83

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶259:** The allegations in Paragraph 259 purport to recite a written document -

2   Plaintiff Smith's written statement - which speaks for itself and is the best evidence of its

3   contents. To the extent that these allegations are inconsistent with or mischaracterize the

4   document, they are denied.

5

6   **COMPLAINT ¶260:**

7   　　　In her statement, Lacey explained to Link that in her March 11 investigatory meeting, she

8   felt pressured to assure the company she would never raise a question like that again because it

9   could offend someone, suggesting that she must ignore her religious and moral convictions and

10  instead agree with the company's moral convictions to keep her job.  Her statement explained

11  that Alaska is cultivating a hostile work environment for people of faith.  For the company to

12  discipline religious employees for being concerned about religious discrimination demonstrates

13  hostility toward people of faith.

14  **ANSWER TO ¶260:** The allegations in Paragraph 260 purport to recite a written document -

15  Plaintiff Smith's written statement - which speaks for itself and is the best evidence of its

16  contents. To the extent that these allegations are inconsistent with or mischaracterize the

17  document, they are denied.

18

19

20

21

22

23

24

25

26

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶261:**

2       Lacey also gave Link and Mailer a print-out of a screenshot of website defining morality,

3   which stated:

4

5   Morality is the differentiation of intentions, decisions and
    actions between those that are distinguished as proper

6   (right) and those that are improper (wrong). Morality can
    be a body of standards or principles derived from a code

7   of conduct from a particular philosophy, religion or
    culture, or it can derive from a standard that a person

8   believes should be universal. Morality may also be
    specifically synonymous with "goodness" or "rightness".

9

10

11  **ANSWER TO ¶261:** The allegations in Paragraph 261 purport to recite a written document -

12  Plaintiff Smith's written statement - which speaks for itself and is the best evidence of its

13  contents. To the extent that these allegations are inconsistent with or mischaracterize the

14  document, they are denied.

15

16  **COMPLAINT ¶262:**

17      Referencing the rules for Alaska's World, Lacey's statement reminded Link of Alaska

18  Airlines' commitment that employees "be allow[ed] to be who we are," and she asked that he

19  "[r]emember that even though we might not agree, we can still be a community that supports and

20  respects one another."

21  **ANSWER TO ¶262:** The allegations in Paragraph 262 purport to recite a written document -

22  Plaintiff Smith's written statement - which speaks for itself and is the best evidence of its

23  contents. To the extent that these allegations are inconsistent with or mischaracterize the

24  document, they are denied.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 85

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**COMPLAINT ¶263:**

Following the grievance hearing, Lacey walked to the parking lot with AFA's Berry.  As Lacey expressed her frustrations because she thought she "had a right...," Berry finished Lacey's sentence saying, "A right not to be discriminated against?"

**ANSWER TO ¶263:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 263 and on that basis denies those allegations.

**COMPLAINT ¶264:**

Berry then explained that in working for the Union for about a year, nearly all her work involved representing Christians and conservatives in meetings like Lacey's, meetings in which they were being investigated and/or disciplined for postings the Airline found offensive.

**ANSWER TO ¶264:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 264 and on that basis denies those allegations.

**COMPLAINT ¶265:**

Berry also expressed that, while she wasn't personally religious, she could see that it seemed Alaska Airlines was persecuting religious employees.

**ANSWER TO ¶265:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 265 and on that basis denies those allegations.

**COMPLAINT ¶266:**

And Berry shared that, while she herself was not religious, she counseled her own mother, a Catholic flight attendant, not to post on social media about her beliefs because Berry wanted her mom to be able to retire rather than get fired.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 86

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶266:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 266 and on that basis denies those allegations.

**COMPLAINT ¶267:**

Despite Berry's perspective that Alaska Airlines persecuted religious employees like Lacey, AFA did not speak up to defend Lacey's right to be free from religious discrimination in the workplace.

**ANSWER TO ¶267:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 267 and on that basis denies those allegations. Alaska denies any allegations of wrongdoing, whether explicit or implied.

**COMPLAINT ¶268:**

AFA knew Lacey was religious.

**ANSWER TO ¶268:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations related to the AFA contained in Paragraph 268 and on that basis denies those allegations.

**COMPLAINT ¶269:**

On May 10, 2021, Link denied Lacey's grievance, thereby making final the Airline's decision to terminate Lacey.

**ANSWER TO ¶269:** Alaska admits Link denied Plaintiff Smith's grievance. The remaining allegations in Paragraph 269 are legal conclusions to which no response is required.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 87

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶270:**

2   As a result of her termination, Lacey suffered a loss of income, loss of benefits,

3   emotional harm, reputational harm, mental anguish, and great inconvenience.

4   **ANSWER TO ¶270:** Alaska denies the allegations in Paragraph 270.

5

6   **COMPLAINT ¶271:**

7   In discriminating against Lacey, defendants Alaska Airlines and AFA acted with malice

8   or reckless indifference to Lacey's protected civil rights.

9   **ANSWER TO ¶271:** Alaska denies the allegations that it acted with malice or reckless

10  indifference to Plaintiff Smith's protected civil rights. Alaska lacks knowledge and information

11  sufficient to form a belief about the truth of the remaining allegations related to the AFA

12  contained in Paragraph 271 and on that basis denies those allegations.

13

14  **Lacey's Pre-arbitration Screening by AFA**

15  **COMPLAINT ¶272:**

16  On June 29, 2021, Lacey met by telephone with Adams and Chaput for "pre-screening"

17  to determine if the Union would represent her during arbitration.

18  **ANSWER TO ¶272:** Alaska lacks knowledge and information sufficient to form a belief about

19  the truth of the allegations related to the AFA contained in Paragraph 272 and on that basis

20  denies those allegations.

21

22  **COMPLAINT ¶273:**

23  During the phone call, Lacey faced hostile questions from Chaput and Adams, who were

24  aggressive and argumentative.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 88

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶273:** Alaska lacks knowledge and information sufficient to form a belief about

2   the truth of the allegations contained in Paragraph 273 and on that basis denies those allegations.

3

4   **COMPLAINT ¶274:**

5          Chaput first said that she disagreed that laws regulate behavior and morality, but then

6   Chaput said that plenty of laws regulate morality and that Lacey would agree with them, citing

7   some civil rights laws as examples.

8   **ANSWER TO ¶274:** Alaska lacks knowledge and information sufficient to form a belief about

9   the truth of the allegations contained in Paragraph 274 and on that basis denies those allegations.

10

11  **COMPLAINT ¶275:**

12         Chaput told Lacey she didn't have "free speech" rights at work, ignoring Lacey's rights

13  as a religious employee.

14  **ANSWER TO ¶275:** Alaska lacks knowledge and information sufficient to form a belief about

15  the truth of the allegations in Paragraph 275 and on that basis denies those allegations.

16

17  **COMPLAINT ¶276:**

18         One of the union representatives challenged Lacey, asserting that what her post had really

19  meant was that LGBT people are not moral.

20  **ANSWER TO ¶276:** Alaska lacks knowledge and information sufficient to form a belief about

21  the truth of the allegations related to the AFA contained in Paragraph 276 and on that basis

22  denies those allegations.

23

24  **COMPLAINT ¶277:**

25         On July 1, 2021, the Union declined to represent Lacey further in the grievance process,

26  continuing to ignore the company's religious discrimination and retaliation against her.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 89

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶277:** Alaska lacks knowledge and information sufficient to form a belief about

2   the truth of the allegations related to the AFA contained in Paragraph 277 and on that basis

3   denies those allegations.

4

5   **Similarly Situated Employees Who Commented on the Equality Act Post But Were**
    **Not Disciplined**

6

7   **COMPLAINT ¶278:**

8       When, on February 25, 2021, Alaska Airlines posted on Alaska's World about its support

9   for the Equality Act, it did not discipline other employees who posted comments questioning the

10  company's position but did not raise religious concerns, or who raised moral values but agreed

11  with the Airline's position.

12  **ANSWER TO ¶278:** Alaska admits on February 25, 2021, Alaska posted on Alaska's World

13  about its support for the Equality Act. Alaska denies the remaining allegations in Paragraph 278.

14

15  **COMPLAINT ¶279:**

16      On February 25, 2021, Michael Saporito (Alaska Airlines Line Avionics Technician,

17  Anchorage) posted a comment on Alaska's World questioning why Alaska Airlines supported

18  the Equality Act which, in his opinion, simply "reinvent[s] the wheel. " He stated:

19      I thought that we had this already and it is call Equal Employment Opportunities.
        Is this just the same book with another cover?  Why do companies and our
20      government have to reinvent the wheel when the EEOC was established July 2
        1965 and it appears we have not accomplished much if we are still trying to fix
21      the same issues we had 56 years ago????

22

23

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 90

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶279:** The allegations in Paragraph 279 purport to recite a written document - a

2    portion of one employee's comment in response to Alaska's article in support of the Equality Act

3    dated February 25, 2021 - which speaks for itself and is the best evidence of its contents. To the

4    extent that these allegations are inconsistent with or mischaracterize the document, they are

5    denied.

6

7    **COMPLAINT ¶280:**

8           At least 26 employees "liked" Saporito's comment, and Susan Morlary (Manager, HR

9    Compliance) responded to it.

10   **ANSWER TO ¶280:** The allegations in Paragraph 280 of the Complaint purport to describe

11   employee's reactions to Mr. Saporitos' comment and Ms. Morlary's response to the same. Such

12   evidence speaks for itself and is the best evidence of any responses or reactions. To the extent

13   that these allegations are inconsistent with or mischaracterize this document, they are denied.

14   Alaska denies any remaining allegations in Paragraph 280 of the Complaint.

15

16   **COMPLAINT ¶281:**

17          Although Saporito, like Marli and Lacey, questioned whether Alaska Airlines' support

18   for the Equality Act was the best means of achieving its goals of equality, Saporito's comment—

19   which did not touch on religious concerns---was not removed.

20   **ANSWER TO ¶281:** Alaska denies the allegations in Paragraph 281.

21

22   **COMPLAINT ¶282:**

23          On information and belief, Alaska Airlines did not discipline Saporito.

24   **ANSWER TO ¶282:**

25          Alaska admits the allegations in Paragraph 282.

26

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶283:**

2    On February 25, 2021, Steven Kimball (Alaska Airlines Flight Attendant, Portland)

3  posted a comment on Alaska's World stating that supporting the Equality Act is the "morally

4  right thing to do."

5  **ANSWER TO ¶283:** The allegations in Paragraph 283 purport to recite a written document - a

6  portion of one employee's comment in response to Alaska's article in support of the Equality Act

7  dated February 25, 2021 - which speaks for itself and is the best evidence of its contents. To the

8  extent that these allegations are inconsistent with or mischaracterize the document, they are

9  denied.

10

11  **COMPLAINT ¶284:**

12    Kimball's post revealed that he considered gender identity and sexual orientation to be

13  moral issues.

14  **ANSWER TO ¶284:** The allegations in Paragraph 284 purport to recite a written document - a

15  portion of another employee's comment in response to Alaska's article in support of the Equality

16  Act dated February 25, 2021 - which speaks for itself and is the best evidence of its contents. To

17  the extent that these allegations are inconsistent with or mischaracterize the document, they are

18  denied. Further, Alaska lacks knowledge and information sufficient to admit or deny the

19  allegations regarding Mr. Kimball's beliefs and therefore denies those allegations in Paragraph

20  284.

21

22  **COMPLAINT ¶285:**

23    Alaska Airlines did not remove the post or discipline Kimball.

24  **ANSWER TO ¶285:**

25    Alaska admits it did not discipline Kimball. Alaska denies that it did not remove

26  Kimball's post.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 92

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

2   **COMPLAINT ¶286:**

3       On February 25, 2021, Arnold Tharp (Alaska Airlines Flight Attendant, Portland) posted

4   a comment stating: "I think this entire national and company conversation has done one thing for

5   me — it has shown me who really, truly has values....  The truth always wins out, the honorable

6   values (or lack thereof) always shows itself eventually."

7   **ANSWER TO ¶286:** The allegations in Paragraph 286 purport to recite a written document - a

8   portion of another employee's comment in response to Alaska's article in support of the Equality

9   Act dated February 25, 2021 - which speaks for itself and is the best evidence of its contents. To

10  the extent that these allegations are inconsistent with or mischaracterize the document, they are

11  denied.

12

13  **COMPLAINT ¶287:**

14      Tharp's post and use of the term "honorable values" revealed that he considered gender

15  identity and sexual orientation to be moral issues.

16  **ANSWER TO ¶287:** The allegations in Paragraph 287 purport to recite a written document - a

17  portion of another employee's comment in response to Alaska's article in support of the Equality

18  Act dated February 25, 2021 - which speaks for itself and is the best evidence of its contents. To

19  the extent that these allegations are inconsistent with or mischaracterize the document, they are

20  denied. Further, Alaska lacks knowledge and information sufficient to admit or deny the

21  allegations regarding Mr. Tharp's beliefs and therefore denies the allegations in Paragraph 287.

22

23  **COMPLAINT ¶288:**

24      Alaska Airlines did not remove the post or discipline Tharp.

25  **ANSWER TO ¶288:**

26      Alaska admits it did not discipline Tharp. Alaska denies that it did not remove Tharp's

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 93

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   post.

2

3   **COMPLAINT ¶289:**

4   On February 25, 2021, Alberto Panay (Alaska Airlines Flight Attendant, Los Angeles)

5   posted a comment on Alaska's World saying, "Very proud of my company.  Hope leadership

6   continues to enforce the 0 tolerance policy, and follows up with those employees who continue

7   to question or resist this stance."

8   **ANSWER TO ¶289:** The allegations in Paragraph 289 purport to recite a written document - a

9   portion of another employee's comment in response to Alaska's article in support of the Equality

10  Act dated February 25, 2021 - which speaks for itself and is the best evidence of its contents. To

11  the extent that these allegations are inconsistent with or mischaracterize the document, they are

12  denied.

13  **COMPLAINT ¶290:**

14  Such comments also reflect the company's culture of hostility and intolerance toward

15  people with different religious views.

16  **ANSWER TO ¶290:** Alaska denies the allegations in Paragraph 290.

17

18  **Similarly Situated Employees Who Were Disciplined Less Severely for Comments**
    **Alaska Airlines Disliked**
19

20  **COMPLAINT ¶291:**

21  Alaska Airlines' policy and practice is that when it concludes its employees have violated

22  its social media policies, they receive oral warnings or suspensions of up to five days.

23  **ANSWER TO ¶291:** Alaska denies the allegations in Paragraph 291.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 94

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶292:**

2       Alaska Airlines' policy and practice is to give oral warnings to left-leaning political posts

3   that the company deemed violated its policies.

4   **ANSWER TO ¶292:** Alaska denies the allegations in Paragraph 292.

5

6   **COMPLAINT ¶293:**

7       Alaska Airlines' policy and practice is to give 3- or 5-day suspensions to right-leaning

8   political posts that the company deemed violated its policies.

9   **ANSWER TO ¶293:** Alaska denies the allegations in Paragraph 293.

10

11  **COMPLAINT ¶294:**

12      The company takes the drastic step of terminating employees only when they express

13  religious beliefs with which the company disagrees.

14  **ANSWER TO ¶294:** Alaska denies the allegations in Paragraph 294.

15

16  **COMPLAINT ¶295:**

17      In July 2020, Mary McChesney (Alaska Airlines Flight Attendant, Portland) posted on

18  her personal Facebook page a picture of a racially diverse group of smiling people accompanied

19  by the words, "Lives Matter.  If you need a color in front of those two words ... you're a racist.

20  We are Americans."

21  **ANSWER TO ¶295:**

22      Alaska admits that Mary McChesney posted a picture to her personal Facebook page in

23  July 2020. The remaining allegations in Paragraph 295 of the Complaint purport to recite the

24  contents of a written document -- a post on McChesney's personal Facebook page -- which

25  speaks for itself and is the best evidence of its terms.  To the extent that these allegations are

26  inconsistent with or mischaracterize this document, they are denied.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 95

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

2  **COMPLAINT ¶296:**

3      On July 31, 2020, citing the same policies it cited for firing Marli and Lacey, Alaska

4  Airlines issued McChesney a Notice of Discipline with a 3-day suspension.  The airline said that

5  she had violated company policy because the post "did not align with Alaska Airlines' values

6  and was divisive rather than inclusive."

7  **ANSWER TO ¶296:**

8      Alaska admits its issued a Notice of Discipline and 3-day suspension to McChesney.  The

9  remaining allegations in Paragraph 296 of the Complaint purport to recite the contents of a

10  written document -- McChesney's Notice of Discipline -- which speaks for itself and is the best

11  evidence of its terms.  To the extent that these allegations are inconsistent with or

12  mischaracterize this document, they are denied.

13

14  **COMPLAINT ¶297:**

15      On April 20, 2021, following the Derek Chauvin verdict, Jenn Duvall (Alaska Airlines

16  Flight Attendant, Portland) posted to her personal Facebook page several hashtags such as

17  #BLUELIVESMATTER, #supportpoliceofficers, #georgefloydwasacriminal,

18  #georgefloydwasnotmurdered.  Later, after doing more research and talking with a friend who is

19  a police officer, she voluntarily deleted the post, which no longer reflected her changed views on

20  the Chauvin trial.

21  **ANSWER TO ¶297:**

22      Alaska admits the allegations in the first sentence of Paragraph 297. Alaska lacks

23  knowledge and information sufficient to admit or deny the allegations in Paragraph 297 and

24  therefore denies them herein.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 96

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶298:**

2  She also posted:

3  I'm curious, has BLM helped one black person get a job or an education?  Have
   they cleaned up one city?  Built any Rec Centers?  Have they really helped any
4  blacks at all?

5  **ANSWER TO ¶298:**

6  Alaska admits Duvall made an additional post. The remaining allegations in Paragraph

7  298 of the Complaint purport to recite the contents of a written document -- Duvall's post on her

8  personal Facebook page -- which speaks for itself and is the best evidence of its terms.  To the

9  extent that these allegations are inconsistent with or mischaracterize this document, they are

10  denied.

11

12  **COMPLAINT ¶299:**

13  On May 12, 2021, citing the same policies it cited for firing Marli and Lacey, Alaska

14  Airlines issued a notice of discipline to Duvall, suspending her for the two posts she had made on

15  her personal Facebook page.

16  **ANSWER TO ¶299:**

17  Alaska admits its issued a Notice of Discipline to Duvall and suspended her for the posts

18  on her personal Facebook page.  The remaining allegations in Paragraph 296 of the Complaint

19  purport to refer to the contents of a written document -- Duvall's Notice of Discipline -- which

20  speaks for itself and is the best evidence of its terms.  To the extent that these allegations are

21  inconsistent with or mischaracterize this document, they are denied.

22

23  **COMPLAINT ¶300:**

24  During her grievance process, Duvall learned that two other flight attendants, whom she

25  knows to be political conservatives, received 1-day and 5-day suspensions for making political

26  statements on their Facebook pages that Alaska Airlines deemed offensive.  She also learned of

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 97

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  two flight-attendants, whom she knows to be left-leaning politically, who only received oral

2  warnings when their social media posts offended others.

3  **ANSWER TO ¶300:** Alaska lacks knowledge and information sufficient to admit or deny the

4  allegations in Paragraph 300 and therefore denies them herein.

5

6  **COMPLAINT ¶301:**

7      During 2021 and early 2022, many flight attendants noted Alaska Airlines employees

8  posting hostile comments in social media or in-person about flight attendants who were

9  unvaccinated, most of them for religious reasons.  On information and belief, management

10  declined to discipline any of the posters.

11  **ANSWER TO ¶301:** Alaska lacks knowledge and information sufficient to admit or deny the

12  allegations in Paragraph 301 and therefore denies them herein.

13

14  **COMPLAINT ¶302:**

15      Alaska Airlines ordinarily does not terminate except for serious conduct that could be

16  harmful to the airline industry, such as alcohol consumption while working or arriving at work

17  intoxicated.

18  **ANSWER TO ¶302:** Alaska denies the allegations in Paragraph 302.

19

20  **Similarly Situated Employees Whom AFA Treated More Favorably**

21  **COMPLAINT ¶303:**

22      On information and belief, the Union has zealously advocated for employees who have

23  been terminated for safety violations, public intoxication during layovers, theft, and other

24  misconduct.  AFA has successfully advocated for many such employees, and they have been

25  returned to their jobs.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 98

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶303:** Alaska lacks knowledge and information sufficient to form a belief about

2   the truth of the allegations contained in Paragraph 303 and on that basis denies those allegations.

3

4   **Alaska Airlines Confirms its Policy of Silencing Religious Opinions**

5   **COMPLAINT ¶304:**

6       After Marli and Lacey posted their comments in Alaska's World and after the company

7   fired them, Alaska Airlines changed Alaska's World's commenting rules to specifically prohibit

8   the expression of religious opinions.

9   **ANSWER TO ¶304:** Alaska denies the allegations in Paragraph 304.

10

11  **COMPLAINT ¶305:**

12      While Alaska Airlines encourages employees to speak freely about their views on

13  transgender issues and various sexual orientations, religious employees must hide their religious

14  identities or face adverse consequences.

15  **ANSWER TO ¶305:** Alaska denies the allegations in Paragraph 305.

16

17                          **FIRST CAUSE OF ACTION**

18          **TITLE VII: RELIGIOUS DISCRIMINATION, DISPARATE TREATMENT**

19              **(MARLI BROWN and LACEY SMITH against ALASKA AIRLINES)**

20  **COMPLAINT ¶306:**

21      Plaintiffs incorporate and adopt by reference the allegations in the preceding paragraphs

22  of the Complaint as if fully set forth herein.

23  **ANSWER TO ¶306:** Alaska incorporates by reference its answers to Paragraphs 1-305 of the

24  Complaint as if fully set forth herein.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 99

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶307:**

2      Alaska Airlines is an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b).

3   **ANSWER TO ¶307:**

4      The allegations in Paragraph 307 are legal conclusions to which no response is required.

5   To the extent a response is required, Alaska admits the allegations in Paragraph 307.

6   **COMPLAINT ¶308:**

7      Under Title VII, it is an unlawful employment practice for an employer "to discharge any

8   individual, or otherwise to discriminate against any individual with respect to his compensation,

9   terms, conditions, or privileges of employment, because of such individual's ... religion."  42

10  U.S.C. § 2000e-2(a)(1).

11  **ANSWER TO ¶308:**  The allegations in Paragraph 308 purport to recite portions of Title VII,

12  which speaks for itself and to which no response is required.

13

14  **COMPLAINT ¶309:**

15     "Religion" is defined as including "all aspects of religious observance and practice, as

16  well as belief."  42 U.S.C. § 2000e(j).

17  **ANSWER TO ¶309:** The allegations in Paragraph 309 purport to recite portions of 42 U.S.C. §

18  2000e(j), which speaks for itself and to which no response is required.

19

20  **COMPLAINT ¶310:**

21     The Equal Opportunity Employment Commission defines "religious practices" to

22  "include moral or ethical beliefs as to what is right and wrong which are sincerely held with the

23  strength of traditional religious views."  29 C.F.R. § 1605.1.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 100

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **ANSWER TO ¶310:** The allegations in Paragraph 310 purport to recite portions of Title VII,

2  which speaks for itself and to which no response is required. To the extent that these allegations

3  are inconsistent with or mischaracterize the law, they are denied.

4

5  **COMPLAINT ¶311:**

6      Plaintiffs Marli and Lacey were outstanding flight attendants, well-qualified for their

7  positions.

8  **ANSWER TO ¶311:** Alaska denies the allegations in Paragraph 311.

9

10  **COMPLAINT ¶312:**

11      Marti and Lacey are Christians who hold biblically-based, traditional Christian beliefs

12  that marriage is the union of one man and one woman and that male and female are defined by

13  biological difference between the sexes.

14  **ANSWER TO ¶312:** Alaska lacks knowledge and information sufficient to admit or deny the

15  allegations in Paragraph 312, and therefore denies them herein.

16

17  **COMPLAINT ¶313:**

18      Marli and Lacey's religious and moral convictions guide them in showing kindness and

19  courtesy to all customers and coworkers—including those who may have differing moral

20  guidance or cultural values.

21  **ANSWER TO ¶313:** Alaska lacks knowledge and information sufficient to admit or deny the

22  allegations in Paragraph 313, and therefore denies them herein.

23

24  **COMPLAINT ¶314:**

25      Marli and Lacey's religious beliefs compel them to treat everyone with respect and

26  oppose illegal discrimination, such as discrimination against women and people of faith.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 101

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1  **ANSWER TO ¶314:** Alaska lacks knowledge and information sufficient to admit or deny the

2  allegations in Paragraph 314, and therefore denies them herein.

3

4  **COMPLAINT ¶315:**

5         Marli's religious beliefs compel her to seek to protect vulnerable groups, such as women

6  and people of faith, in accordance with Micah 6:8's command to "do justice, love mercy, and

7  walk humbly with [her] God."

8  **ANSWER TO ¶315:** Alaska lacks knowledge and information sufficient to admit or deny the

9  allegations in Paragraph 315, and therefore denies them herein.

10

11  **COMPLAINT ¶316:**

12        Alaska Airlines knew Marli and Lacey were Christians.

13  **ANSWER TO ¶316:** Alaska denies the allegations in Paragraph 316.

14

15  **COMPLAINT ¶317:**

16        Alaska Airlines discriminated against, withheld from work, and fired Marli and Lacey

17  because of their religion.

18  **ANSWER TO ¶317:** Alaska denies the allegations in Paragraph 317.

19

20  **COMPLAINT ¶318:**

21        Alaska Airlines posted on Alaska's World, an internal messaging board, that it supported

22  the Equality Act and encouraged employees to comment.

23  **ANSWER TO ¶318:** Alaska admits that it posted on Alaska's World, an internal messaging

24  board, that it supported the Equality Act. Alaska denies the remaining allegation in Paragraph

25  318.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 102

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶319:**

2

In response to Alaska Airlines' invitation to comment on the article, Marli and Lacey

3 posted comments that reflected their religious concerns about the Equality Act, including

4 concerns about the impact of the proposed legislation on people of faith.

5 **ANSWER TO ¶319:** Alaska admits Plaintiffs posted comments in response to Alaska's post in

6 support of the Equality Act. Alaska denies the remaining allegations in Paragraph 319.

7

8

**COMPLAINT ¶320:**

9

Marli's comment also raised concerns about the impact of the proposed legislation on

10 women.

11 **ANSWER TO ¶320:** Alaska denies the allegations in Paragraph 320.

12

13

**COMPLAINT ¶321:**

14

Alaska Airlines discharged Marli and Lacey because of the online comments they posted

15 on the Alaska's World article.

16 **ANSWER TO ¶321:** Alaska admits that it terminated Plaintiffs. Alaska further admits that it

17 terminated Plaintiffs, in part, because of the online comments they posted on the Alaska's World

18 article. Alaska denies any allegations of wrongdoing, whether explicit or implied.

19

20

**COMPLAINT ¶322:**

21

Alaska Airlines disparaged Marli's and Lacey's religious expression as "offensive" and

22 "discriminatory," and alleged that those beliefs contributed to a hostile work environment.  The

23 Airline also described Marli's comment as "hateful."

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 103

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶322:** Alaska admits that it described Plaintiffs' comments as offensive, discriminatory and hateful, and that it alleged such comments contributed to a hostile work environment. Alaska denies the remaining allegations in Paragraph 322.

**COMPLAINT ¶323:**

Alaska Airlines fired Marti and Lacey because of their religious beliefs or practices, including that they hold biblically-based religious and moral beliefs that marriage is the union of one man and one woman or that male and female are defined by biological difference between the sexes.

**ANSWER TO ¶323:** Alaska admits it terminated Plaintiffs. Alaska denies the remaining allegations in Paragraph 323.

**COMPLAINT ¶324:**

Alaska Airlines fired Marli and Lacey because of their religious beliefs or practices, including the beliefs that compelled them to seek to oppose discrimination or protect vulnerable groups, such as women or people of faith.

**ANSWER TO ¶324:** Alaska admits it terminated Plaintiffs. Alaska denies the remaining allegations in Paragraph 324. Alaska further denies any allegations of wrongdoing, whether explicit or implied.

**COMPLAINT ¶325:**

Alaska Airlines discriminated against Marli and Lacey on the basis of religion by suggesting that they must ignore their religious and moral convictions and conform to the company's moral values in order to keep their jobs.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 104

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶325:** Alaska denies the allegations in Paragraph 325. Alaska further denies any

2   allegations of wrongdoing, whether explicit or implied.

3

4   **COMPLAINT ¶326:**

5       Alaska Airlines discriminated against Marli and Lacey on the basis of religion by

6   removing them from their flight schedules and then terminating them because of their religious

7   beliefs.

8   **ANSWER TO ¶326:** Alaska denies the allegations in Paragraph 326.

9

10  **COMPLAINT ¶327:**

11      Alaska Airlines would not have terminated Marli and Lacey in the absence of their

12  religion.

13  **ANSWER TO ¶327:** Alaska denies the allegations in Paragraph 327.

14

15  **COMPLAINT ¶328:**

16      In the alternative, Marli and Lacey's religion was a motivating factor for these actions,

17  including their termination.

18  **ANSWER TO ¶328:** Alaska denies the allegations in Paragraph 328.

19

20  **COMPLAINT ¶329:**

21      Alaska Airlines discriminated against Marli and Lacey on the basis of religion by treating

22  similarly situated employees more favorably than Marli and Lacey.

23  **ANSWER TO ¶329:** Alaska denies the allegations in Paragraph 329.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 105

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶330:**

2   Alaska Airlines discriminated against Marli and Lacey on the basis of religion by

3   violating its own policies about posts on Alaska's World, namely the Three Strikes policy.

4   **ANSWER TO ¶330:** Alaska denies the allegations in Paragraph 330.

5

6   **COMPLAINT ¶331:**

7   Alaska Airlines further discriminated against Marli by ordering her not to speak about

8   religion at work, but not making such orders for other protected classes.

9   **ANSWER TO ¶331:** Alaska denies the allegations in Paragraph 331.

10

11  **COMPLAINT ¶332:**

12  Alaska Airlines' discriminatory practices described above denied Marli and Lacey

13  compensation and other benefits of employment to which they are entitled and caused them to

14  suffer emotional distress and great inconvenience.

15  **ANSWER TO ¶332:** Alaska denies the allegations in Paragraph 332.

16

17  **COMPLAINT ¶333:**

18  Alaska Airlines' conduct constitutes discrimination on the basis of religion under 42

19  U.S.C. § 2000e-2(a) or 42 U.S.C. § 2000e-m.

20  **ANSWER TO ¶333:** Alaska denies the allegations in Paragraph 333. Alaska further denies any

21  allegations of wrongdoing, whether explicit or implied.

22

23  **COMPLAINT ¶334:**

24  Plaintiffs are entitled to front pay, back pay, restitution, compensatory damages, and

25  injunctive relief to be restored to their positions.  Additionally, Plaintiffs are entitled to the

26  reasonable costs of this lawsuit, including their reasonable attorneys' fees.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 106

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶334:** Alaska denies the allegations in Paragraph 334.

2

3   **COMPLAINT ¶335:**

4   Alaska Airlines' conduct was intentional, and it acted with malice, oppression, or

5   reckless indifference to the protected rights of Plaintiffs Marli and Lacey.  Plaintiffs are thus

6   entitled to punitive damages in an amount to be determined at trial.  42 U.S.C. § 1981a.

7   **ANSWER TO ¶335:** Alaska denies the allegations in Paragraph 335.

8

9   **SECOND CAUSE OF ACTION**

10   **TITLE VII: RELIGIOUS DISCRIMINATION, DISPARATE TREATMENT**

11   **(MARLI BROWN and LACEY SMITH against AFA)**

12   **COMPLAINT ¶336:**

13   Plaintiffs incorporate and adopt by reference the allegations in the preceding paragraphs

14   of the Complaint as if fully set forth herein.

15   **ANSWER TO ¶336:** Alaska reincorporates by reference its answers to Paragraphs 1-336 of the

16   Complaint as if fully set forth herein.

17

18   **COMPLAINT ¶337:**

19   AFA is a labor organization engaged in interstate commerce with fifteen or more

20   members . 42 U.S.C. § 2000e-(d).

21   **ANSWER TO ¶337:** Alaska lacks knowledge and information sufficient to form a belief about

22   the truth of the allegations contained in Paragraph 337 and on that basis denies those allegations.

23

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 107

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶338:**

2      Under Title VII, it is an unlawful employment practice for a labor organization "to

3  exclude or expel from its membership, or otherwise to discriminate against, any individual

4  because of his ... religion ...."  42 U.S.C. § 2000e-2(c).

5  **ANSWER TO ¶338:** The allegations in Paragraph 338 purport to recite a portion of Title VII,

6  which speaks for itself. To the extent that these allegations are inconsistent with or mischaracterize

7  the law, they are denied. Alaska understands that the allegations in Paragraph 338 are directed to

8  the AFA as co-defendant and further contains legal conclusions, to which no response is required.

9  To the extent a response is required, Alaska lacks knowledge and information sufficient to form a

10  belief about the truth of the remaining allegations contained in Paragraph 338 and on that basis

11  denies those allegations.

12

13  **COMPLAINT ¶339:**

14      "Religion" is defined as including "all aspects of religious observance and practice, as

15  well as belief."  42 U.S.C. § 2000e(j).

16  **ANSWER TO ¶339:** The allegations in Paragraph 339 purport to recite portions of  42 U.S.C. §

17  2000e(j), which speaks for itself and to which no response is required. To the extent that these

18  allegations are inconsistent with or mischaracterize the document, they are denied.

19

20  **COMPLAINT ¶340:**

21      The Equal Opportunity Employment Commission defines "religious practices" to

22  "include moral or ethical beliefs as to what is right and wrong which are sincerely held with the

23  strength of traditional religious views."  29 C.F.R. § 1605.1.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 108

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶340:** The allegations in Paragraph 340 purport to recite portions of  29 C.F.R. §

2    1605.1, which speaks for itself and to which no response is required. To the extent that these

3    allegations are inconsistent with or mischaracterize the document, they are denied.

4

5

6    **COMPLAINT ¶341:**

7        Marli and Lacey were outstanding flight attendants, well-qualified for their positions.

8    **ANSWER TO ¶341:** Alaska denies the allegations in Paragraph 341.

9

10   **COMPLAINT ¶342:**

11       Marli and Lacey are Christians who holds biblically-based, traditional Christian beliefs.

12   **ANSWER TO ¶342:** Alaska lacks knowledge and information sufficient to admit or deny the

13   allegations in Paragraph 342, and therefore denies them herein.

14

15   **COMPLAINT ¶343:**

16       AFA discriminated against Marli and Lacey on the basis of religion by expressing

17   hostility toward their religious beliefs.

18   **ANSWER TO ¶343:** Alaska lacks knowledge and information sufficient to form a belief about

19   the truth of the allegations contained in Paragraph 343 and on that basis denies those allegations

20

21   **COMPLAINT ¶344:**

22       AFA discriminated against Marli and Lacey on the basis of religion by failing to

23   substantively advocate for their right to be free from religious discrimination.

24   **ANSWER TO ¶344:** Alaska lacks knowledge and information sufficient to form a belief about

25   the truth of the allegations contained in Paragraph 344 and on that basis denies those allegations

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 109

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **COMPLAINT ¶345:**

2    AFA discriminated against Marli by failing to oppose Alaska Airlines' retaliation against

3    her after she raised concerns about religious and sex discrimination.

4    **ANSWER TO ¶345:** Alaska lacks knowledge and information sufficient to form a belief about

5    the truth of the allegations contained in Paragraph 345 and on that basis denies those allegations

6

7    **COMPLAINT ¶346:**

8    In representing Marli and Lacey during the grievance process, AFA discriminated against

9    them on the basis of religion when it failed to assert that Alaska Airlines treated similarly

10   situated employees more favorably than Marli and Lacey.

11   **ANSWER TO ¶346:** Alaska lacks knowledge and information sufficient to form a belief about

12   the truth of the allegations contained in Paragraph 346 and on that basis denies those allegations

13

14   **COMPLAINT ¶347:**

15   In representing Marli during the grievance process, AFA discriminated against her on the

16   basis of religion when it failed to point to Alaska Airlines' violation of its own policies about

17   posts on Alaska's World, namely the Three Strikes policy.

18   **ANSWER TO ¶347:** Alaska lacks knowledge and information sufficient to form a belief about

19   the truth of the allegations contained in Paragraph 347 and on that basis denies those allegations

20

21   **COMPLAINT ¶348:**

22   AFA discriminated against Marli on the basis of religion by explicitly counseling her not

23   to speak about religion at work, but not issuing such orders regarding other protected classes.

24   **ANSWER TO ¶348:** Alaska lacks knowledge and information sufficient to form a belief about

25   the truth of the allegations contained in Paragraph 337 and on that basis denies those allegations

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 110

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶349:**

2

AFA discriminated against Marli on the basis of religion by not defending her right to

3

express her religious opinion on the same basis as other protected classes when Alaska Airlines

4

explicitly counseled her not to speak about religion at work but did not issue such orders

5

regarding other protected classes.

6

**ANSWER TO ¶349:** Alaska lacks knowledge and information sufficient to form a belief about

7

the truth of the allegations contained in Paragraph 349 and on that basis denies those allegations.

8

9

**COMPLAINT ¶350:**

10

AFA's discriminatory representation describe above resulted in Marli and Lacey being

11

denied compensation and other benefits of employment to which they were entitled and caused

12

them to suffer emotional distress and great inconvenience.

13

**ANSWER TO ¶350:** Alaska lacks knowledge and information sufficient to form a belief about

14

the truth of the allegations contained in Paragraph 350 and on that basis denies those allegations.

15

16

**COMPLAINT ¶351:**

17

AFA's conduct constitutes discrimination on the basis of religion under 42 U.S.C. §

18

2000e-2(c).

19

**ANSWER TO ¶351:** Alaska lacks knowledge and information sufficient to form a belief about

20

the truth of the allegations contained in Paragraph 351 and on that basis denies those allegations

21

22

**COMPLAINT ¶352:**

23

Plaintiffs are entitled to front pay, back pay, compensatory damages, and injunctive

24

relief.  Additionally, Plaintiffs are entitled to the reasonable costs of this lawsuit, including their

25

reasonable attorneys' fees.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 111

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶352:** Alaska denies the allegations in Paragraph 352, or that Plaintiffs are

2   entitled to any relief, costs, and attorneys' fees whatsoever.

3

4   **COMPLAINT ¶353:**

5       AFA's conduct was intentional, and it acted with malice or reckless indifference to the

6   protected rights of Plaintiffs Marli and Lacey.  Plaintiffs are thus entitled to punitive damages in

7   an amount to be determined at trial.  42 U.S.C. § 1981a.

8   **ANSWER TO ¶353:** Alaska lacks knowledge and information sufficient to form a belief about

9   the truth of the allegations contained in Paragraph 353 and on that basis denies those allegations.

10  Alaska further denies that Plaintiffs are entitled to any relief whatsoever.

11

12              **THIRD CAUSE OF ACTION**

13          **TITLE VII: HOSTILE WORK ENVIRONMENT**

14      **(MARLI BROWN and LACEY SMITH against ALASKA AIRLINES)**

15  **COMPLAINT ¶354:**

16      Plaintiffs incorporate and adopt by reference the allegations in the preceding paragraphs

17  of the Complaint as if fully set forth herein.

18  **ANSWER TO ¶354:** Alaska reincorporates by reference its answers to Paragraphs 1-353 of the

19  Complaint as if fully set forth herein.

20

21  **COMPLAINT ¶355:**

22      Under Title VII, employers may not subject employees to harassment or a hostile work

23  environment based upon religion.

24  **ANSWER TO ¶355:** The allegations in Paragraph 355 contain legal conclusion, to which no

25  response is required.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 112

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶356:**

2        Alaska Airlines created an environment that was hostile to Marli and Lacey because of

3   their religion.

4   **ANSWER TO ¶356:** Alaska denies the allegations in Paragraph 356.

5

6   **COMPLAINT ¶357:**

7        Several Alaska Airlines' policies omit religion as a protected characteristic of employees.

8   **ANSWER TO ¶357:** Alaska denies the allegations in Paragraph 357.

9

10   **COMPLAINT ¶358:**

11        Alaska Airlines' nondiscrimination policies often omit religion as a protected

12   classification.

13   **ANSWER TO ¶358:** Alaska denies the allegations in Paragraph 358.

14

15   **COMPLAINT ¶359:**

16        Alaska Airlines' management and other employees subjected Marli to unwelcome

17   comments about her religion, including disparaging her religious beliefs or instructing her to be

18   silent about religion.

19   **ANSWER TO ¶359:** Alaska denies the allegations in Paragraph 359.

20

21   **COMPLAINT ¶360:**

22        Alaska Airlines instructed Marli not to speak about religion at work.

23   **ANSWER TO ¶360:** Alaska denies the allegations in Paragraph 360.

24

25

26

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶361:**

2       Alaska Airlines perpetually advocated for the rights of other protected classes and the

3   rights of individuals in those classes to have their voices heard and respected while failing to

4   teach employees to respect the rights and voices of diverse religious perspectives.

5   **ANSWER TO ¶361:** Alaska admits it perpetually advocates for the rights of all employees and

6   individuals, regardless of their protected class, to have their voices heard and respected. Alaska

7   denies the remaining allegations in Paragraph 361.

8

9   **COMPLAINT ¶362:**

10      Alaska Airlines has made multiple public statements highlighting its respect for members

11  of certain protected classes while omitting the protected class of religion.

12  **ANSWER TO ¶362:** Alaska admits it highlights its respect for all individuals regardless of their

13  protected class. Alaska lacks knowledge and information sufficient to admit or deny what

14  "multiple public statements" Plaintiffs are referring to in Paragraph 362 and therefore denies

15  these allegation. Alaska denies the remaining allegations in Paragraph 362.

16

17  **COMPLAINT ¶363:**

18      Alaska Airlines disparaged Marli and Lacey's religious beliefs or conduct as "hateful,"

19  "discriminatory," and "offensive."

20  **ANSWER TO ¶363:** Alaska admits it referred to Plaintiffs comments in response to Alaska's

21  support of the Equality Act as hateful, discriminatory, and offensive. Alaska denies the

22  remaining allegations in Paragraph 363.

23

24  **COMPLAINT ¶364:**

25      Alaska Airlines terminated Marli and Lacey for raising a question about religious

26  discrimination on Alaska's World.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 114

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1   **ANSWER TO ¶364:** Alaska denies the allegations in Paragraph 364.

2

3   **COMPLAINT ¶365:**

4       The working environment at Alaska Airlines is hostile to Christians like Marli and Lacey

5   and to other religious employees with traditional views of sexual morality.

6   **ANSWER TO ¶365:** Alaska denies the allegations in Paragraph 365.

7

8   **COMPLAINT ¶366:**

9       Other flight attendants in Marli and Lacey's position similarly perceived the working

10  environment at Alaska Airlines to be hostile to employees with traditional religious or Christian

11  beliefs.

12  **ANSWER TO ¶366:** Alaska denies the allegations in Paragraph 366.

13

14  **COMPLAINT ¶367:**

15      A reasonable religious flight attendant in Marli and Lacey's position would have

16  perceived Alaska Airlines' conduct to be hostile to religious employees.

17  **ANSWER TO ¶367:** Alaska denies the allegations in Paragraph 367.

18

19  **COMPLAINT ¶368:**

20      Alaska Airlines affirmed its commitment to a hostile work environment for religious

21  employees by explicitly prohibiting the expression of religious opinions on Alaska's World.

22  **ANSWER TO ¶368:** Alaska denies the allegations in Paragraph 368.

23

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 115

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**COMPLAINT ¶369:**

In the alternative, Alaska Airlines knew or should have known of the harassment and failed to act reasonably to prevent it.  On the contrary, the Defendant ratified the injury by its response.

**ANSWER TO ¶369:** Alaska denies the allegations in Paragraph 369.


**COMPLAINT ¶370:**

This work environment was so severely or pervasively hostile to religion as to affect the terms and conditions of Marli and Lacey's employment.

**ANSWER TO ¶370:** Alaska denies the allegations in Paragraph 370.


**COMPLAINT ¶371:**

As a result of the hostile work environment Marli and Lacey experienced, they suffered lost wages and other damages in an amount to be proven at trial.  Additionally, Plaintiffs are entitled to the reasonable costs of this lawsuit, including their reasonable attorneys' fees.

**ANSWER TO ¶371:** Alaska denies the allegations in Paragraph 371.


**COMPLAINT ¶372:**

Defendant Alaska Airlines' conduct was intentional and done with malice or reckless indifference for Marli and Lacey's rights, 42 U.S.C. § 1981a.

**ANSWER TO ¶372:** Alaska denies the allegations in Paragraph 372.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 116

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

2

3

4

**FOURTH CAUSE OF ACTION**

**TITLE VII: RETALIATION FOR OPPOSING UNLAWFUL RELIGIOUS**

**AND SEX DISCRIMINATION**

**(MARLI BROWN against ALASKA AIRLINES)**

5   **COMPLAINT ¶373:**

6   Plaintiff incorporates and adopts by reference the allegations in the preceding paragraphs

7   of the Complaint as if fully set forth herein.

8   **ANSWER TO ¶373:** Alaska reincorporates by reference its answers to Paragraphs 1-372 of the

9   Complaint as if fully set forth herein.

10

11   **COMPLAINT ¶374:**

12   Under Title VII, it is "an unlawful employment practice for an employer to discriminate

13   against any of his employees ... because he has opposed any practice made an unlawful

14   employment practice by" Title VII.  42 U.S.C.A. § 2000e-3.

15   **ANSWER TO ¶374:** The allegations in Paragraph 374 purport to recite a portion of Title VII,

16   which speaks for itself. To the extent that these allegations are inconsistent with or

17   mischaracterize the law, they are denied.

18

19   **COMPLAINT ¶375:**

20   Religious discrimination is an unlawful employment practice under Title VII.

21   **ANSWER TO ¶375:** Alaska admits the allegations in Paragraph 375.

22

23   **COMPLAINT ¶376:**

24   Sex discrimination is an unlawful employment practice under Title VII.

25   **ANSWER TO ¶376:** Alaska admits the allegations in Paragraph 376.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 117

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶377:**

2

3   Marli opposed an unlawful employment practice, that is, religious discrimination, by

4   raising concerns that the Equality Act would lead to a suppression of religion and conscience

protections.

5   **ANSWER TO ¶377:** Alaska denies the allegations in Paragraph 377.

6

7   **COMPLAINT ¶378:**

8   Marli opposed an unlawful employment practice, that is, sex discrimination, by raising

9   concerns that the Equality Act would lead to diminished privacy and safety for women.

10   **ANSWER TO ¶378:** Alaska denies the allegations in Paragraph 378.

11

12   **COMPLAINT ¶379:**

13   The comment that Marli posted in Alaska's World was based on her good-faith,

14   reasonable belief that the Equality Act would lead to discrimination based on religion and sex.

15   **ANSWER TO ¶379:** Alaska lacks knowledge and information to admit or deny whether

16   Plaintiff Brown's post was based on her good-faith, reasonable belief and therefore denies this

17   allegation. Alaska denies the remaining allegations in Paragraph 379.

18

19   **COMPLAINT ¶380:**

20   Alaska Airlines subjected Marli to adverse employment action, first removing her from

21   her flight schedule and then terminating her.

22   **ANSWER TO ¶380:** Alaska admits it removed Plaintiff Brown from her flight schedule and

23   terminated her. Alaska denies the remaining allegations in Paragraph 380.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 118

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶381:**

2      Alaska Airlines retaliated against Marli by firing her because of her opposition to an

3  unlawful employment practice, namely religious discrimination.

4  **ANSWER TO ¶381:** Alaska admits it terminated Plaintiff Brown's employment, but denies the

5  remaining allegations in Paragraph 381.

6

7  **COMPLAINT ¶382:**

8      Alaska Airlines retaliated against Marli by firing her because of her opposition to an

9  unlawful employment practice, namely sex discrimination or the creation of a hostile work

10  environment for women.

11  **ANSWER TO ¶382:** Alaska admits it terminated Plaintiff Brown's employment, but denies the

12  remaining allegations in Paragraph 382.

13

14  **COMPLAINT ¶383:**

15      Specifically, Alaska Airlines' conduct constitutes discrimination on the basis of religion

16  and retaliation under 42 U.S.C. § 2000e-3(a).

17  **ANSWER TO ¶383:** Alaska denies the allegations in Paragraph 383 and further denies that it

18  engaged in any wrongdoing.

19

20  **COMPLAINT ¶384:**

21      As a result of the retaliation Marli experienced, she suffered lost wages and other

22  damages in an amount to be proven at trial.  Additionally, Plaintiff is entitled to the reasonable

23  costs of this lawsuit, including her reasonable attorneys' fees.

24  **ANSWER TO ¶384:** Alaska denies the allegations in Paragraph 384.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 119

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**COMPLAINT ¶385:**

Defendant Alaska Airlines' conduct was intentional and done with malice or reckless indifference for Marli's rights, 42 U.S.C. § 1981a.

**ANSWER TO ¶385:** Alaska denies the allegations in Paragraph 385.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION**

**(MARLI BROWN against ALASKA AIRLINES)**

**COMPLAINT ¶386:**

Marli incorporates and adopts by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER TO ¶386:** Alaska reincorporates by reference its answers to Paragraphs 1-385 of the Complaint as if fully set forth herein.

**COMPLAINT ¶387:**

Alaska Airlines is an employer within the meaning of the Washington Law Against Discrimination, having more than eight employees.  Wash. Rev. Code § 49.60.040(11).

**ANSWER TO ¶387:** The allegations in Paragraph 387 assert a legal conclusion, to which no response is required. To the extent a response is required, Alaska admits the allegations in Paragraph 387.

**COMPLAINT ¶388:**

The State of Washington guarantees "[t]he right to obtain and hold employment without discrimination."  Wash. Rev. Code § 49.60.030.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 120

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶388:** The allegations in Paragraph 388 purport to recite a portion of Wash. Rev.

2   Code § 49.060.030, which speaks for itself. To the extent that these allegations are inconsistent

3   with or mischaracterize the document, they are denied.

4

5   **COMPLAINT ¶389:**

6         The State of Washington also provides that it is an unlawful employment practice "to

7   discriminate against any person in ... terms or conditions of employment because of ... creed."

8   Wash. Rev. Code § 49.60.180.

9   **ANSWER TO ¶389:** The allegations in Paragraph 389 purport to recite a portion of Wash. Rev.

10  Code § 49.060.030, which speaks for itself. To the extent that these allegations are inconsistent

11  with or mischaracterize the document, they are denied.

12

13  **COMPLAINT ¶390:**

14        Washington courts have long equated the term "creed" in the Washington Law Against

15  Discrimination with the term "religion" in Title VII of the Civil Rights Act of 1964.

16  **ANSWER TO ¶390:** The allegations in Paragraph 390 assert legal conclusions and arguments,

17  to which no response is required. To the extent a response is required, Alaska denies the

18  allegations in Paragraph 390.

19

20  **COMPLAINT ¶391:**

21        Defendant Alaska Airlines took adverse employment action against Marli by removing

22  her from her flight schedule and subsequently firing her.

23  **ANSWER TO ¶391:** Alaska admits it removed Plaintiff Brown from her flight schedule

24  eventually terminated her. Alaska denies the remaining allegations in Paragraph 391.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 121

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**COMPLAINT ¶392:**

2

Marli's religion was a substantial factor in Alaska Airlines' decision to fire her.

3

**ANSWER TO ¶392:** Alaska denies the allegations in Paragraph 392.

4

5

**COMPLAINT ¶393:**

6

Alaska Airlines' discriminatory practices described above denied Marti compensation

7

and other benefits of employment to which she is entitled and caused her to suffer emotional

8

distress.

9

**ANSWER TO ¶393:** Alaska denies the allegations in Paragraph 393.

10

11

**COMPLAINT ¶394:**

12

Specifically, Alaska Airlines' conduct constitutes discrimination on the basis of religion

13

under Washington Revised Code §§ 49.60.030 and 49.60.180.

14

**ANSWER TO ¶394:** Alaska denies the allegations in Paragraph 394.

15

16

**COMPLAINT ¶395:**

17

Marli is entitled to front pay, back pay, compensatory damages, and injunctive relief to

18

be restored to her position.  Additionally, Marli is entitled to the reasonable costs of this lawsuit,

19

including reasonable attorneys' fees.

20

**ANSWER TO ¶395:** Alaska denies the allegations in Paragraph 395.

21

22

23

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 122

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**SIXTH CAUSE OF ACTION**

**VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION-**

**WORKPLACE HARASSMENT**

**(MARLI BROWN against ALASKA AIRLINES)**

**COMPLAINT ¶396:**

Marli incorporates and adopts by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER TO ¶396:**  Alaska reincorporates by reference its answers to Paragraphs 1-395 of the Complaint as if fully set forth herein.

**COMPLAINT ¶397:**

Alaska Airlines is an employer within the meaning of the Washington Law Against Discrimination, having more than eight employees.  Wash. Rev. Code § 49.60.040(11).

**ANSWER TO ¶397:** The allegations in Paragraph 397 assert a legal conclusion, to which no response is required. To the extent a response is required, Alaska admits the allegations in Paragraph 397.

**COMPLAINT ¶398:**

The State of Washington guarantees "[t]he right to obtain and hold employment without discrimination."  Wash. Rev. Code § 49.60.030.

**ANSWER TO ¶398:**  The allegations in Paragraph 398 purport to recite a portion of Wash. Rev. Code § 49.060.030, which speaks for itself. To the extent that these allegations are inconsistent with or mischaracterize the law, they are denied.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 123

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **COMPLAINT ¶399:**

2        The State of Washington also provides that it is an unlawful employment practice "to

3    discriminate against any person in ... terms or conditions of employment because of ... creed."

4    Wash. Rev. Code § 49.60.180.

5    **ANSWER TO ¶399:** The allegations in Paragraph 399 purport to recite a portion of Wash. Rev.

6    Code § 49.060.180, which speaks for itself. To the extent that these allegations are inconsistent

7    with or mischaracterize the document, they are denied.

8

9    **COMPLAINT ¶400:**

10       Washington courts have long equated the term "creed" in the Washington Law Against

11   Discrimination with the term "religion" in Title VII of the Civil Rights Act of 1964.

12   **ANSWER TO ¶400:** The allegations in Paragraph 400 assert legal conclusions and arguments,

13   to which no response is required. To the extent that these allegations are inconsistent with or

14   mischaracterize the law, they are denied.

15

16   **COMPLAINT ¶401:**

17       Flight attendants at Alaska Airlines faced hostile language and conduct because of their

18   religion as Alaska Airlines sought to silence religious voice and opinions in the workplace.

19   **ANSWER TO ¶401:** Alaska denies the allegations in Paragraph 401.

20

21   **COMPLAINT ¶402:**

22       Marli opposed Alaska Airline's language and conduct silencing religious employees,

23   regarding it as undesirable and offensive to her as a Christian employee.

24   **ANSWER TO ¶402:** Alaska denies the allegations in Paragraph 402.

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 124

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **COMPLAINT ¶403:**

2      Alaska Airlines management participated in the conduct and language.

3   **ANSWER TO ¶403:** Alaska admits it took immediate action in response to Plaintiffs'

4   comments in response to Alaska's support of the Equality Act, but denies the remaining

5   allegations in Paragraph 403.

6

7   **COMPLAINT ¶404:**

8      This work environment was so severely or pervasively hostile to religion as to affect the

9   terms and conditions of Marli's employment.

10  **ANSWER TO ¶404:** Alaska denies the allegations in Paragraph 404.

11

12  **COMPLAINT ¶405:**

13     Alaska Airlines management knew, through complaints or other circumstances, of this

14  conduct and language, and failed to take reasonably prompt and adequate corrective action

15  reasonably designed to end it.

16  **ANSWER TO ¶405:** Alaska denies the allegations in Paragraph 405.

17

18  **COMPLAINT ¶406:**

19     Specifically, Alaska Airlines' conduct constitutes discrimination on the basis of religion

20  under Washington Revised Code §§ 49.60.030 and 49.60.180.

21  **ANSWER TO ¶406:** Alaska denies the allegations in Paragraph 406.

22

23  **COMPLAINT ¶407:**

24     Marli is entitled to front pay, back pay, compensatory damages, and injunctive relief to

25  be restored to her position.  Additionally, Marli is entitled to the reasonable costs of this lawsuit,

26  including reasonable attorneys' fees.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶407:** Alaska denies the allegations in Paragraph 407.

2

3                        **SEVENTH CAUSE OF ACTION**

4    **VIOLATION OF WASHINGTON'S LAW AGAINST RETALIATION**

5                  **(MARLI BROWN against ALASKA AIRLINES)**

6    **COMPLAINT ¶408:**

7         Marli incorporates and adopts by reference the allegations in the preceding paragraphs of

8    the Complaint as if fully set forth herein.

9    **ANSWER TO ¶408:** Alaska reincorporates by reference its answers to Paragraphs 1-407 of the

10   Complaint as if fully set forth herein.

11

12   **COMPLAINT ¶409:**

13        Alaska Airlines is an employer within the meaning of the Washington Law Against

14   Discrimination, having more than eight employees.  Wash. Rev. Code § 49.60.040(11).

15   **ANSWER TO ¶409:** The allegations in Paragraph 409 assert a legal conclusion, to which no

16   response is required. To the extent that these allegations are inconsistent with or mischaracterize

17   the law, they are denied.

18

19   **COMPLAINT ¶410:**

20        The State of Washington provides that "[i]t is an unfair practice for any employer ...

21   discharge, expel, or otherwise discriminate against any person because he or she has opposed any

22   practices forbidden by this chapter...."  Wash. Rev. Code § 49.60.210.

23   **ANSWER TO ¶410:** The allegations in Paragraph 410 purport to recite a portion of Wash. Rev.

24   Code § 49.060.120, which speaks for itself. If a response is required, Alaska admits the

25   allegations in Paragraph 410.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 126

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**COMPLAINT ¶411:**

In her comments responding to Alaska Airline's announcement of its support for the Equality Act, Marli opposed what she reasonably believed to be discrimination on the basis of religion.

**ANSWER TO ¶411:** Alaska denies the allegations in Paragraph 411.

**COMPLAINT ¶412:**

In her comments responding to Alaska Airline's announcement of its support for the Equality Act, Marli opposed what she reasonably believed to be discrimination on the basis of sex.

**ANSWER TO ¶412:** Alaska denies the allegations in Paragraph 412.

**COMPLAINT ¶413:**

A substantial factor in Alaska Airline's decision to terminate Marli was her opposition to what she reasonably believed to be discrimination.

**ANSWER TO ¶413:** Alaska denies the allegations in Paragraph 413.

**COMPLAINT ¶414:**

Specifically, Alaska Airlines' conduct constitutes discrimination for opposing discrimination under Washington Revised Code § 49.60.210.

**ANSWER TO ¶414:** Alaska denies the allegations in Paragraph 414.

**COMPLAINT ¶415:**

Marli is entitled to front pay, back pay, compensatory damages, and injunctive relief to be restored to her position.  Additionally, Marli is entitled to the reasonable costs of this lawsuit, including reasonable attorneys' fees.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 127

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶415:** Alaska denies the allegations in Paragraph 415.

2

3                    **EIGHTH CAUSE OF ACTION**

4   **VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION**

5                    **(MARLI BROWN against AFA)**

6   **COMPLAINT ¶416:**

7       Marli hereby incorporates and adopts by reference the allegations in the preceding

8   paragraphs of the Complaint as if fully set forth herein.

9   **ANSWER TO ¶416:**  Alaska reincorporates by reference its answers to Paragraphs 1-415 of the

10   Complaint as if fully set forth herein.

11

12   **COMPLAINT ¶417:**

13       AFA is a labor organization subject to Washington's Law Against Discrimination

14   because it "exists for the purpose, in whole or in part, of dealing with employers concerning

15   grievances or terms or conditions of employment, or for other mutual aid or protection in

16   connection with employment."  Wash. Rev. Code § 49.60.040(16).

17   **ANSWER TO ¶417:** Alaska lacks knowledge and information sufficient to form a belief about

18   the truth of the allegations contained in Paragraph 417 and on that basis denies those allegations.

19

20   **COMPLAINT ¶418:**

21       The State of Washington provides that "[l]it is an unfair practice for any labor union or

22   labor organization: (1) To deny ... full membership rights and privileges to any person because

23   of ... creed...."  Wash. Rev. Code § 49.60.190.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 128

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶418:** The allegations in Paragraph 418 purport to recite a portion of Wash. Rev.

2   Code § 49.060.190, which speaks for itself. To the extent that these allegations are inconsistent

3   with or mischaracterize the law, they are denied.

4

5   **COMPLAINT ¶419:**

6   　　The State of Washington also provides: "It is an unfair practice for any labor union or

7   labor organization:  (3) To discriminate against any member ... because of ... creed...."  Wash.

8   Rev. Code § 49.60.190.

9   **ANSWER TO ¶419:** The allegations in Paragraph 419 purport to recite a portion of Wash. Rev.

10  Code § 49.060.190, which speaks for itself. To the extent that these allegations are inconsistent

11  with or mischaracterize the law, they are denied.

12

13  **COMPLAINT ¶420:**

14  　　AFA breached its duty of fair representation by acting in a manner that was

15  discriminatory, arbitrary, and in bad faith.

16  **ANSWER TO ¶420:** Alaska lacks knowledge and information sufficient to form a belief about

17  the truth of the remaining allegations contained in Paragraph 420 and on that basis denies those

18  allegations.

19

20  **COMPLAINT ¶421:**

21  　　AFA breached its duty of fair representation by merely advocating for Marli in a

22  perfunctory fashion rather than defending her rights as a religious employee.

23  **ANSWER TO ¶421:** Alaska lacks knowledge and information sufficient to form a belief about

24  the truth of the remaining allegations contained in Paragraph 421 and on that basis denies those

25  allegations.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 129

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶422:**

2  Specifically, AFA's conduct constitutes discrimination on the basis of religion under

3  Washington Revised Code §§ 49.60.190.

4  **ANSWER TO ¶422:** Alaska lacks knowledge and information sufficient to form a belief about

5  the truth of the remaining allegations contained in Paragraph 422 and on that basis denies those

6  allegations.

7

8  **COMPLAINT ¶423:**

9  Marli is entitled to front pay, back pay, and compensatory damages.  Additionally, Marli

10  is entitled to the reasonable costs of this lawsuit, including reasonable attorneys' fees.

11  **ANSWER TO ¶423:** Alaska denies the allegations in Paragraph 423.

12

13  **NINTH CAUSE OF ACTION**

14  **VIOLATION OF OREGON'S UNLAWFUL DISCRIMINATION IN EMPLOYMENT**

15  **PROVISIONS-RELIGIOUS DISCRIMINATION**

16  **(LACEY SMITH against ALASKA AIRLINES)**

17  **COMPLAINT ¶424:**

18  Lacey incorporates and adopts by reference the allegations in the preceding paragraphs of

19  the Complaint as if fully set forth herein.

20  **ANSWER TO ¶424:** Alaska reincorporates by reference its answers to Paragraphs 1-423 of the

21  Complaint as if fully set forth herein.

22

23  **COMPLAINT ¶425:**

24  Alaska Airlines is an employer within the meaning of the Oregon's Unlawful

25  Discrimination in Employment provisions, having one or more employees.  Or. Rev. Stat. §

26  659.001(4)(a).

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 130

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**ANSWER TO ¶425:** The allegations in Paragraph 425 assert a legal conclusion, to which no response is required. To the extent that these allegations are inconsistent with or mischaracterize the law, they are denied.

**COMPLAINT ¶426:**

Under Oregon Revised Code § 659A.030(a) and (b), "It is an unlawful employment practice [f]or an employer, because of an individual's ... religion ... to ... discharge the individual from employment ... [or] to discriminate against the individual ... in terms, conditions or privileges of employment."

**ANSWER TO ¶426:** The allegations in Paragraph 462 purport to recite a portion of ORS § 49.060.030, which speaks for itself. To the extent that these allegations are inconsistent with or mischaracterize the document, they are denied.

**COMPLAINT ¶427:**

Defendant Alaska Airlines took adverse employment action against Lacey by removing her from her flight schedule and subsequently firing her.

**ANSWER TO ¶427:** Alaska denies the allegations in Paragraph 427.

**COMPLAINT ¶428:**

Alaska Airlines discharged Lacey because of the online comments she posted on the Alaska's World article.

**ANSWER TO ¶428:** Alaska admits it terminated Plaintiff Smith. Alaska admits Plaintiff Smith posted a comment on the Alaska's World article. Alaska denies the remaining allegations in Paragraph 428.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **COMPLAINT ¶429:**

2        Alaska Airlines would not have terminated Marli and Lacey in the absence of her

3    religion.

4    **ANSWER TO ¶429:** Alaska denies the allegations in Paragraph 429 and further denies that it

5    engaged in any wrongdoing.

6

7    **COMPLAINT ¶430:**

8        Alaska Airlines' discriminatory practices described above denied Lacey compensation

9    and other benefits of employment to which she is entitled.

10   **ANSWER TO ¶430:** Alaska denies the allegations in Paragraph 430 and further denies that

11   Plaintiff Smith is entitled to any relief whatsoever.

12

13   **COMPLAINT ¶431:**

14       Specifically, Alaska Airlines' conduct constitutes discrimination on the basis of religion

15   under Oregon Revised Code § 659A.030(a) and (b).

16   **ANSWER TO ¶431:** Alaska denies the allegations in Paragraph 431.

17

18   **COMPLAINT ¶432:**

19       Lacey is entitled to front pay, back pay, and injunctive relief to be restored to her

20   position. Additionally, Lacey is entitled to the reasonable costs of this lawsuit, including

21   reasonable attorneys' fees.

22   **ANSWER TO ¶432:** Alaska denies the allegations in Paragraph 432 and further denies that

23   Plaintiff Brown is entitled to any relief, costs, and attorneys' fees whatsoever.

24

25

26

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

### TENTH CAUSE OF ACTION

### VIOLATION OF OREGON'S UNLAWFUL DISCRIMINATION IN EMPLOYMENT

### PROVISIONS-WORKPLACE HARASSMENT

### (LACEY SMITH against ALASKA AIRLINES)

**COMPLAINT ¶433:**

Lacey incorporates and adopts by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER TO ¶433:** Alaska reincorporates by reference its answers to Paragraphs 1-432 of the Complaint as if fully set forth herein.


**COMPLAINT ¶434:**

Alaska Airlines is an employer within the meaning of the Oregon Unlawful Discrimination in Employment provisions, having one or more employees.  Or. Rev. Stat. § 659.001(4)(a).

**ANSWER TO ¶434:** The allegations in Paragraph 434 assert a legal conclusion, to which no response is required. To the extent that these allegations are inconsistent with or mischaracterize the law, they are denied.


**COMPLAINT ¶435:**

Under Oregon Revised Code § 659A.030(a) and (b), "It is an unlawful employment practice [f]or an employer, because of an individual's ... religion ... to ... discharge the individual from employment ... [or] to discriminate against the individual ... in terms, conditions or privileges of employment."

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   **ANSWER TO ¶435:** The allegations in Paragraph 435 purport to recite a portion of ORS §

2   659A.030(a) and (b), which speaks for itself. To the extent that these allegations are inconsistent

3   with or mischaracterize the law, they are denied.

4

5   **COMPLAINT ¶436:**

6   "Any person claiming to be aggrieved" by unlawful employment discrimination under §

7   659A.030 "may file a civil action in circuit court." Or. Rev. Code § 659A.885. Oregon does not

8   require the exhaustion of administrative remedies.

9   **ANSWER TO ¶436:** The allegations in Paragraph 436 purport to recite a portion of ORS §§

10  49.060.030 and 659A.885, which speaks for themselves. To the extent that these allegations are

11  inconsistent with or mischaracterize the law, they are denied. Alaska further admits the

12  allegations in Paragraph 436 call for legal conclusions and arguments, to which no response is

13  required. To the extent a response is required, Alaska denies the allegations in Paragraph 436.

14

15  **COMPLAINT ¶437:**

16  Flight attendants at Alaska Airlines faced hostile language and conduct because of their

17  religion as Alaska Airlines sought to silence religious voice and opinions in the workplace.

18  **ANSWER TO ¶437:** Alaska denies the allegations in Paragraph 437.

19

20  **COMPLAINT ¶438:**

21  Lacey opposed Alaska Airline's language and conduct silencing religious employees,

22  regarding it as undesirable and offensive to her as a Christian employee.

23  **ANSWER TO ¶438:** Alaska denies the allegations in Paragraph 438.

24

25  **COMPLAINT ¶439:**

26  Alaska Airlines management participated in the conduct and language.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 134

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **ANSWER TO ¶439:** Alaska admits it took immediate action in response to Plaintiffs'

2  comments in response to Alaska's support of the Equality Act, but denies the remaining

3  allegations in Paragraph 439.

4

5  **COMPLAINT ¶440:**

6       This work environment was so severely or pervasively hostile to religion as to affect the

7  terms and conditions of Lacey's employment.

8  **ANSWER TO ¶440:** Alaska denies the allegations in Paragraph 440.

9

10  **COMPLAINT ¶441:**

11      Alaska Airlines management knew, through complaints or other circumstances, of this

12  conduct and language, and failed to take reasonably prompt and adequate corrective action

13  reasonably designed to end it.

14  **ANSWER TO ¶441:** Alaska denies the allegations in Paragraph 441.

15

16  **COMPLAINT ¶442:**

17      Specifically, Alaska Airlines' conduct constitutes discrimination on the basis of religion

18  under Oregon Revised Code § 659A.030(a) and (b).

19  **ANSWER TO ¶442:** Alaska denies the allegations in Paragraph 442.

20

21  **COMPLAINT ¶443:**

22      Lacey is entitled to front pay, back pay, and injunctive relief to be restored to her

23  position.  Additionally, Lacey is entitled to the reasonable costs of this lawsuit, including

24  reasonable attorneys' fees.

25  **ANSWER TO ¶443:** Alaska denies the allegations in Paragraph 443.

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 135

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF OREGON'S UNLAWFUL DISCRIMINATION IN EMPLOYMENT

## PROVISIONS-RELIGIOUS DISCRIMINATION

### (LACEY SMITH against AFA)

**COMPLAINT ¶444:**

Lacey hereby incorporates and adopts by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER TO ¶444:** Alaska reincorporates by reference its answers to Paragraphs 1-443 of the Complaint as if fully set forth herein.

**COMPLAINT ¶445:**

AFA is a labor organization subject to Oregon's Unlawful Discrimination in Employment provisions because it is "constituted for the purpose, in whole or in part, of collective bargaining or in dealing with employers concerning grievances, terms or conditions of employment or of other mutual aid or protection in connection with employees."  Or. Rev. Stat. § 659A.001.

**ANSWER TO ¶445:** Alaska lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 445 and on that basis denies those allegations

**COMPLAINT ¶446:**

Under Oregon Revised Code § 659A.030(c), "It is an unlawful employment practice [f]or a labor organization, because of an individual's ... religion ... to ... discharge the individual from employment ... [or] to discriminate in any way against the individual...."

**ANSWER TO ¶446:** The allegations in Paragraph 446 purport to recite a portion of ORS § 659A.030(c), which speaks for itself.  To the extent that these allegations are inconsistent with or mischaracterize the law, they are denied.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 136

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  **COMPLAINT ¶447:**

2      "Any person claiming to be aggrieved" by unlawful employment discrimination under §

3  659A.030 "may file a civil action in circuit court."  Or. Rev. Code § 659A.885.  Oregon does not

4  require the exhaustion of administrative remedies.

5  **ANSWER TO ¶447:** The allegations in Paragraph 447 purport to recite a portion of ORS §§

6  659A.030 and 659A.885, which speaks for themselves. To the extent that these allegations are

7  inconsistent with or mischaracterize the law, they are denied. Alaska understands that the

8  allegations in Paragraph 447 are directed to the AFA as co-defendant and further contains legal

9  conclusions, to which no response is required. To the extent a response is required, Alaska denies

10  the remaining allegations in Paragraph 477.

11

12  **COMPLAINT ¶448:**

13      AFA breached its duty of fair representation by acting in a manner that was

14  discriminatory, arbitrary, and in bad faith.

15  **ANSWER TO ¶448:**Alaska lacks knowledge and information sufficient to form a belief about

16  the truth of the allegations contained in Paragraph 448 and on that basis denies those allegations.

17

18  **COMPLAINT ¶449:**

19      AFA breached its duty of fair representation by merely advocating for Lacey in a

20  perfunctory fashion rather than defending her rights as a religious employee.

21  **ANSWER TO ¶449:** Alaska lacks knowledge and information sufficient to form a belief about

22  the truth of the allegations contained in Paragraph 449 and on that basis denies those allegations.

23

24  **COMPLAINT ¶450:**

25      Specifically, AFA's conduct constitutes discrimination on the basis of religion under

26  Oregon Revised Code § 659A.030(c).

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 137

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    **ANSWER TO ¶450:** Alaska lacks knowledge and information sufficient to form a belief about

2    the truth of the allegations contained in Paragraph 450 and on that basis denies those allegations.

3

4    **COMPLAINT ¶451:**

5          Lacey is entitled to front pay and back pay. Additionally, Lacey is entitled to the

6    reasonable costs of this lawsuit, including reasonable attorneys' fees.

7    **ANSWER TO ¶451:** Alaska lacks knowledge and information sufficient to form a belief about

8    the truth of the allegations contained in Paragraph 451 and on that basis denies those allegations.

9

10                                  **PRAYER FOR RELIEF**

11          In response to Plaintiffs' Prayer of Relief, Alaska denies that Plaintiffs are entitled to any

12   relief, including all subparagraphs A through J, requested in the Complaint and further denies

13   that Plaintiffs are entitled to any relief whatsoever.

14

15                                     **JURY DEMAND**

16          Plaintiffs hereby demand a trial by jury.

17   **ANSWER:**

18          No answer to Plaintiffs demand for a trial by jury is required.

19                                   **GENERAL DENIAL**

20          Alaska denies each and every allegation in the Complaint not specifically admitted herein.

21                      **DEFENSES AND AFFIRMATIVE DEFENSES**

22          Alaska does not concede that any of the matters covered by the numbered defenses is to

23   be proven by it.  Plaintiffs retain the burden of proof on all matters necessary to state the claims

24   asserted in the Complaint and to establish its alleged damages. Alaska sets forth the following

25   defenses without assuming any burden of production or proof that it would not otherwise have.

26                                     **FIRST DEFENSE**

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 138

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be based

2    as a matter of fact or law.

3                                    **SECOND DEFENSE**

4    To the extent Plaintiffs' claims are based on acts that occurred to any applicable statute

5    of limitations, Plaintiffs' claims are time-barred.

6                                     **THIRD DEFENSE**

7    To the extent Plaintiffs failed to exhaust their administrative remedies or failed to comply

8    with any procedural prerequisites prior to bringing its claims before the Court, the Court lacks

9    subject matter jurisdiction over such claims or such claims are otherwise barred.

10                                   **FOURTH DEFENSE**

11   Alaska at all times, and in all manners, acted in accordance with any and all duties and

12   obligations that it may have had under the laws, regulations, and/or public policy of the State of

13   Washington, the State of Oregon, or otherwise.

14                                    **FIFTH DEFENSE**

15   To the extent Plaintiffs have failed to mitigate its alleged damages, their recovery, if any,

16   must be reduced accordingly.

17                                    **SIXTH DEFENSE**

18   Subject to further proof, Plaintiffs' claims may be barred, in whole or in part, by the

19   doctrines of waiver, estoppel, laches, unclean hands, and/or after-acquired evidence.

20                                   **SEVENTH DEFENSE**

21   Plaintiffs' claims fail to state facts sufficient to entitle Plaintiffs to recover any attorneys'

22   fees against Alaska.

23                                   **EIGHTH DEFENSE**

24   Before and through the relevant time period, Alaska maintained and complied with well-

25   established policies, programs, and procedures for the prevention and detection of unlawful

26   discrimination and/or harassment.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 139

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

**NINTH DEFENSE**

To the extent Plaintiffs seek to enforce an agreement beyond that contained in written agreements among the parties, which Alaska denies, Plaintiffs' claims may be barred by the parol evidence rule.

**TENTH DEFENSE**

Alaska asserts, without admitting that Alaska engaged in any of the acts or conduct attributed to it in the Complaint, that any and all actions it took were consented to and/or authorized by Plaintiffs through their actions, omissions, and course of conduct.

**ELEVENTH DEFENSE**

While Alaska denies any liability to Plaintiffs or that Plaintiffs are entitled to any relief from or against it in this action, in the event any monetary relief is awarded to Plaintiffs, Alaska is entitled to a set-off or credit for all benefits and compensation of any type that Plaintiffs have received during the time period relevant to this action and through the date such relief is awarded.

**TWELFTH DEFENSE**

Plaintiffs' claims are preempted by federal law, including, but not limited to, the Railway Labor Act, 45 U.S.C. §§ 151, 181, *et. seq.*, the Airline Deregulation Act, 49 U.S.C. § 40101, et.seq., and the Federal Aviation Act, 49 U.S.C. Ch. 401 *et. seq.*

**THIRTEENTH DEFENSE**

To the extent that Plaintiffs allege that any employee of Alaska acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Alaska, and was undertaken without knowledge or consent of Alaska. Thus, Alaska is not liable for any such conduct, if it occurred.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are not actionable because the employment practices and/or decisions challenged in the Complaint, if they occurred, were justified by legitimate and non-discriminatory business reasons.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

**FIFTEENTH DEFENSE**

2      Even if some impermissible motive were a factor in any employment decision concerning

3   Plaintiffs, a claim that Alaska expressly denies, the same decision(s) would have been reached

4   for legitimate business reasons.

5

**SIXTEENTH DEFENSE**

6      Discrimination or retaliation was not a substantial factor motivating any of Alaska's

7   actions. Adverse employment action(s) were based on legitimate, non-discriminatory, non-

8   retaliatory factors and not Plaintiffs' purported protected activity or any other protected

9   characteristic.

10

**SEVENTEENTH DEFENSE**

11     Plaintiffs' own culpable conduct caused, in whole or in part, whatever damages they may

12  have suffered.

13

**EIGHTEENTH DEFENSE**

14     Any request by Plaintiffs for punitive, liquidated, and/or double damages is barred because

15  Alaska engaged in good faith efforts to comply with applicable laws and had reasonable grounds

16  to believe that any act or omission taken was not a violation of those laws.

17

**NINETEENTH DEFENSE**

18     All action taken or omitted by Alaska with respect to Plaintiffs were taken or omitted

19  reasonably and in good faith, without any malice, evil motive, callous indifference, reckless

20  indifference, or willfulness.

21

**TWENTIETH DEFENSE**

22     Plaintiffs' claims are barred, in whole or in part, because Alaska exercised reasonable

23  care to prevent and promptly correct any conduct alleged to violate any other applicable law,

24  and because Plaintiffs unreasonably failed to take advantage of preventative or corrective

25  opportunities provided by Alaska or to avoid harm otherwise.

26

**TWENTY-FIRST DEFENSE**

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 141

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    While Alaska denies any liability to Plaintiffs or that Plaintiffs are entitled to any relief

2    from or against it in this action, in the event any monetary relief is awarded to either Plaintiff,

3    Alaska is entitled to a set-off or credit for all benefits and compensation of any type that

4    Plaintiffs have received during the time period to this action and through the date such relief is

5    awarded.

6                              **TWENTY-SECOND DEFENSE**

7    To the fullest extent permitted by law, Alaska seeks recovery of reasonable and necessary

8    attorneys' fees and costs.

9                               **TWENTY-THIRD DEFENSE**

10   Plaintiffs Complaint fails because they have not suffered any injury as a result of the

11   alleged statutory violations, and therefore lack standing to assert any of the cause of action

12   contained in the Complaint.

13                             **TWENTY-FOURTH DEFENSE**

14   The accommodation(s) Plaintiffs purport to have been entitled to would have imposed an

15   undue hardship on Alaska.

16

17                             **RESERVATION OF RIGHTS**

18   Alaska reserves its rights to amend its Answer to the Complaint and to assert any

19   additional defenses and/or counterclaims as additional investigation, discovery, and/or

20   circumstances may warrant.

21   **WHEREFORE**, Alaska respectfully requests that the Court dismiss with prejudice

22   Plaintiff's Complaint in its entirety and award Alaska its reasonable costs, expenses, and any and

23   all other relief the Court deems just and proper.

24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 142

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1   DATED: July 8, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SEYFARTH SHAW LLP

By: *s/ Lynn A. Kappelman*
    Lynn A. Kappelman, *Admitted Pro Hac Vice*
    Seaport East
    Two Seaport Lane, Ste. 1200
    Boston, MA 02210-2028
    P: (617) 946-4888
    lkappelman@seyfarth.com

    ***Attorney for Defendant Alaska Airlines***

SEYFARTH SHAW LLP

By: *s/ Lauren Parris Watts*
    Lauren Parris Watts, WSBA 44064
    999 3rd Avenue, Ste. 4700
    Seattle, WA 98104
    (206) 946-4910
    lpwatts@seyfarth.com

    ***Attorney for Defendant Alaska Airlines***

SEYFARTH SHAW LLP

By: *s/ Kira J. Johal*
    Kira J. Johal, WSBA 53549
    999 3rd Avenue, Ste. 4700
    Seattle, WA 98104
    (206) 946-4910
    kjohal@seyfarth.com

    ***Attorney for Defendant Alaska Airlines***

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1
## CERTIFICATE OF SERVICE

2       I hereby declare that on this 8th day of July, 2022, I caused a copy of *Defendant Alaska*

3  *Airlines' Answer to Plaintiffs' Complaint*  to be electronically filed with the Court using

4  ECF-Filing system which will send notification of such filing to the following:

5
        Joel B. Ard
6       Ard Law Group PLLC
        PO Box 11633
7       Bainbridge Island, WA 98110
        P: (206) 701-9243
8       joel@ard.law

9
        Jeffrey C Mateer
10      David J. Hacker
        Stephanie N. Taub
11      First Liberty Institute
        2001 W. Plano Pkwy., Ste. 1600
12      Plano, TX 75075
        P: (972) 941-4444
13      jmateer@firstliberty.org
        dhacker@firstliberty.org
14      staub@firstliberty.org

15
        Sharon Fast Gustafson
16      Rebecca R. Dummermuth
        First Liberty Institute
17      227 Pennsylvania Ave. SE
        Washington, DC 20003
18      P: (202-921-4105)
        sgustafson@firstliberty.org
19      bdummermuth@firstliberty.org

20

21                              */s/ Mendy Graves*
                                Mendy Graves
22                              Seyfarth Shaw LLP
                                999 Third Avenue
23                              Suite 4700
                                Seattle, WA 98104
24

25

26

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 144

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910