Hon. Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MARLI BROWN and LACY SMITH, Plaintiffs, v. ALASKA AIRLINES, INC., and ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO, Defendants. | CASE NO. 22-CV-00668-BJR **AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PROPOSED ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.** General Principles

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B. ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. Custodians. The custodians most likely to have discoverable ESI in their possession, custody, or control, which will include at least the number of custodians identified in each party's initial disclosures. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. Non-custodial Data Sources. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3. Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C. ESI Discovery Procedures**

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

1. On-site inspection of electronic media. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. Search methodology. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

a. Prior to running searches:

i. The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

ii. The requesting party is entitled to, within 14 days of the producing party's disclosure, add no more than 10 search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties.

iii. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The Producing Party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query. A search that returns more than 250 megabytes of data, excluding Microsoft PowerPoint files, audio files, and similarly large file types, is presumed to be overbroad.

b. After production: Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the requesting party may request no more than 10 additional search terms or queries. The immediately preceding section (Section C(2)(a)(iii)) applies.

3. Format.

a. ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c. Each document image file shall be named with a unique Bates Number. File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e. The parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

f. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searcheable SCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the Requesting Party, and the duplicate

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5. Email Threading. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the Producing Party will produce a less inclusive copy.

6. Metadata fields. If the Requesting Party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

7. Hard-Copy Documents. If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the Producing Party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D. Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the Requesting Party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the Requesting Party, the following categories of ESI need not be preserved:

a. Deleted, slack, fragmented, or other data only accessible by forensics.

b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c. On-line access data such as temporary internet files, history, cache,



ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

cookies, and the like.

d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e. Back-up data that are duplicative of data that are more accessible elsewhere.

f. Server, system, or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E. Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order.

a. Privilege logs shall include the following fields: "Bates Number," "To," "From/Author," "CC," "BCC," and "Date" as well as the specific privilege or protection claimed, the type of document (*e.g.*, "email reflecting legal advice …") and general subject matter of the document (*e.g.*, "… legal advice regarding [topic]").

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

      b. If a family of documents is entirely privileged, each document in the family shall be listed on the log separately. The family relationship for all documents on the log shall be indicated on the log. If a family of documents exists that contains both privilege and non-privileged documents, the parties agree that the privileged documents in the family may be replaced with a slip sheet indicating, "Withheld for Privilege." The withheld document shall be logged and the remaining non-privileged documents in the family shall be produced. The Bates number of the slip sheet for the withheld document shall be provided on the log.

c. For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the Producing Party shall include such additional information as required by the Federal Rules of Civil Procedure.

d. Privilege logs will be produced to all other parties no later than 30 days after delivering a production unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the original complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

**F. Miscellaneous Provisions**

1. Where disputes arise concerning any issues addressed in this Order, the parties shall promptly meet and confer in an effort to reach agreement prior to seeking leave of the Court to resolve any disputed issues. If the parties' disagreement persists after meeting and conferring in good faith, the parties shall notify the Court of their unresolved dispute(s) and seek resolution from the Court, as set forth in the Court's Standing Order.

2. All parties reserve all rights under applicable law for matters relating to the production of documents or ESI that are not specifically addressed in this Order, including the right to object to production of any documents or ESI. Nothing in this Order shall be construed to affect in any way the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action.

4. Nothing in this Order is intended or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third parties to object to a subpoena or discovery request.

5. By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item.

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

6. Nothing in this Order alters a party's legal obligation to retain documents and data.

DATED: Oct. 4, 2022

*/s/ Joel B. Ard*
Joel B. Ard
WSBA # 40104
ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243
joel@ard.law

Jeffrey C. Mateer *(Pro Hac Vice)*
David J. Hacker *(Pro Hac Vice)*
Stephanie N. Taub *(Pro Hac Vice)*
FIRST LIBERTY INSTITUTE
2001 West Plano Pkwy., Ste. 1600
Plano, TX 75075
(972) 941-4444
jmateer@firstliberty.org
dhacker@firstliberty.org
staub@firstliberty.org

Sharon Fast Gustafson *(Pro Hac Vice)*
Rebecca R. Dummermuth *(Pro Hac Vice)*
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave. S.E.
Washington, DC 20003
(202) 921-4105
sgustafson@firstliberty.org
bdummermuth@firstliberty.org

*Attorneys for Plaintiffs*

DATED: Oct. 4, 2022

*/s/ Kathleen P. Barnard*
Kathleen P. Barnard, WSBA No. 17896
Darin M. Dalmat, WSBA No. 51384
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
Tel: (206) 257-6002
Tel: (206) 257-6028
Fax: (206) 378-4132
barnard@workerlaw.com
dalmat@workerlaw.com

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - PAGE - 11
(Case No. 2:22-cv-00668-BJR)

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

John H. Morese III *(pro hac vice)*
Association of Flight Attendants-CWA
501 3rd Street NW – 10th Floor
Washington, DC 2001
Tel: (202) 989-9393
jmorse@afanet.org

Alidz Oshagan *(pro hac vice)*
Association of Flight Attendants-CWA
230 S. Broad Street, 19th Floor
Philadelphia, PA 19102
Tel: (202) 251-8536
aoshagan@cwa-union.org

*Attorneys for Defendant Association of Flight Attendants-CWA, AFL-CIO*

DATED: Oct. 4, 2022

*/s/ Lauren D. Parris Watts*
Lauren D. Parris Watts
Kira Jesica Johal
SEYFARTH SHAW LLP
999 3rd Avenue, Ste. 4700
Seattle, WA 98104
(206) 946-4910

Lynn A Kappelman
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Ste. 1200
Boston, MA 02210-2028
(617) 946-4888

*Attorneys for Defendant Alaska Airlines, Inc.*

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - PAGE - 12
(Case No. 2:22-cv-00668-BJR)

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED this 5th day of October, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - PAGE - 13
(Case No. 2:22-cv-00668-BJR)

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
(206) 701-9243