The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLI BROWN and LACEY SMITH,
Plaintiffs,

v.

ALASKA AIRLINES, INC., and
ASSOCIATION OF FLIGHT ATTENDANTS-
CWA, AFL-CIO,
Defendants.

NO. 2:22-cv-668

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**

This matter comes before the Court on Plaintiffs' Motion to Compel. Dkt. No. 54. Plaintiffs seek an order compelling Defendant to produce documents in response to Plaintiffs' Requests for Production ("RFP") Nos. 2, 9, 10, 11,12, 22, 26, 27, and 34. Defendant has for the most part produced documents in response to those RFPs for the date range January 2018 to April/May 2021, the end of the two Plaintiffs' respective grievance periods, but has lodged objections to producing documents created between April/May 2021 and May 2022, when the original complaint was filed. Having reviewed the parties' briefs in support of and opposition to the motion and having held oral argument thereon, the Court hereby rules as to each RFP as follows.

The Federal Rules authorize discovery of "nonprivileged matter that is relevant to any party's claim or defense *and proportional to the needs of the case."* Fed. R. Civ. P. 26(b)(1)

ORDER
- 1

(emphasis added). Among the prescribed considerations is "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. While "[d]iscovery in employment discrimination cases is especially broad," "even in employment discrimination cases, discovery has necessary boundaries and a court must balance the need for potentially relevant information with the burden and expense of producing it." *Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) (citing *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir.1983); *Rich v. Martin*, 522 F.2d 333, 343–44 (10th Cir.1975). Here, Alaska has already produced responsive documents for a three-year time period. The only question is whether requiring Alaska to produce responsive documents created between April/May 2021 and May 2022 is proportional to the needs of the case. To make this determination, the Court examines each RFP in turn.

    1. <u>RFPs 2, 9, 10, 26, and 27</u>

    <u>Request No. 2</u>: All documents used, consulted, or referred to in preparing your EEOC Position Statement…in this action.

    <u>Request No. 9</u>: Memoranda, notes, or summaries of any conversation or meetings Alaska had with any past or present employee regarding or relating to the Plaintiffs.

    <u>Request No. 10</u>: All statements (however transcribed) taken by you, your attorney, your investigator, or representative from any witness related to any allegation or defense in this action."

    <u>Request No. 26</u>: All documents related to, referring to, or memorializing any action Defendant took related to Plaintiffs' online comments or Defendant's investigation into those comments, including, but not limited to, requests for interviews, notes taken during interviews, and memoranda related to the investigation.

ORDER

- 2

Request No. 27: "All documents that refer or relate to Plaintiff[s'] complaints of religious discrimination, Defendant's investigation into those complaints, and actions Defendants took as a result of those complaints."

The RFPs quoted above, for the period after Plaintiffs were terminated, most certainly seek a large proportion of documents that are privileged and/or protected by the work-product doctrine. Indeed, RFP No. 10 on its face seeks privileged material. Alaska has already produced responsive documents dating up until the date of Plaintiffs' termination. Critically, Plaintiffs have failed to explain to the Court what responsive, nonprivileged documents they expect Defendant might have in its possession that would be relevant to their claims. The Court finds that for the period following Plaintiffs' termination, the burden on Defendant of conducting the search and privilege review outweighs the potentially relevant, non-privileged information such efforts are likely to produce. This is particularly so given that Alaska has already produced documents prior to Plaintiffs' termination date responsive to these RFPs. The Court therefore denies Plaintiffs' motion as to RFPs No. 2, 9, 10, 27, and 27.

2. RFPs 11 and 12

Request No. 11: All communications from Alaska regarding the proposed Equality Act and all employee responses to that communication.

Request No. 12: All communication or documents, including diversity statements, equal opportunity statements, and non-discrimination statements, listing race, gender, sex, or other protected classes.

Again, Alaska has produced responsive documents dated prior to confirmation of Plaintiffs' termination. RFPs 11 and 12 have already produced a volume of documents that is presumptively overly burdensome (*i.e.,* in excess of the 250 megabytes referenced in the parties'

ORDER
- 3

ESI order). Based on the extremely broad scope of these RFPs, the fact that Alaska has already produced a large volume of responsive documents, and the fact that Plaintiffs have not articulated what material they anticipate might be produced in the post-termination period that has not already been made available, the Court denies Plaintiffs' motion as to these RFPs.

3. RFP 22

Request No. 22: All documents (including but not limited to emails and text messages) that reference Plaintiffs (by name or otherwise) or any comment she made or that was sent to, copied to, or received by any of Defendant's employees . . . regarding or in any way relating to Plaintiffs[s'] February 25, 2021 posting[s] on Alaska's World or any part of Defendant's response thereto.

Again, this RFP is likely to turn up a large percentage of documents that are attorney-client privileged and/or protected by the work-product doctrine. However, the Court finds that this RFP is sufficiently narrowly tailored to obtain information that is relevant to Plaintiffs' claims. Plaintiffs' Motion to Compel as to this RFP is therefore granted. Defendant shall produce responsive nonprivileged documents and a related privilege log within 30 days of this order.

4. Request No. 34

During oral argument the parties indicated that this RFP is the subject of a motion for protective order filed by Defendant, and that the Court should consolidate consideration of the Motion to Compel and the Motion for Protective Order in a single ruling. The Court therefore defers ruling on this RFP until a ruling on that latter motion.

To summarize, the Court DENIES Plaintiffs' Motion to Compel as to RFPs No. 2, 9, 10, 11, 12, 26, and 27. The Court GRANTS Plaintiffs' Motion to Compel as to RFP No. 22. Defendant shall produce non-privileged documents responsive to this RFP no later than 30 days

ORDER

- 4

from the date of this order. Defendant shall also prepare and produce a privilege log related to this production.

DATED this 27th day of January, 2023.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER
- 5