The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLI BROWN and LACEY SMITH,
Plaintiffs,

v.

ALASKA AIRLINES, INC., and
ASSOCIATION OF FLIGHT ATTENDANTS-
CWA, AFL-CIO,
Defendants.

NO. 2:22-cv-668

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

## I.   INTRODUCTION

This matter comes before the Court on a Motion for Protective Order filed by Defendant Alaska Airlines, Inc. ("Alaska"). Dkt. No. 70. Alaska seeks an order prohibiting Plaintiffs from inquiring at deposition into three categories: "(i) disciplinary actions and terminations of non-party employees for reasons unrelated to the reasons for which Plaintiffs were terminated; (ii) non-party employees' vaccination status and objections to becoming vaccinated, and (iii) non-party employees' personal views on same sex marriage and the Equality Act in general." Mot. at 1. Alaska also seeks an order prohibiting Plaintiffs from asking "irrelevant, inflammatory, and offensive questions about same-sex marriage and the Equality Act." *Id*. Alaska argues that such inquiries constitute both fishing expeditions outside the proper scope of discovery; and potential violations of the privacy rights of non-party witnesses.

ORDER RE: DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

- 1

## II. BACKGROUND

Plaintiffs Marli Brown and Lacey Smith were flight attendants employed by Alaska. Am. Compl., ¶ 1, Dkt. No. 39. In February 2021, Alaska initiated disciplinary proceedings against both women, based on comments the women posted on a company-wide intranet site known as "Alaska's World." The comments were in response to a statement Alaska made expressing support for the Equality Act, proposed federal legislation that would "add 'sexual orientation and gender identity' as protected classes to a variety of federal statutes." Am. Compl., ¶ 2. Brown and Smith independently posted comments they claim were grounded in their religious convictions, criticizing the Equality Act and challenging Alaska's statement of support.[1] In response, Alaska suspended and ultimately terminated Plaintiffs' employment, asserting that the comments had violated the company's anti-discrimination policies.

## III. DISCUSSION

### A. Standard for Scope of Discovery

The Federal Rules authorize discovery of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A district court has broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Pursuant to Federal Rule of Civil Procedure 26(c), upon a showing of good cause, the district court may issue any protective order "which justice requires to protect a party or

---

[1] Brown wrote, "Does Alaska support: endangering the Church, encouraging suppression of religious freedom, obliterating women rights and parental rights? This act will Force [sic] every American to agree with controversial government-imposed ideology on or be treated as an outlaw. The Equality Act demolishes existing civil rights and constitutional freedoms which threatens constitutional freedoms by eliminating conscience protections from the Civil Rights Act. The Equality act would affect everything from girls' and women's showers and locker rooms to women's shelters and women's prisons, endangering safety and diminishing privacy. Giving people blanket permission to enter private spaces for the opposite sex enables sexual predators to exploit the rules and gain easy access to victims. This is Equality Act [sic][.]" Am. Compl., ¶¶ 73, 117. Smith wrote, "as a company, do you think it's possible to regulate morality?" *Id*., ¶ 219.

ORDER RE: DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

- 2

person from annoyance, embarrassment, oppression, or undue burden or expense ..." To obtain a protective order, the moving party bears the burden of showing "good cause" by demonstrating harm or prejudice that will result from the discovery. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

### B.  Questions Regarding Defendant's Discipline of Nonparty Employees

Alaska asks the Court to prohibit inquiries into "(i) disciplinary actions and terminations of non-party employees for reasons unrelated to the reasons for which Plaintiffs were terminated." The questions to which Alaska objects include, for example, "Have you ever known anybody terminated for attendance reasons?" and "Do you know the names of anybody who was terminated due to drug or alcohol tests?" which Plaintiffs asked at the deposition of Alaska employee Tiffany Lewis, Plaintiff Brown's former supervisor. Def.'s Mot. at 3, 4.

In a "Motion for Leave to File Sur-reply,"[2] Plaintiffs indicate they have offered to limit inquiries into "comparator" disciplinary actions to the following categories:

> 1. Alaska Airlines employees who faced discipline or termination for allegedly violating the company's policies covering harassment and/or discrimination, or violations of Section 6.300 or Section 7.100 of the Flight Attendant Manual covering "personal conduct"[3]; and/or

---

[2] There being no objection, this motion at Dkt. No. 87 is GRANTED.

[3] "Plaintiffs' Notices of Discharge state that Defendant terminated Plaintiffs for violating its policies covering harassment and/or discrimination, and Section 6.300 and Section 7.100 of the Flight Attendant Manual." Pls.' Surreply at 2 (citing Notices of Discharge, Dkt. Nos. 1-9, 1-10). Section 6.300 of the Flight Attendant Manual states in relevant part, "Ensure your conduct reflects credit on Alaska Airlines and consider the welfare of the Company. Avoid actions or statements that could discredit or harm the reputation of the Company." Section 7.100 provides in relevant part "F/As must:
- Conduct themselves in a manner which reflects favorably upon the airlines, avoiding actions or statements that could discredit or harm the reputation of the Company
- Contribute to a harmonious working environment
- Exercise good judgment

ORDER RE: DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

- 3

2. Alaska Airlines employees who faced discipline or termination because of their online posts or online comments on Alaska's World or other social media platforms.

Dkt. No. 87. The Court finds that Plaintiffs' proposed limitations are reasonable, and will limit inquiries into subjects that are relevant. Plaintiffs will therefore be permitted to seek information in deposition that falls within either or both of these categories.

### C. Questions Regarding Employees Who Have a Religious Objection to the COVID-19 Vaccine; Questions Regarding Employees' Personal Views on Same-Sex Marriage and/or the Equality Act

Questions about COVID vaccination status and personal views on same-sex marriage share the distinction of being invasive and potentially inflammatory. Such questions are deeply confounding, as they are based on complex and unacknowledged assumptions, and are more likely to obfuscate than clarify. A sample question to which Alaska objects—"[h]ave you ever known anybody that you thought might have decent and honorable reasons to believe that same-sex marriage was wrong?"—is a prime example of the difficulty such questions raise. The question not only puts the witness in the position of having to untangle a vague, speculative, and untenably compound question, but also requires an answer that later can too easily be taken out of context and be vulnerable to misinterpretation. Its intent is clearly to elicit testimony that will embarrass the witness and confuse and/or prejudice a jury, rather than to obtain relevant evidence.

As noted, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly

---

F/As may not:
- Threaten, intimidate, or act discourteously to guests or employees
- Use any form or harassment or discrimination based on immigration status, religion or creed, age, disability, sex or gender, pregnancy, sexual orientation, gender identity or gender expression, military or veteran status, marital or parental status, medical or genetic information."

Not. of Disc. or Discharge, Dkt. No. 1-9.

ORDER RE: DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

- 4

1 and to dictate the sequence of discovery." *Crawford–El v. Britton*, 523 U.S. 574, 599 (1998).

2 Courts have an obligation to "take on a stewardship role, . . . and [] actively engage in

3 early case management to 'identify the critical issues, determine the appropriate breadth

4 of discovery, and curtail dilatory tactics, gamesmanship, and procedural posturing.'" *Roberts v.*

5 *Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 604 (D. Nev. 2016) (quoting John Roberts, 2015 Year-

6 End Report on the Federal Judiciary (Dec. 31, 2015), *available*

7 *at* http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf). Accordingly, the

8 Court will not permit inquiries into the COVID vaccination status of Alaska employees. The

9 Court was unable to discern in Plaintiffs' 54-page Complaint a single reference, direct or indirect,

10 to either COVID or COVID vaccines. Issues surrounding COVID, COVID vaccines, and COVID

11 vaccine mandates are complex, inflammatory, and entirely unrelated to Plaintiffs' claims arising

12 from disciplinary action in response to their posting their views on same-sex marriage laws. They

13 have simply failed to explain what relevant material they hope this invasive and inflammatory

14 line of inquiry will produce, and allowing inquiry into this subject matter would inevitably expand

15 the scope of discovery beyond the reasonable bounds of Plaintiffs' claims.

16     The Court takes a slightly more permissive view of inquiries into issues touching on same-

17 sex marriage and the Equality Act. Obviously, these issues are related to Plaintiffs' claims.

18 Therefore, Plaintiffs may ask questions that relate to Alaska's policies on same-sex marriage

19 and/or the Equality Act, but only to the extent such subjects have a direct connection to Alaska's

20 policies and Plaintiffs' claims of religious discrimination. Plaintiffs may not inquire into a

21 witness's personal views on the Equality Act or same-sex marriage, and the inquiries shall be

22 carefully calculated to elicit information, not to trick, harass, or inflame the witness. Questions on

23

24 ORDER RE: DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

25   - 5

1  those subjects that are not directly related to claimed discrimination on the grounds of religion
2  and/or the reasons for Plaintiffs' discharge will not be permitted.

3  While it may not always be obvious what side of this line a question may fall, Plaintiffs
4  shall approach the line with caution, and cross it at their peril. The Federal and Local Rules limit
5  the number of depositions and amount of time each deponent must be made available. Plaintiffs
6  would be wise not to squander this limited and valuable time asking loaded and tangential
7  questions that are unlikely to solicit relevant evidence.

8  Defendant's Motion for Protective Order is therefore GRANTED in part as outlined
9  above. Plaintiffs' Motion for Leave to File Surreply is also GRANTED.

10  DATED this 27th day of February, 2023.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE: DEFENDANT'S MOTION
FOR PROTECTIVE ORDER

- 6