The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLI BROWN and LACEY SMITH,
Plaintiffs,

v.

ALASKA AIRLINES, INC., and
ASSOCIATION OF FLIGHT ATTENDANTS-
CWA, AFL-CIO,
Defendants.

NO. 2:22-cv-668

**ORDER DENYING MOTION CONSTRUED AS ALASKA'S MOTION FOR RECONSIDERATION**

On February 27, 2023, the Court issued an Order Granting in Part and Denying in Part Alaska's Motion for Protective Order. Dkt. No. 89 ("Order"). In that Order, the Court approved Plaintiffs' proposal, outlined in their Motion for Leave to File a Surreply, to limit Plaintiffs' inquiries concerning putative comparator disciplinary actions "to employees who were disciplined, terminated, or threatened with discipline or termination for one or more of the same grounds listed in Plaintiffs' Notices of Discharge":

1. Alaska Airlines employees who faced discipline or termination for allegedly violating the company's policies covering harassment and/or discrimination, or violations of Section 6.300 or Section 7.100 of the Flight Attendant Manual covering "personal conduct"; and/or

ORDER - 1

2. Alaska Airlines employees who faced discipline or termination because of their online posts or online comments on Alaska's World or other social media platforms.

In a subsequent filing, which the Court redesignated a "Motion for Reconsideration," *see* Dkt. No. 92, Alaska has objected to Plaintiffs' proposed scope of comparator discovery, stating that inquiries into discipline involving Sections 6.300 and 7.100 "would, in fact, include a vast array of disciplinary actions that involve conduct totally dissimilar and unrelated to Plaintiffs' conduct in this case." Def.'s Resp., Dkt. No. 90 at 5 ("Mot."). Alaska's concern is that Sections 6.300 and 7.100 of the Flight Attendant Manual proscribe a wide array of conduct, including "possession of firearms, dangerous weapons or explosives while at work," chewing gum while in uniform, and asking celebrities for autographs, that were not referenced in Plaintiffs' Notices of Discharge, and have nothing to do with Plaintiffs' case. Mot. at 3.

Plaintiffs have emphasized in response to Alaska's Motion for Reconsideration that they do not intend to seek discovery into "conduct totally dissimilar and unrelated" to the conduct at issue in their case, and do not read the Court's Order authorizing them to do so. The scope approved by the Court does not include all of the "personal conduct" provisions of Sections 6.300 and 7.100, as Alaska apparently interpreted the Court's Order to mean; but only those provisions specifically referenced in the Notices of Discharge in this case. *See* Pls.' Surrep. at 1, Ex. A to Mot. for Leave, Dkt. No. 87-1 ("Plaintiffs proposed to limit their deposition questions to employees who were disciplined, terminated, or threatened with discipline or termination for one or more of the same grounds listed in Plaintiffs' Notices of Discharge."). In a footnote, the Court cited the relevant subsections (*i.e.,* those provisions of Sections 6.300 and 7.100 referenced in the Notices of Discharge) in its Order:

ORDER

- 2

> Section 6.300 of the Flight Attendant Manual states in relevant part, "Ensure your conduct reflects credit on Alaska Airlines and consider the welfare of the Company. Avoid actions or statements that could discredit or harm the reputation of the Company."
>
> Section 7.100 provides in relevant part "F/As must:
> • Conduct themselves in a manner which reflects favorably upon the airlines, avoiding actions or statements that could discredit or harm the reputation of the Company
> • Contribute to a harmonious working environment
> • Exercise good judgment
> F/As may not:
> • Threaten, intimidate, or act discourteously to guests or employees
> • Use any form or harassment or discrimination based on immigration status, religion or creed, age, disability, sex or gender, pregnancy, sexual orientation, gender identity or gender expression, military or veteran status, marital or parental status, medical or genetic information."

Order at 3-4, fn. 3 (citing Not. of Disc. or Discharge, Dkt. No. 1-9). Obviously, this list does not include violations such as possessing firearms or chewing gum. To the extent clarification was necessary, the Court clarifies that Plaintiffs will not be permitted to inquire beyond the scope of the Sections 6.300 and 7.100 violations that were listed on the Notices of Discharge.

In its motion, Alaska appears to be requesting that this scope be narrowed even further, to "flight attendants (i.e., not all employees) who faced discipline or termination due to discriminatory comments or posts, whether in person or on Alaska's World or other social media platforms." Dkt. No. 90 at 5. Sections 6.300 and 7.100 of the Flight Attendant Manual already presumably applies only to flight attendants. Finally, limiting inquiry into discipline for discriminatory comments only, when Plaintiffs' Notices of Discharge referenced broader grounds for their termination, is overly restrictive given the broad latitude to which parties are entitled in discovery. Defendant has not provided, and the Court does not discern, justification for such limitation.

For the foregoing reasons, Defendant's Motion for Reconsideration is DENIED.

ORDER

- 3

DATED this 13th day of March, 2023.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 4