The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLI BROWN and LACEY SMITH,<br>Plaintiffs,<br><br>v.<br><br>ALASKA AIRLINES, INC., and<br>ASSOCIATION OF FLIGHT ATTENDANTS-<br>CWA, AFL-CIO,<br>Defendants. | NO. 2:22-cv-668<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

This matter comes before the Court on a Motion for Reconsideration or, in the Alternative, for Clarification, filed by Plaintiffs Marli Brown and Lacey Smith. *See* Dkt. No. 96 ("Pls.' Mot."). Plaintiffs ask the Court to reconsider that part of its "Order Granting in Part and Denying in Part Defendant Alaska Airlines' Motion for Protective Order" that authorized Plaintiffs to ask "questions that relate to Alaska's policies on same-sex marriage and/or the Equality Act, but only to the extent such subjects have a direct connection to Alaska's policies and Plaintiffs' claims of religious discrimination." Dkt. No. 89 at 5. The order specifically denied Plaintiffs' request to "inquire into a witness's personal views on the Equality Act or same-sex marriage," and prohibited "[q]uestions on those subjects that are not directly related to claimed discrimination on the grounds of religion and/or the reasons for Plaintiffs' discharge." *Id*. at 5-6.

ORDER DENYING MOTION FOR RECONSIDERATION

- 1

Under Local Rule 7(h)(1), a motion for reconsideration must demonstrate "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." The Court's Standing Order further advises that such "[m]otions that reassert prior arguments or raise new arguments that could have been made earlier will be summarily denied." *See* Standing Order, Dkt. No. 19 at 3. Plaintiffs fail even to mention the standard in their opening brief, let alone argue it, and ultimately the motion simply reiterates the facts and arguments presented to the Court in the prior motion. For this reason alone, the Motion for Reconsideration is denied.

To the extent any clarification is necessary, the Court will allow questions going to "[t]he personal attitudes of Alaska Airlines' managers, supervisors, and HR professionals *toward employees who hold Plaintiffs' religious beliefs*" as such attitudes are, as Plaintiffs assert, "of utmost relevance and importance to Plaintiffs['] disparate treatment claim." Pls.' Mot. at 3 (emphasis added). What those Alaska supervisors' personal attitudes are *toward same-sex marriage and laws designed to protect LGBT rights*, however, are not. Put another way, whether or not Alaska supervisors share Plaintiffs' beliefs regarding the morality of same sex marriage is simply not probative of whether those supervisors have acted with discriminatory intent against Plaintiffs based on their religion.

The line of questioning is improper not only because it is irrelevant to Plaintiffs' claims, but also because it is inflammatory. The question "[h]ave you ever known anybody that you thought might have decent and honorable reasons to believe that same-sex marriage was wrong?" in particular is probative of nothing. Pls.' Mot. at 2. Plaintiffs have failed to explain how an answer would illuminate the issues or ferret out discrimination, or do anything other than place the

ORDER DENYING MOTION FOR RECONSIDERATION

- 2

deponent in the position of having to deprecate members of either the Christian community or the LBGT community. There is simply no relevant answer to this question, and the Court will not allow it. Period.

In sum, Plaintiffs may ask the Alaska Airlines witnesses questions that are "relevant to [their] claim[s] and proportional to the needs of the case"[1] as outlined here and in the Court's prior order. Fed. R. Civ. P. 26(b)(1); *see* Dkt. No. 89, 5-6. They may not ask those witnesses questions about their personal views of same sex marriage, which is an altogether different—and irrelevant—issue. The motion is denied.

DATED this 2nd day of May, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] In their Motion for Reconsideration, Plaintiffs cite Federal Rule 26(b)(1), stating that their proposed questions are "reasonably calculated to lead to the discovery of admissible evidence." Pls.' Mot. at 6. However, that phrase was deleted from the Federal Rules in 2015; and furthermore, was never intended to define the scope of discovery. *See In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("The phrase has been used by some, incorrectly, to define the scope of discovery.") (citing Rule 26, Advis. Comm. Notes for 2015 Amends.)

ORDER DENYING MOTION FOR RECONSIDERATION

- 3