The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLI BROWN and LACEY SMITH,<br>Plaintiffs,<br><br>v.<br><br>ALASKA AIRLINES, INC., and<br>ASSOCIATION OF FLIGHT ATTENDANTS-<br>CWA, AFL-CIO,<br>Defendants. | NO. 2:22-cv-668<br><br>**ORDER GRANTING DEFENDANT<br>AFA'S MOTION FOR PROTECTIVE<br>ORDER** |

  This matter comes before the Court on a Motion for Protective Order filed by Defendant Association of Flight Attendants-CWA, AFL-CIO ("AFA"). AFA asks the Court to limit its obligation to produce documents, in response to certain discovery requests, to "flight attendants' grievance files pertaining to discipline for allegedly engaging in harassment and/or discrimination on the basis of a legally protected classification." AFA's Mot. at 1. Having reviewed the briefs filed by the parties together with the authorities cited therein, the Court grants Defendant's motion. The Court's reasoning follows.

  At issue in this motion are Interrogatory No. 12 and Requests for Production Nos. 36 and 37. Interrogatory No. 12 asked AFA to:

ORDER GRANTING AFA'S
MOTION FOR PROTECTIVE ORDER

- 1

Identify every employee whom the Union represented related to a grievance against the Airline from January 1, 2016, to the present, and state the reason for the grievance, the outcome of the grievance, any discipline imposed, whether the union represented the employee during arbitration, and the outcome of arbitration.

Barnard Decl. Exs. A & B. RFP 36 seeks:

[A]ll documents related to the Airline's discipline of flight attendants for discrimination, harassment, and/or personal conduct (Section 6.300 and/or Section 7.100 of the Flight Attendant Manual), from January 1, 2018, to May 17, 2022, where AFA was involved in any way in representing or investigating the employee, including the grievance files, disciplinary files, arbitration hearing records, and employee identification numbers.

Barnard Decl., Exs. C & D. RFP 36 sought files related to 50 explicitly identified employees, who Plaintiffs claim are comparator employees. After objecting to producing files related to many of these employees, AFA has produced files related to a total of 31 comparators who have been disciplined for reasons similar to those for which Plaintiffs were terminated. AFA objects that having to produce files related to the remaining employees, who were disciplined for reasons other than engaging in discriminatory or harassing conduct, would be vexatious and overly burdensome.

RFP 37 seeks documents "relating to any disciplinary proceedings or investigations taken by Alaska Airlines against any employee based on an employee's comments or posts on social media, where AFA was involved in any way in representing or investigating the employee," including but not limited to files belonging to 14 employees identified by name. Barnard Decl., Exs. C & D. In response to this request, AFA has agreed to produce the files of nine employees, who it agrees were disciplined because Alaska perceived their posts as discriminatory. It objects to producing any files related to employees who were disciplined for reasons other than those for which Plaintiffs were terminated.

ORDER GRANTING AFA'S
MOTION FOR PROTECTIVE ORDER

- 2

1   As the Court has previously observed, the Federal Rules authorize discovery of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Among the prescribed considerations is "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. A district court has broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While "[d]iscovery in employment discrimination cases is especially broad," "even in employment discrimination cases, discovery has necessary boundaries and a court must balance the need for potentially relevant information with the burden and expense of producing it." *Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) (citing *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir.1983); *Rich v. Martin*, 522 F.2d 333, 343–44 (10th Cir.1975). Pursuant to Federal Rule of Civil Procedure 26(c), upon a showing of good cause, the district court may issue any protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To obtain a protective order, the moving party bears the burden of showing "good cause" by demonstrating harm or prejudice that will result from the discovery. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

As the parties agree, the proper scope of comparator evidence is evidence related to other employees who are similarly situated in all material respects to a plaintiff. *See Breiterman v. United States Capitol Police,* 324 F.R.D. 24, 30 (D.D.C. 2018) ("Factors that bear on whether someone is an appropriate comparator include…in cases involving discipline, the similarity of their offenses."). Evidence related to employees who are not comparators—who were disciplined for reasons dissimilar and unrelated to the reasons for which Plaintiffs were terminated—is

ORDER GRANTING AFA'S
MOTION FOR PROTECTIVE ORDER

- 3

therefore not relevant, and not within the proper scope of discovery under Federal Rule 26(b)(1). AFA is therefore entitled to the protective order it seeks.

In support of their position, Plaintiffs rely on the Court's previous orders in this case, the Order Granting in Part Alaska's Motion for Protective Order and the Order Denying Alaska's Motion for Reconsideration. Dkt. Nos. 89 and 95. The Court rejects Plaintiffs' position that AFA had an obligation to raise objections regarding the scope of its discovery responses in the context of motions practice to which it was not a party, or that the orders on the scope of discovery as to Alaska necessarily govern the scope of discovery as to this wholly distinct defendant. Clearly there is no technical issue preclusion at play. Furthermore, the burden on AFA of producing documents related to potentially dozens more employees who are not true comparators exceeds the burden on Alaska's witnesses having to respond to a few additional questions in deposition, which has an impact on the Court's "proportionality" calculation under Federal Rule 26(b)(1).

Notably, the Court drew the limitations it did with respect to Alaska under assurances by Plaintiffs that they would not "seek discovery into 'conduct totally dissimilar and unrelated' to the conduct at issue in their case." Order Denying Alaska's Mtn. for Recon. at 2. Yet as AFA has demonstrated to the Court, this is precisely what Plaintiffs are attempting to do. The Court concludes that production of files related to the 31 and nine employees that AFA has agreed to produce in response to RFPs No. 36 and 37, respectively, is in fact "proportional to the needs of this case," and that requiring AFA to produce documents related to additional employees who were disciplined for reasons that are not "similar or related" to those for which Plaintiffs were fired would, conversely, be disproportional to the needs of this case. Accordingly, Defendant AFA's Motion for Protective Order is GRANTED, and its Responses to Plaintiffs' Interrogatory 12 and

ORDER GRANTING AFA'S
MOTION FOR PROTECTIVE ORDER

- 4

Plaintiffs' Requests for Production 36 and 37 are limited to employees—i.e. AFA bargaining unit members—"who were disciplined by Alaska Airlines for violations of Alaska Airlines Flight Attendant Manual Section 7.100, bullet no. 9 and/or Alaska Airlines Our People Policies—Harassment and Discrimination," as requested by AFA.

DATED this 14th day of June, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING AFA'S
MOTION FOR PROTECTIVE ORDER

- 5